THE HONORABLE JUDGE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIELLA SULLIVAN, et al.,<br><br>Plaintiffs,<br><br>-vs-<br><br>BOB FERGUSON, in his official capacity as Washington State Attorney General, et al.,<br><br>Defendants. | NO. 3:22-cv-05403 DGE<br><br>DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED. R. CIV. P. 12(B)(6)<br><br>NOTE ON MOTION CALENDAR: July 15, 2022 |

## I. RELIEF REQUESTED

Defendants Chad Enright and John Gese, by and through their counsel of record Chief Prosecuting Attorney Ione S. George and Senior Deputy Prosecuting Attorney Christine M. Palmer respectfully request that all claims against them be dismissed with prejudice pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6). Plaintiffs' complaint attempts to raise a pre-enforcement challenge to a Washington state law (SB 5078) and attempts to raise claims for violations of the Second Amendment. Plaintiffs' complaint fails as a matter of law because (1) Plaintiffs lack standing to bring a pre-enforcement challenge to SB 5078 and, therefore, this Court lacks subject matter jurisdiction, and (2) the complaint fails to state a claim for relief because SB 5087 is

DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED R. CIV. P. 12(B)(6) (3:22-cv-05403 DGE) – Page 1

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

constitutionally valid under controlling Ninth Circuit precedent and because Plaintiffs have failed to articulate any violation of their Second Amendment rights.

## II.     STATEMENT OF FACTS

Plaintiffs filed their lawsuit on June 3, 2022. Dkt. 1. Plaintiffs' complaint attempts to challenge Engrossed Senate Bill 5078 ("SB 5078") on the basis that it allegedly violates the Second Amendment. According to the complaint, SB 5078 was signed into law by Governor Inslee on March 23, 2022. Dkt. 1, ¶22. The complaint asserts that SB 5078 prohibits the manufacture, import, distribution, sale, or offer for sale of any large capacity magazines. Dkt. 1, ¶22. The complaint alleges that this new law becomes effective on July 1, 2022. Dkt. 1, ¶27.

The complaint names many defendants. Among those named defendants are John Gese, the Kitsap County Sheriff, and Chad Enright, the Kitsap County Prosecutor. John Gese and Chad Enright seek dismissal of all claims brought against them.

## III.     DISMISSAL OF CLAIMS UNDER FED. R. CIV. P. 12(B)(1)

### A.     Legal Standard: Subject Matter Jurisdiction Requires Standing

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). The case-or-controversy requirement is only satisfied if the plaintiff has "standing." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273–74, 128 S. Ct. 2531, 2535 (2008).

In order to have standing a plaintiff must establish the following:

(1) an injury in fact (*i.e.,* a "concrete and particularized" invasion of a "legally protected interest");

DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED R. CIV. P. 12(B)(6) (3:22-cv-05403 DGE) – Page 2

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

(2) causation (*i.e.,* a "'fairly ... trace[able]'" connection between the alleged injury in fact and the alleged conduct of the defendant); and

(3) redressability (*i.e.,* it is "'likely'" and not "merely 'speculative'" that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

*Sprint* at 273–74 (2008) (internal citations omitted). Failure to meet any one of these three criteria constitutes a lack of *Article III* standing and requires dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Nichols v. Brown*, 859 F. Supp. 2d 1118, 1127 (C.D. Cal. 2012).

In ruling on a motion to dismiss for lack of subject matter jurisdiction on the basis of lack of standing, the court "must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Maya v. Centex Corp.,* 658 F.3d 1060, 1068 (9th Cir. 2011).

**B.    The Court Should Dismiss Claims Against Defendants Gese and Enright Because the Court Lacks Subject Matter Jurisdiction as Plaintiffs Have No Standing to Bring Suit**

The Court should dismiss all claims against Defendants Gese and Enright because Plaintiffs cannot establish that the "case or controversy" requirement has been met to provide the court with subject matter jurisdiction over this matter. Plaintiffs' complaint brings a "pre-enforcement" challenge to SB 5078. A "pre-enforcement challenge" is a challenge that is brought to a regulation before a plaintiff has been arrested, prosecuted, or incarcerated under the regulation in question. See *Nichols v. Brown*, 859 F. Supp. 2d 1118, 1127–28 (C.D. Cal. 2012). Ninth Circuit case law is clear that a plaintiff seeking to bring a pre-enforcement challenge must first demonstrate that the "case or controversy" requirement has been established before the plaintiff has standing to proceed and before the court may exercise subject matter jurisdiction. Id.

Plaintiffs' complaint fails to demonstrate a case or controversy because it fails to meet the

DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED R. CIV. P. 12(B)(6)
(3:22-cv-05403 DGE) – Page 3

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

first element of establishing a case or controversy; that is, an "injury in fact." To bring a pre-enforcement challenge, a plaintiff must demonstrate that there is an "injury-in-fact." *Id*. To show injury-in-fact, a pre-enforcement plaintiff must show a "genuine threat of imminent prosecution," and not the "mere possibility of criminal sanctions." *Id.* quoting *San Diego County Gun Rights Comm. v. Reno,* 98 F.3d 1121, 1126 (9th Cir.1996). In determining the genuineness of a claimed threat of prosecution, the plaintiff must show three things: (1) the plaintiff has articulated a "concrete plan" to violate the law; (2) "prosecuting authorities have communicated a specific warning or threat to initiate proceedings;" and (3) a "history of past prosecution or enforcement under the challenged statute." *Nichols* at 1128 citing *Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1139 (9th Cir. 2000) (*en banc*). Plaintiffs' complaint fails with regard to all three considerations.

The complaint fails to articulate a "concrete plan" to violate the law by any Plaintiff. The complaint alleges that Ms. Sullivan has a "present intention and desire to purchase additional standard capacity magazines capable of holding more than 10 rounds of ammunition after the Act's effective date" Dkt. 1, ¶56. The complaint does not indicate from whom Ms. Sullivan will purchase these magazines nor does it suggest that there are any sellers who would be willing to violate the new law by selling the prohibited magazines to her. This complaint suggests that Ms. Sullivan has a general intention to violate the law but no concrete plan to do so. With regard to Plaintiff Daniel Martin, the complaint alleges that he has "plans to purchase additional firearms equipped with standard capacity magazines exceeding 10 rounds in the future, including after the Act's effective date, <u>were it not a crime to do so</u>." Dkt. 1, ¶67 (underline added). This pleading suggests that Mr. Martin does <u>not</u> intend to violate the law. With regard to Plaintiff Rainier Arms, the complaint alleges that Rainier Arms has a "present intention and desire to continue to sell standard capacity

DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED R. CIV. P. 12(B)(6)
(3:22-cv-05403 DGE) – Page 4

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

magazines" but that when the Act becomes effective, "it will be forced to stop selling standard capacity magazines." Dkt. 1, ¶60. This pleading suggests that Rainier Arms does <u>not</u> intent to violate the law. Accordingly, the complaint fails to articulate any concrete plan by any Plaintiff to violate the law as required to establish a case or controversy with regard to the enforcement of or prosecution under SB 5078.

The complaint is also silent regarding the other two factors necessary to establish a case or controversy. The complaint contains no factual allegations to suggest any warnings or threats of prosecution from either Defendant Gese or Enright under the regulation. Finally, there is no discussion of a history of past enforcement by Defendants Gese or Enright. This last criterion ***cannot*** be met because the regulation in question is not yet in effect. Because the complaint is silent as to all three of these considerations, Plaintiffs have failed to plead an injury-in-fact and, therefore, lack standing to bring a pre-enforcement challenge to SB 5078.

Because Plaintiffs lack standing to bring this action against Defendants Gese and Enright, their claims must be dismissed.

### IV. DISMISSAL OF CLAIMS UNDER FED. R. CIV. P. 12(B)(6)

Not only must the Court dismiss Plaintiffs' complaint for lack of subject matter jurisdiction, but the Court must also dismiss Plaintiffs' complaint on the basis that it fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

**A.    Legal Standard**

The Court must dismiss a complaint as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6) where the complaint fails "to state a claim upon which relief can be granted." A complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). When considering

DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED R. CIV. P. 12(B)(6)
(3:22-cv-05403 DGE) – Page 5

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

a Rule 12(b)(6) motion to dismiss, the Court presumes all material factual allegations to be true and draws reasonable inferences in favor of the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, the Court is not required to accept as true any conclusory allegations of law, and unwarranted deductions of fact, or unreasonable inferences. *Id.*

To state a claim on which relief may be granted, Plaintiffs must go beyond an "unadorned, the-defendant-harmed-me accusation[s]," "labels and conclusions," and "naked assertions devoid of further factual enhancement." *Iqbal* at 678 (internal citations omitted). While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Id*. at 664. Factual allegations themselves must be enough to demonstrate a plausible right to relief that is "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Finally, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *AE ex rel. Hernandez v. Cnty of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

B.  **The Court Should Dismiss Plaintiffs' Claims Because Plaintiffs Have Failed to State a Claim Upon Which Relief Can Be Granted**

The complaint attempts to assert claims for declaratory relief, injunctive relief, and damages under 42 U.S.C. § 1983 for alleged constitutional violations. Plaintiffs' complaint fails to state a claim for relief in any regard and must be dismissed with prejudice.

1.  **Complaint Fails to State a Claim for Declaratory or Injunctive Relief**

Plaintiffs seek a declaration that SB 5078 is unconstitutional and an injunction prohibiting

DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED R. CIV. P. 12(B)(6)
(3:22-cv-05403 DGE) – Page 6

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

the enforcement of this law. However, Plaintiffs' complaint fails to state a claim for declaratory or injunctive relief as a matter of law because the Ninth Circuit has already ruled that restrictions and bans on large capacity magazines, such as those imposed by SB 5078, do not violate the Second Amendment and are not unconstitutional.

In *Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021), the Ninth Circuit considered a Second Amendment challenge to California's ban on the possession of large capacity magazines with the capacity to accept more than 10 rounds. In nearly all ways relevant to this motion, the California law is similar to SB 5078. In *Duncan*, the district court initially ruled that the California law violated the Second Amendment. *Duncan* at 1098-99. A panel of the Ninth Circuit Court of Appeals then initially affirmed this ruling. *Id.* However, after the Ninth Circuit granted rehearing of the issue *en banc*, it vacated the panel's prior opinion. *Id.* Applying intermediate scrutiny to the law, the Court ruled as follows:

> California's ban on large-capacity magazines imposes only a minimal burden on the exercise of the Second Amendment right. The law has no effect whatsoever on which firearms may be owned; as far as the challenged statute is concerned, anyone may own any firearm at all. Owners of firearms also may possess as many firearms, bullets, and magazines as they choose.

*Duncan* at 1104. The Ninth Circuit recognized in *Duncan* that a ban on certain **magazines** does not limit or effect, in any way, the possession of ***firearms***. Accordingly, under current Ninth Circuit precedent, a ban on large capacity magazines does not violate the Second Amendment. Critically, all circuit courts that have considered challenges to similar laws have rejected similar Second Amendment challenges. See *Duncan* at 1099.

The complaint acknowledges the existence of this binding precedent and simply asserts that "Plaintiffs believe that case was wrongly decided." A plaintiff's "belief" is not sufficient to overcome binding precedent. The Ninth Circuit has already determined that regulations like SB

DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED R. CIV. P. 12(B)(6)
(3:22-cv-05403 DGE) – Page 7

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

5078 do not violation the Second Amendment. As a matter of law, Plaintiffs' challenge to SB 5078 fails. Plaintiffs are not entitled to relief and cannot plausibly state any claim for relief based upon a Second Amendment challenge to SB 5078. For this reason, Plaintiffs' claims must be dismissed with prejudice.

2.  **Complaint Fails to State a Claim for Relief Under 42 U.S.C. § 1983 or § 1988**

Plaintiffs' complaint references both 42 U.S.C. § 1983 and 42 U.S.C. § 1988 yet fails to assert any claim for relief under these statutes.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

42 U.S.C. § 1983 "is not itself a source of substantive rights," but rather provides "a method of vindicating federal rights elsewhere conferred." *Graham v. Connor,* 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). 42 U.S.C. § 1988 is the mechanism through which successful civil rights litigants bringing claims under § 1983 can receive an award of attorney fees. See *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933 (1983).

To plead a § 1983 claim, a plaintiff must set forth facts in support of the following elements: (1) the conduct complained of must have been under color of state law, and (2) the conduct must have subjected the plaintiff to a deprivation of constitutional rights." *Jones v. Community Redevelopment Agency of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). "A prerequisite to recovery under the Civil Rights Act, 42 U.S.C. § 1983, is that the plaintiff prove that the defendants deprived him of a right secured by the Constitution and the laws of the United States." *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). Liability under § 1983 can only arise against a

DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED R. CIV. P. 12(B)(6)
(3:22-cv-05403 DGE) – Page 8

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

defendant upon a showing of personal participation by that defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To show personal participation, a plaintiff must allege that a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiffs' complaint is deficient and fails to state a § 1983 claim against Defendants Enright or Gese. The complaint contains no facts to suggest that either of these defendants engaged in any conduct that deprived Plaintiffs of their rights under the Second Amendment. In fact, the complaint contains no factual allegations at all regarding either of these defendants, other than to state their position as government officials. No amendment of Plaintiffs' claims can fix these deficiencies. Plaintiffs cannot legally hold a county prosecutor or a county sheriff responsible for the enactment of a state statute. For this reason, the complaint fails to state a § 1983 claim under Fed. R. Civ. 12(b)(6) and must be dismissed with prejudice.

## V.   CONCLUSION

For the reasons set forth above, Plaintiffs' complaint should be dismissed with prejudice and without leave to amend.

Respectfully submitted this 21st day of June, 2022.

             CHAD M. ENRIGHT
             Kitsap County Prosecuting Attorney

             */s/ Christine M. Palmer*
             IONE S. GEORGE, WSBA No. 18236
             Chief Deputy Prosecuting Attorney
             CHRISTINE M. PALMER, WSBA No. 42560
             Senior Deputy Prosecuting Attorney
             Attorneys for Defendants Chad M. Enright and
             John Gese

DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED R. CIV. P. 12(B)(6) (3:22-cv-05403 DGE) – Page 9

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

CERTIFICATE OF SERVICE

I certify that on June 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Cody J. Wisniewski<br>Mountain States Legal Foundation<br>2596 S Lewis Way<br>Lakewood, CO 80227<br>cody@mslegal.org | Joel B. Ard<br>Ard Law Group PLLC<br>PO Box 11633<br>Bainbridge Island, WA 98110<br>joel@ard.law |
| David H. Thompson<br>Peter A. Patterson<br>William Bergstrom<br>Cooper & Kirk PLLC<br>1523 New Hampshire Ave NW<br>Washington, DC 20036<br>dthompson@cooperkirk.com<br>ppatterson@cooperkirk.com<br>wbergstrom@cooperkirk.com | R. July Simpson<br>William McGinty<br>Attorney General's Office<br>7141 Cleanwater Dr. SW<br>PO Box 40111<br>Olympia, WA 98504-0100<br>July.Simpson@atg.wa.gov<br>william.mcginty@atg.wa.gov |
| Kristin Beneski<br>Attorney General's Office<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104-3188<br>kristin.beneski@atg.wa.gov | Jeffrey T. Even<br>Attorney General's Office<br>1125 Washington St. SE<br>PO Box 40100<br>Olympia, WA 98504-0100<br>Jeffrey.Even@atg.wa.gov |

SIGNED in Port Orchard, Washington this 21st day of June, 2022.

*Batrice Fredsti*
Batrice Fredsti, Paralegal
Kitsap County Prosecutor's Office
614 Division Street, MS-35A
Port Orchard WA 98366
Phone: 360-337-7032

DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED R. CIV. P. 12(B)(6) (3:22-cv-05403 DGE) – Page 10

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros