THE HONORABLE JUDGE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIELLA SULLIVAN, et al.,<br><br>Plaintiffs,<br><br>-vs-<br><br>BOB FERGUSON, in his official capacity as<br>Washington State Attorney General, et al.,<br><br>Defendants. | NO.  3:22-cv-05403 DGE<br><br>DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED. R. CIV. P. 12(B)(6)<br><br>NOTE ON MOTION CALENDAR: July 29, 2022 |

## I.    RELIEF REQUESTED

Defendants Chad Enright and John Gese, by and through their counsel of record Chief Prosecuting Attorney Ione S. George and Senior Deputy Prosecuting Attorney Christine M. Palmer respectfully request that all claims against them be dismissed with prejudice pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6). Plaintiffs' complaint attempts to raise a pre-enforcement challenge to a Washington state law (SB 5078) and attempts to raise claims for violations of the Second Amendment. Plaintiffs' complaint fails as a matter of law pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiffs lack standing to bring a pre-enforcement challenge to SB 5078 against Defendants Enright and Gese and, therefore, this Court lacks subject matter jurisdiction. In

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

addition, any and all claims against Defendants Enright and Gese brought under 42 U.S.C. § 1984 and 42 U.S.C. § 1988 should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiffs have failed to articulate how any named defendant has engaged in any Second Amendment violation.

## II.     STATEMENT OF FACTS

Plaintiffs filed their lawsuit on June 3, 2022. Dkt. 1. Defendants Enright and Gese filed and noted a motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 30. On July 1, 2022, Plaintiffs filed an amended complaint ("Complaint"). Dkt. 42. Upon review of the amended complaint, Defendants Enright and Gese still found the complaint inadequate under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Defendants withdrew their initial motion and then filed this motion in order to fully address the amended complaint.

Plaintiffs' Complaint attempts to challenge Engrossed Senate Bill 5078 ("SB 5078") on the basis that it allegedly violates the Second Amendment. According to the complaint, SB 5078 was signed into law by Governor Inslee on March 23, 2022. Dkt. 42, ¶24. The Complaint asserts that SB 5078 prohibits the manufacture, import, distribution, sale, or offer for sale of any large capacity magazines. Dkt. 42, ¶24. The Complaint alleges that this new law became effective on July 1, 2022. Dkt. 42, ¶29. The Complaint does not allege that the mere possession of a large capacity magazine (i.e., large capacity magazines purchased before the law went into effect) is prohibited under SB 5078. The Complaint does not allege that the new law prohibits or restricts one's ability to use large capacity magazines in competitions, at a shooting facility, or through any other lawful means.

The complaint names many defendants. Among those named defendants are John Gese, the Kitsap County Sheriff, and Chad Enright, the Kitsap County Prosecutor. John Gese and Chad

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

Enright seek dismissal of all claims brought against them.

### III.     DISMISSAL OF CLAIMS UNDER FED. R. CIV. P. 12(B)(1)

**A.     Legal Standard: Subject Matter Jurisdiction Requires Standing**

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). The case-or-controversy requirement is only satisfied if the plaintiff has "standing." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273–74, 128 S. Ct. 2531, 2535 (2008).

In order to have standing a plaintiff must establish the following:

(1) an injury in fact (*i.e.,* a "concrete and particularized" invasion of a "legally protected interest");

(2) causation (*i.e.,* a "'fairly ... trace[able]'" connection between the alleged injury in fact and the alleged conduct of the defendant); and

(3) redressability (*i.e.,* it is "'likely'" and not "merely 'speculative'" that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

*Sprint* at 273–74 (2008) (internal citations omitted). Failure to meet any one of these three criteria constitutes a lack of *Article III* standing and requires dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Nichols v. Brown*, 859 F. Supp. 2d 1118, 1127 (C.D. Cal. 2012). The party invoking federal jurisdiction bears the burden of establishing these elements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130 (1992).

In ruling on a motion to dismiss for lack of subject matter jurisdiction on the basis of lack of standing, the court "must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Maya v. Centex Corp.,* 658 F.3d 1060,

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

1068 (9th Cir. 2011).

**B.    The Court Should Dismiss Claims Against Defendants Gese and Enright Because the Court Lacks Subject Matter Jurisdiction as Plaintiffs Have No Standing to Bring Suit**

The Court should dismiss all claims against Defendants Gese and Enright because Plaintiffs cannot establish that the "case or controversy" requirement has been met to provide the court with subject matter jurisdiction over this matter. Plaintiffs' Complaint brings a "pre-enforcement" challenge to SB 5078. A "pre-enforcement challenge" is a challenge that is brought to a regulation before a plaintiff has been arrested, prosecuted, or incarcerated under the regulation in question. See *Nichols v. Brown*, 859 F. Supp. 2d 1118, 1127–28 (C.D. Cal. 2012). Ninth Circuit case law is clear that a plaintiff seeking to bring a pre-enforcement challenge must first demonstrate that the "case or controversy" requirement has been established before the plaintiff has standing to proceed and before the court may exercise subject matter jurisdiction. *Id.*

Plaintiffs' complaint fails to demonstrate a case or controversy because it fails to meet the first element of establishing a case or controversy; that is, an "injury in fact." To bring a pre-enforcement challenge, a plaintiff must demonstrate that there is an "injury-in-fact." *Id*. In the Ninth Circuit, to show injury-in-fact, a pre-enforcement plaintiff must show a "genuine threat of imminent prosecution," and not the "mere possibility of criminal sanctions." *Id.* quoting *San Diego County Gun Rights Comm. v. Reno,* 98 F.3d 1121, 1126 (9th Cir. 1996). In determining the genuineness of a claimed threat of prosecution, the plaintiff must show three things: (1) the plaintiff has articulated a "concrete plan" to violate the law; (2) "prosecuting authorities have communicated a specific warning or threat to initiate proceedings;" and (3) a "history of past prosecution or enforcement under the challenged statute." *Nichols* at 1128 citing *Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1139 (9th Cir. 2000) (*en banc*). Plaintiffs'

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

complaint fails with regard to all three considerations.

### 1. Complaint Fails To Articulate A "Concrete Plan" to Violate the Law

The Complaint fails to demonstrate that there is an injury-in-fact sufficient to subject this case to the court's jurisdiction because the Complaint fails to articulate that any plaintiff has a concrete plan to violate the law. In analyzing a plaintiff's intent to engage in a future plan to violate the law, courts distinguish between "someday" intentions and concrete plans. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992). For a federal court to have jurisdiction, the case must not be dependent on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257 (1998) (internal quotation marks omitted). The Complaint fails to articulate a ripe case or controversy because it fails to articulate a "concrete plan" to violate the law by any Plaintiff.

The Complaint fails to articulate that Plaintiff Sullivan has a "concrete plan" to violate the law. The complaint alleges that Ms. Sullivan has a "present intention and desire to purchase additional standard capacity magazines capable of holding more than 10 rounds of ammunition for use with the firearms she currently owns." Dkt. 42, ¶59. However, the allegation of an intention and desire to violate the law is not the same as a concrete plan to violate the law.

With regard to Plaintiff Daniel Martin, the Complaint alleges that he "intends to purchase new standard capacity magazines exceeding 10 rounds," (Dkt. 42, ¶70), and that he "intends to use additional standard capacity magazines and firearms equipped with the same for sport shooting, self-defense, and other lawful purposes" (Dkt. 42, ¶71). The Complaint suggests that he intends to purchase large capacity magazines in the future to replace or fix the ones he currently owns when they break or become worn out. Dkt. 42, ¶70. Again, the Complaint only suggests a future intention to violate the law conditioned upon potential future events. The Complaint does not allege a

DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED. R. CIV. P.
12(B)(6) (3:22-cv-05403 DGE) – Page 5

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

concrete plan to violate the law.

With regard to Plaintiff Rainier Arms, the complaint alleges that Rainier Arms has a "present intention and desire to continue to sell standard capacity magazines" but that when the Act became effective, it has been "forced to stop selling standard capacity magazines." Dkt. 42, ¶63. This pleading suggests that Rainier Arms does not intent to violate the law at all and that it has, in fact, chosen not to violate the law. The Complaint suggests that Rainier Arms has lost, and will continue to lose, profits as a direct result of SB 5078. However, to the extent Rainier Arms is claiming lost profits as an "injury-in-fact," plaintiffs still have no standing to pursue this claim against Defendants Enright or Gese. A plaintiff who can articulate an "injury-in-fact" must still demonstrate the element of causation, i.e., that the injury can be fairly traceable to the conduct of the defendant. *Sprint* at 273–74 (2008). There are no facts to suggest that any alleged lost profits were caused by any conduct of Defendant Enright or Gese who neither enacted SB 5078 nor have enforced SB 5078 against any entity or individual.

The Complaint is silent with regard to any plan by Plaintiffs Second Amendment Foundation or Firearms Policy Coalition, Inc. to violate the law. The Complaint is also silent with regard to any injury-in-fact suffered by these entities.

Because the Complaint fails to articulate any concrete plan by any plaintiff to violate the law as required to establish a case or controversy with regard to the enforcement of or prosecution under SB 5078, the claims against Defendants Gese and Enright must be dismissed.

### 2.  Complaint Fails to Articulate Valid Threat of Prosecution or History of Past Enforcement

The Complaint is also silent regarding the other two factors necessary to establish an injury-in-fact for a pre-enforcement challenge, i.e., warning or threats of prosecution and a history

DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED. R. CIV. P.
12(B)(6) (3:22-cv-05403 DGE) – Page 6

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992    Fax (360) 337-7083
www.kitsapgov.com/pros

of past enforcement. The Complaint contains no factual allegations to suggest that either Defendant Gese or Enright made any warnings or threats of prosecution under the new regulation. Finally, there is no discussion of a history of past enforcement by Defendants Gese or Enright. Because the complaint is silent as to these considerations, Plaintiffs have failed to plead an injury-in-fact and, therefore, lack standing to bring a pre-enforcement challenge to SB 5078.

Because Plaintiffs lack standing to bring this action against Defendants Gese and Enright, their claims must be dismissed.

## IV.    DISMISSAL OF 42 U.S.C. § 1983 CLAIMS UNDER FED. R. CIV. P. 12(B)(6)

Not only must the Court dismiss Plaintiffs' claims against Defendants Enright and Gese for lack of subject matter jurisdiction, but the Court must also dismiss Plaintiffs' 42 U.S.C. § 1983 claims, including all claims for damages and attorney fees under 42 U.S.C. § 1988, on the basis that the Complaint fails to state any valid claim for relief.

### A.    <u>Legal Standard</u>

The Court must dismiss a complaint as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6) where the complaint fails "to state a claim upon which relief can be granted." A complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). When considering a Rule 12(b)(6) motion to dismiss, the Court presumes all material factual allegations to be true and draws reasonable inferences in favor of the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, the Court is not required to accept as true any conclusory allegations of law, and unwarranted deductions of fact, or unreasonable inferences. *Id.*

To state a claim on which relief may be granted, Plaintiffs must go beyond an "unadorned,

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

1  the-defendant-harmed-me accusation[s]," "labels and conclusions," and "naked assertions devoid

2  of further factual enhancement." *Iqbal* at 678 (internal citations omitted). While legal conclusions

3  can provide the complaint's framework, they must be supported by factual allegations. *Id*. at 664.

4  Factual allegations themselves must be enough to demonstrate a plausible right to relief that is

5  "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

6

7       Finally, the complaint "must contain sufficient allegations of underlying facts to give fair

8  notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest

9  an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to

10 the expense of discovery and continued litigation." *AE ex rel. Hernandez v. Cnty of Tulare*, 666

11 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

12

13 **B.** **The Court Should Dismiss Plaintiffs' 42 U.S.C. §1 983 Claims Because Plaintiffs Have**
   **Failed to State a Claim Upon Which Relief Can Be Granted**

14

15       The complaint attempts to assert claims for damages and attorney fees under 42 U.S.C.

16 §1983 and §1988 for alleged constitutional violations. Plaintiffs' complaint fails to state a valid

17 claim for relief under 42 U.S.C. §1983 and §1988 and, therefore, Plaintiffs' claims against

18 Defendants Enright and Gese must be dismissed with prejudice.

19

20       Plaintiffs' Complaint references both 42 U.S.C. §1983 ("§1983") and 42 U.S.C. §1988 yet

21 fails to assert any facts to support a claim for relief under these statutes.

22

23       42 U.S.C. § 1983 provides:

24       Every person who, under color of any statute, ordinance, regulation, custom,
         or usage, of any State ... causes to be subjected, any citizen of the United
25       States ... to the deprivation of any rights, privileges, or immunities secured
         by the Constitution and laws, shall be liable to the party injured in an action
26       at law[.]

27 42 U.S.C. § 1983 "is not itself a source of substantive rights," but rather provides "a method of

28

---

DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED. R. CIV. P.
12(B)(6) (3:22-cv-05403 DGE) – Page 8

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

vindicating federal rights elsewhere conferred." *Graham v. Connor,* 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). 42 U.S.C. §1988 is the mechanism through which successful civil rights litigants bringing claims under §1983 can receive an award of attorney fees. See *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933 (1983).

To plead a §1983 claim, a plaintiff must set forth facts in support of the following elements: (1) the conduct complained of must have been under color of state law, and (2) the conduct must have subjected the plaintiff to a deprivation of constitutional rights." *Jones v. Community Redevelopment Agency of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). "A prerequisite to recovery under the Civil Rights Act, 42 U.S.C. § 1983, is that the plaintiff prove that the defendants deprived him of a right secured by the Constitution and the laws of the United States." *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). Liability under §1983 can only arise against a defendant upon a showing of ***personal participation*** by that defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To show personal participation, a plaintiff must allege that a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiffs' complaint is deficient and fails to state a §1983 claim against Defendants Enright or Gese. The complaint contains no facts to suggest that either of these defendants engaged in any conduct that deprived Plaintiffs of their rights under the Second Amendment. In fact, the complaint contains no factual allegations at all regarding either of these defendants, other than to state their position as government officials. No amendment of Plaintiffs' claims can fix these deficiencies. Plaintiffs cannot legally hold a county prosecutor or a county sheriff responsible for the enactment of a state statute. For this reason, the complaint fails to state a §1983 claim under Fed. R. Civ.

DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED. R. CIV. P. 12(B)(6) (3:22-cv-05403 DGE) – Page 9

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

12(b)(6), fails to articulate a basis for damages or fees under §1988, and must be dismissed with prejudice.

## V.     CONCLUSION

For the reasons set forth above, Plaintiffs' claims against Defendants Gese and Enright should be dismissed with prejudice.

Respectfully submitted this 6th day of July, 2022.

CHAD M. ENRIGHT
Kitsap County Prosecuting Attorney

*/s/ Christine M. Palmer*
IONE S. GEORGE, WSBA No. 18236
Chief Deputy Prosecuting Attorney
CHRISTINE M. PALMER, WSBA No. 42560
Senior Deputy Prosecuting Attorney
Attorneys for Defendants Chad M. Enright and John Gese

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

CERTIFICATE OF SERVICE

I certify that on July 6, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Cody J. Wisniewski
Mountain States Legal Foundation
2596 S Lewis Way
Lakewood, CO 80227
cody@mslegal.org

Joel B. Ard
Ard Law Group PLLC
PO Box 11633
Bainbridge Island, WA 98110
joel@ard.law

David H. Thompson
Peter A. Patterson
William Bergstrom
Cooper & Kirk PLLC
1523 New Hampshire Ave NW
Washington, DC 20036
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

R. July Simpson
William McGinty
Attorney General's Office
7141 Cleanwater Dr. SW
PO Box 40111
Olympia, WA 98504-0100
July.Simpson@atg.wa.gov
william.mcginty@atg.wa.gov

Kristin Beneski
Andrew Hughes
Brian Hunt Rowe
Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
kristin.beneski@atg.wa.gov
Andrew.Hughes@atg.wa.gov
Brian.Rowe@atg.wa.gov

Jeffrey T. Even
Attorney General's Office
1125 Washington St. SE
PO Box 40100
Olympia, WA 98504-0100
Jeffrey.Even@atg.wa.gov

David J. Hackett
Ann M. Summers
King County Prosecutor's Office
1191 Second Avenue, Suite 1700
Seattle, WA 98101
david.hackett@kingcounty.gov
ann.summers@kingcounty.gov

SIGNED in Port Orchard, Washington this 6th day of July, 2022.

*Batrice Fredsti*

Batrice Fredsti, Paralegal
Kitsap County Prosecutor's Office
614 Division Street, MS-35A
Port Orchard WA  98366
Phone: 360-337-7032

DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED. R. CIV. P.
12(B)(6) (3:22-cv-05403 DGE) – Page 11

CHAD M. ENRIGHT
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros