HONORABLE DAVID G. ESTUDILLO

1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

| GABRIELLA SULLIVAN, et al., | No. 3:22-cv-05403-DGE |
|---|---|
| Plaintiffs, | ALLIANCE FOR GUN RESPONSIBILITY'S MOTION TO INTERVENE AS A DEFENDANT |
| v. | |
| BOB FERGUSON, et al., | NOTE ON MOTION CALENDAR: JULY 29, 2022 |
| Defendants. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT
3:22-cv-05403-DGE

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# TABLE OF CONTENTS

I.      INTRODUCTION ......................................................................................1

II.     FACTS ....................................................................................................2

        A.  ESSB 5078's Purpose and Scope ...........................................................2

        B.  The Alliance Was the Primary Organizer of Support for Passage
            of ESSB 5078 .........................................................................................3

        C.  Plaintiffs' Lawsuit ................................................................................4

III.    ARGUMENT ...........................................................................................4

        A.  The Alliance Is Entitled to Intervene as of Right .................................5

            1.  The Alliance's intervention is timely.................................................5
            2.  The Alliance has an interest in the subject of this action................6
            3.  The lawsuit's outcome may significantly impair the
                Alliance's interest ........................................................................6
            4.  The Alliance's interest may not be fully represented
                by Defendants ..............................................................................7

        B.  In the Alternative, the Court Should Grant Permissive
            Intervention ...........................................................................................10

            1.  The Alliance's defense shares common questions of law
                and fact........................................................................................11
            2.  The remaining requirements are met or inapplicable ...................12
            3.  Additional factors weigh in favor of permissive intervention .......12

IV.     CONCLUSION .......................................................................................12

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT
3:22-cv-05403-DGE

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

## I.    INTRODUCTION

2      The Alliance for Gun Responsibility (the "Alliance") seeks to intervene in this lawsuit to

3   defend the constitutionality of a common-sense firearm law that it spent six years working to enact.

4   Engrossed Senate Bill 5078 ("ESSB 5078" or the "Law") seeks to improve public safety and

5   reduce gun violence by limiting the manufacture, import, and sale of large-capacity magazines

6   ("LCMs"), which allow more than 10 shots to be fired from a gun without reloading. Over the past

7   six years, the Alliance actively assisted in developing and researching these limits and ultimately

8   was the primary organizer of public support for passage of ESSB 5078. The Alliance coordinated

9   tens of thousands of communications to legislators and facilitated the testimony of both experts

10  and citizens in support of the bill. Having invested considerable organizational resources to

11  achieve ESSB 5078's enactment, the Alliance now seeks to defend the Law against Plaintiffs' suit

12  seeking to undo its work and strike down the Law.

13      Intervention as of right is warranted. First, this Motion is timely and will not cause undue

14  delay or prejudice to the other parties: the lawsuit was initiated only six weeks ago, the Amended

15  Complaint was filed two weeks ago, no Defendant has filed an answer, and the Court has not made

16  any substantive rulings. Second, as noted above, the Alliance has a significant interest in the

17  subject of this action that will be significantly impaired absent intervention. Third, there is no

18  assurance that the Alliance's interest can be fully represented by the existing Defendants,

19  especially in light of *New York State Rifle and Pistol Association, Inc. v. Bruen*, 142 S. Ct 2111

20  (2022), which created a new legal standard for analyzing Second Amendment claims. The Court

21  would benefit from the Alliance's perspective on applying this new framework to the Law. Further,

22  the Alliance has unique and valuable expertise with respect to firearms and gun violence.

23

24

25

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 1
3:22-cv-05403-DGE

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

26

1    Alternatively, permissive intervention is also appropriate. The Alliance's defense of ESSB

2    5078 has common questions of law and fact with this litigation—namely, whether the Law is

3    constitutional—and permissive intervention's other requirements are either met or inapplicable.

4    Accordingly, the Alliance requests that this Court permit it to intervene as a defendant.

5                                    **II.    FACTS**

6    **A.  ESSB 5078's Purpose and Scope**

7         On March 8, 2022, the Washington Legislature passed ESSB 5078, and on March 23,

8    Governor Jay Inslee signed the bill into law. The purpose of ESSB 5078 is straightforward: to

9    increase public health and safety and reduce gun violence. 2022 Wash. Laws ch. 104, § 1. The

10   Law seeks to accomplish that goal by limiting the manufacture, import, distribution, and sale of

11   LCMs, which enable semi-automatic handguns, semi-automatic assault rifles, and other types of

12   firearms to shoot more than 10 rounds of ammunition without reloading. *Id*.

13        As the Legislature found in enacting the Law, firearms equipped with LCMs are far more

14   deadly—especially when used in mass shootings—because they allow a shooter to continually fire

15   for longer periods of time without having to pause to reload. *Id*. It is therefore of little surprise that

16   LCMs were used in all but 10 of the deadliest mass shootings between 2009 and March 2022. *Id*.

17   And recent mass shootings in which the perpetrators used LCMs caused twice as many deaths and

18   14 times as many injuries. *Id*. When shooters pause to reload—as they must do more often when

19   using smaller capacity magazines—victims have more opportunity to escape, and bystanders and

20   law enforcement have more opportunity to intervene and disarm the shooter. *See id*.

21        ESSB 5078 regulates LCMs in two respects. First, it prohibits as a gross misdemeanor any

22   person in Washington from manufacturing, importing, distributing, selling, or offering to sell an

23   LCM, with exceptions for (1) the armed forces of the State or the United States; (2) law

24

25   ALLIANCE FOR GUN RESPONSIBILITY'S
     MOTION TO INTERVENE AS DEFENDANT - 2
     3:22-cv-05403-DGE

26

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    enforcement agencies in Washington; or (3) out-of-state sale or transfer by a licensed firearms

2    dealer. *Id.* § 3 (to be codified at RCW ch. 9.41). Second, ESSB 5078 makes it an "unfair or

3    deceptive act or practice or unfair method of competition" under Washington's Consumer

4    Protection Act, RCW ch. 19.86, to distribute, sell, offer for sale, or facilitate sale, distribution, or

5    transfer of an LCM online. *Id.* § 4 (to be codified at RCW ch. 9.41).

6        **B.  The Alliance Was the Primary Organizer of Support for Passage of ESSB 5078**

7          The Alliance is a Seattle-based nonprofit organization dedicated to ending gun violence

8    and promoting a culture of gun ownership that balances rights with responsibilities. Declaration of

9    Renée Hopkins ("Hopkins Decl.") ¶ 2. In collaboration with local and national experts, civic

10    leaders, and citizens, the Alliance identifies and advocates for evidence-based solutions to the

11    crisis of gun violence and promotes those solutions at the local, regional, and state levels. *Id.*

12          The Alliance has successfully led statewide coalitions to pass several landmark ballot

13    measures to improve Washington's firearm laws. *Id.* ¶ 3. Those measures include Initiative

14    Measure 594, which required background checks for all gun sales—closing a loophole that had

15    allowed sales by "private sellers" at gun shows, on the internet, and in other situations without

16    background checks. *Id.* They also include Initiative Measure 1491, which allowed courts to issue

17    Extreme Risk Protections Orders ("ERPOs") at the request of law-enforcement officers, family

18    members, and others to keep firearms out of the hands of someone deemed a danger to themselves

19    or others. *Id.* And in 2018, the Alliance successfully led the campaign—through a political

20    committee it established—for Initiative Measure No. 1639, which established requirements for

21    firearm safety training, adopted a 10-day waiting period to purchase a semi-automatic assault

22    rifles, and raised the age for purchase of semi-automatic assault rifles from 18 to 21. *Id.* In lawsuits

23    filed in this Court, the Alliance intervened to defend the legality of I-594 and I-1639. *Id.* ¶ 4.

24

25

26

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 3
3:22-cv-05403-DGE

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

With respect to LCMs specifically, the Alliance spent more than six years working to enact the restrictions that ultimately were contained in ESSB 5078. *Id.* ¶ 5. The Alliance actively assisted in policy research and development, assisted in drafting proposed bill language, and recruited experts to provide analysis of and legislative testimony on the special dangers of LCMs and the efficacy of restrictions on their sale and distribution. *Id.* The Alliance also was the primary organizer of public support for passage of ESSB 5078, coordinating thousands of advocates in support of the bill and tens of thousands of communications direct to legislators. *Id.* Alliance staff and board members also testified in support of the Law. *Id.* In an acknowledgment of the Alliance's leading role, its CEO and members attended the signing ceremony for the Law. *Id.* ¶ 6.

### C.  Plaintiffs' Lawsuit

On June 3, 2022, Plaintiffs filed their Complaint in this matter challenging the legality of ESSB 5078 under the Second and Fourteenth Amendments. Dkt. #1. On July 1, a First Amended Complaint was filed. Dkt. #42. On July 6, 2022, Defendants Gese and Enright—the Kitsap County Sheriff and Prosecuting Attorney, respectively—moved to dismiss all claims against them. Dkt. #44. Defendants Enright and Gese argue that Plaintiffs "lack standing to bring a pre-enforcement challenge to SB 5078 against [them]" and that the Amended Complaint "fails to state a § 1983 claim against [them]." Dkt. #44 at 1, 9. No other Defendant has answered the Amended Complaint, no discovery has been propounded, and no substantive ruling has been made.

No Defendant who has appeared opposes the Alliance's intervention. Plaintiffs do object.

### III.    ARGUMENT

A party may intervene in an action either as a matter of right or by permission. Fed. R. Civ. P. 24. This rule "has received a liberal construction in favor of applications for intervention."

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 4
3:22-cv-05403-DGE

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983) (cleaned up). Intervention is

2    warranted here under either standard.

3        **A.  The Alliance Is Entitled to Intervene as of Right**

4        Under Federal Civil Rule of Procedure 24(a), "[o]n timely motion, the court *must* permit

5    anyone to intervene who . . . claims an interest relating to the property or transaction that is the

6    subject of the action, and is so situated that disposing of the action may as a practical matter impair

7    or impede the movant's ability to protect its interest, unless existing parties adequately represent

8    that interest." (emphasis added.) From this rule, the Ninth Circuit has set out "four requirements

9    for intervention as of right: [1] timeliness; [2] an interest relating to the subject of the action;

10   [3] practical impairment of the party's ability to protect that interest; and [4] inadequate

11   representation by the parties to the suit." *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397

12   (9th Cir. 1995) (cleaned up). This rule "is construed broadly in favor of the applicants." *Id*. Because

13   each requirement is met here, the Alliance has a right to intervene under Rule 24(a).

14        **1.  The Alliance's intervention is timely**

15        In evaluating timeliness, the Ninth Circuit considers: (1) the stage of the proceedings;

16   (2) the prejudice to the other parties; and (3) the reason for and length of delay before moving for

17   intervention. *See Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007). Existing parties are not

18   prejudiced when a motion to intervene is filed before any substantive rulings. *See, e.g.*, *Nw. Forest*

19   *Res. Council v. Glickman*, 82 F.3d 825, 836–37 (9th Cir. 1996).

20        The Alliance seeks intervention just six weeks after the lawsuit was initiated, two weeks

21   after the operative complaint was filed, and before any discovery or substantive rulings. The

22   Motion is timely. *See, e.g.*, *Babbitt*, 58 F.3d at 1397 ("The intervention motion was filed at a very

23   early stage, before any hearings or rulings on substantive matters."). This Court permitted the

24

25   ALLIANCE FOR GUN RESPONSIBILITY'S
   MOTION TO INTERVENE AS DEFENDANT - 5
   3:22-cv-05403-DGE

26

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Alliance and other parties to intervene to defend I-594 two months after the complaint was filed and after the existing defendant filed an answer. *Nw. Sch. of Safety v. Ferguson*, No. C14-6026 BHS, 2015 WL 1311522, at *2 (W.D. Wash. Mar. 23, 2015) ("[T]here is no prejudice to the other parties because the motion is filed very early in the proceedings and that there has been no delay . . . to file their motion."). Likewise, intervention here will enable the Alliance to participate from the case's early stages without disrupting or delaying the proceedings or prejudicing any party.

### 2.   The Alliance has an interest in the subject of this action

The Alliance has a demonstrable interest in defending ESSB 5078 that is more than sufficient. It is well-established that a "public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported." *Babbitt*, 58 F.3d at 1397 (environmental group that supported listing of local snail as endangered species had right to intervene in defense of listing decision); *see also Sagebrush Rebellion*, 713 F.2d at 527–58 (Audubon Society had right to intervene to defend establishment of bird conservation area because it had participated in the administrative process); *Tucson Women's Ctr. v. Ariz. Med. Bd.*, No. CV-09-1909-PHX-DGC, 2009 WL 4438933 (D. Ariz. Nov. 24, 2009) (Catholic Dioceses' public policy arm had right to intervene to defend Arizona statute it had "actively supported . . . by providing testimony before the" legislature). As in these cases, here the Alliance actively advocated for enactment of ESSB 5078 and was the primary organizer of public support for the Law's passage. *See supra* at 3–4. Given this extensive involvement and investment in ESSB 5078, the Alliance has a significant interest in defending it.

### 3.   The lawsuit's outcome may significantly impair the Alliance's interest

By extension, the Alliance's interests may be significantly impaired by the outcome of this matter, in which Plaintiffs seek to invalidate and permanently enjoin ESSB 5078. Typically, after

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 6
3:22-cv-05403-DGE

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

finding that a proposed intervenor has "a significant protectable interest, [courts] have little difficulty concluding that the disposition of the case may . . . affect it." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006). The Ninth Circuit "follow[s] the guidance of Rule 24 advisory committee notes," holding that "'[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Sw. Ctr. for Bio. Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's notes). Thus, circuit precedent establishes that "an adverse court decision on . . . a measure may, as a practical matter, impair the interest held by the public interest group" that "supported" it. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (citing *Sagebrush Rebellion*, 713 F.2d at 528); *see also Jackson v. Abercrombie*, 282 F.R.D. 507, 517 (D. Haw. 2012) (allowing intervention of group that had campaigned for years to enact statute and constitutional amendment because an "adverse decision would impair [its] interest in preserving" the laws). The Alliance, too, meets the impairment requirement.

### 4.  The Alliance's interest may not be fully represented by Defendants

To evaluate the adequacy-of-representation requirement, the Ninth Circuit "examines three factors": (1) "whether the interest of a present party is such that it will *undoubtedly* make all of a proposed intervenor's arguments"; (2) "whether the present party is capable and willing to make such arguments"; and (3) "whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (cleaned up and emphasis added).

Traditionally, the Ninth Circuit has applied a "presumption of adequacy of representation" when "an applicant for intervention and an existing party share the same ultimate objective," such as "when the government is acting on behalf of a constituency that it represents." *Id.* (cleaned up).

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 7
3:22-cv-05403-DGE

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

However, the Supreme Court recently held that "this presumption applies only when interests overlap fully." *Berger v. N.C. State Conf. of NAACP*, 142 S. Ct. 2191, 2201 (2022). In contrast, where "the absentee's interest is similar to, but not identical with, that of one of the parties, that normally is not enough to trigger a presumption of adequate representation." *Id.* (cleaned up). Here, while the Alliance may share with present Defendants the "ultimate objective" of defending the constitutionality of ESSB 5078, the Alliance's focused interest in promoting—and defending—sensible yet comprehensive firearm regulation diverges with state and local officials' broader duties to promote the public interest more generally. *See Citizens for Balanced Use*, 647 F.3d at 899 ("[T]he government's representation of the public interest may not be 'identical to the individual parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.'") (quoting *WildEarth Guardians v. U.S. Forest Serv.,* 573 F.3d 992, 996 (10th Cir. 2009)); *see also Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 736–37 (D.C. Cir. 2003) ("[W]e have often concluded that governmental entities do not adequately represent the interests of aspiring intervenors. . . . A government entity . . . is charged by law with representing the public interest of its citizens. [The intervenor], on the other hand, is seeking to protect a more narrow and 'parochial' . . . interest not shared by [all] citizens . . . .") (cleaned up). Thus, the presumption of adequate representation does not apply.

Even if it did apply, however, "[t]he burden of showing inadequacy of representation is *minimal* and satisfied if the applicant can demonstrate that representation of its interests *may* be inadequate." *Citizens for Balanced Use*, 647 F.3d at 898 (cleaned up and emphases added); *see Berger*, 142 S. Ct. at 2204 (burden is "minimal") (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). Here, it is at least possible (if not probable) that the Alliance's interests will not be fully represented by the present Defendants. Although they may make some

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 8
3:22-cv-05403-DGE

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

of the same arguments, that is by no means assured, and they are unlikely to capture the Alliance's unique perspective as Washington State's leading gun violence prevention organization or articulate its particular positions on the Second Amendment's proper scope. Already two Defendants have moved to dismiss on jurisdictional grounds, *see* Dkt #44, while the Alliance seeks to intervene to defend ESSB 5078 on the merits. Even at this early stage, then, a divergence of interests between existing Defendants and the Alliance may be materializing. *See, e.g.*, *Virginia v. Ferriero*, 466 F. Supp. 3d 253, 258 (D.D.C. 2020) (allowing intervention as defendant by group where government defendant "filed a motion to dismiss . . . rais[ing] a variety of justiciability concerns" and not "all of [proposed intervenor's] proposed defenses").

That is especially true in light of *Bruen*, which significantly altered the framework for adjudicating Second Amendment claims, scrapping the previously well-established two-step test and adopting in its stead a new text- and history-centered approach. 142 S. Ct. at 2126. As constitutional scholars have observed (including those who support *Bruen*'s outcome), how this new standard may apply in practice raises many questions, which will necessarily need to be addressed by future cases. *See, e.g.*, Randy Barnett, *A minor impact on gun laws but a potentially momentous shift in constitutional method*, SCOTUSblog (Jun. 27, 2022), https://www.scotusblog.com/2022/06/a-minor-impact-on-gun-laws-but-a-potentially-momentous-shift-in-constitutional-method/. The Alliance maintains that ESSB 5078 is constitutional under *Bruen*—just as it was under the two-step framework. *See Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021), *cert. granted, judgment vacated in light of Bruen*, 142 S. Ct 2111. At the same time, it is unlikely all present Defendants will interpret and apply the new and untested standard in precisely the same way as the Alliance. Thus, it cannot be said that any "present party

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1  . . . will *undoubtedly* make all of [the Alliance]'s arguments." *Citizens for Balanced Use*, 647 F.3d

2  at 898 (cleaned up and emphasis added).

3  In addition, the Alliance has extensive "expertise apart from that of" the present

4  Defendants, particularly with respect to firearms, mass shootings, and gun violence prevention

5  measures. *Sagebrush Rebellion*, 713 F.2d at 528; *Tucson Women's Ctr.*, 2009 WL 4438933, at *5

6  ("Both groups may also provide evidence concerning the impact of the Act that Defendants could

7  not provide."). As explained above, the Alliance has developed significant firearms expertise and

8  experience litigating Second Amendment cases in federal and state courts. Under Rule 24(a)'s

9  principles liberally favoring intervention, the Alliance should have an opportunity to have its legal

10  arguments and subject-matter expertise heard in defense of the Law it was instrumental in enacting.

11  **B.  In the Alternative, the Court Should Grant Permissive Intervention**

12  Permissive intervention also is warranted under Rule 24(b)(1): "On timely motion, the

13  court may permit anyone to intervene who . . . has a claim or defense that shares with the main

14  action a common question of law or fact." Further, "[i]n exercising its discretion, the court must

15  consider whether the intervention will unduly delay or prejudice the adjudication of the original

16  parties' rights." Fed. R. Civ. P. 24(b)(3). Thus, permissive intervention is appropriate when (1) the

17  applicant shares a common question of law or fact with the main action, (2) the applicant's motion

18  is timely, and (3) the court has an independent basis for jurisdiction over the applicant's claims.

19  *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

20  When the above threshold criteria are met, a court has broad discretion in granting

21  intervention. *See Dep't of Fair Emp't & Hous. v. Lucent Techs.*, 642 F.3d 728, 741 (9th Cir. 2011).

22  In exercising its discretion, courts in the Ninth Circuit generally examine several additional factors:

23  [T]he nature and extent of the intervenors' interest, their standing to raise relevant
legal issues, the legal position they seek to advance, and its probable relation to the

24  ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 10
25  3:22-cv-05403-DGE

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

26

merits of the case[,] . . . whether the intervenors' interests are adequately represented by other parties, . . . and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977). These factors are "nonexclusive," *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998), and "[c]ourts are free to consider other factors in their analysis," *Mineworkers' Pension Scheme v. First Solar Inc.*, 722 F. App'x 644, 646 (9th Cir. 2018) (unpublished).

### 1. The Alliance's defense shares common questions of law and fact

A would-be permissive intervenor's defense must share a common question of law or fact with the main action. The defense need only "relate to the subject matter of the action . . . before the district court." *Greene v. United States*, 996 F.2d 973, 978 (9th Cir. 1993).

This Court has previously held that the Alliance raised common questions of law and fact in cases defending the constitutionality of measures it supported. *Northwest Sch. of Safety*, 2015 WL 1311522, at *2 (Alliance presented common questions of law and fact in challenge to I-594); *Mitchell v. State*, No. 3:18-cv-5931, Dkt. #19 (W.D. Wash. Jan. 2, 2019) (permitting Alliance's political committee to intervene in challenge to I-1639); *Mitchell v. Atkins*, No. 3:19-cv-05106, Dkt. #35 (W.D. Wash. Apr. 2, 2019) (same). Other courts have reached similar conclusions. *See, e.g.*, *Jackson*, 282 F.R.D. at 520 ("HFF seeks to intervene to defend the constitutionality of Hawaii's marriage laws. Because this is the precise issue raised by Plaintiffs' claims, there are common questions of law and fact . . . .").

The situation here is no different. The Alliance seeks to defend the law that it worked for six years to pass. The proposed defense of ESSB 5078 addresses the exact issues raised by Plaintiffs' claims—i.e., whether ESSB 5078 is constitutional—and thus shares common questions of law and fact with the allegations in this proceeding. The Alliance meets the first requirement.

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 11
3:22-cv-05403-DGE

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

### 2. The remaining requirements are met or inapplicable

The timeliness requirement is met for the same reasons explained above. *See supra* at 5–6; *EEOC v. Global Horizons, Inc.*, CV. No. 11-00257 DAE-RLP, 2012 WL 874868, at \*3 (D. Haw. Mar. 13, 2012) (applying same timeliness standard in permissive intervention context).

The final requirement of "independent jurisdictional grounds" is inapplicable: it "does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new [state-law] claims." *Freedom from Religion Found.*, 644 F.3d at 844. The Alliance does not seek to assert any new state law claims in this federal-question case. Dkt. #42 ¶ 8.

### 3. Additional factors weigh in favor of permissive intervention

Several *Spangler* discretionary factors do apply, weighing in favor of permitting intervention. Given the Alliance's involvement and investment in advancing LCM restrictions generally and ESSB 5078 specifically, the Alliance has significant interests in defending the Law. The Alliance's participation also will significantly contribute to the full development and just and equitable adjudication of the underlying factual and legal issues in the suit. *See, e.g.*, *Nw. Sch. of Safety*, 2015 WL 1311522, at \*2; *Doe v. Harris*, No. C12-5713 TEH, 2013 WL 140053, at \*1 (N.D. Cal. Jan. 10, 2013) ("Proponents seek only to ensure that their perspective on the matters at the heart of this litigation are given due consideration" and their "potential . . . to make such contributions outweighs the as yet abstract danger that delay or prejudice to the original parties could result"). Similarly, here the Alliance's participation will ensure that the interests of ESSB 5078's supporters of are fully represented and all applicable legal defenses are considered.

### IV. CONCLUSION

The Alliance respectfully requests that the Court grant its Motion to Intervene. A proposed answer is filed herewith. *See* Fed. R. Civ. P. 24(c).

ALLIANCE FOR GUN RESPONSIBILITY'S
MOTION TO INTERVENE AS DEFENDANT - 12
3:22-cv-05403-DGE

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1    DATED this 14th day of July, 2022.

2                                              PACIFICA LAW GROUP LLP

3

4                                              *s/ Kai A. Smith*
                                               Zachary J. Pekelis, WSBA #44557
5                                              Kai A. Smith, WSBA #54749

6                                              *Attorneys for Proposed Intervenor-Defendant*
                                               *Alliance for Gun Responsibility*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   ALLIANCE FOR GUN RESPONSIBILITY'S
     MOTION TO INTERVENE AS DEFENDANT - 13
25   3:22-cv-05403-DGE

26

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on this 14th day of July, 2022, I electronically filed the foregoing

3   document with the Clerk of the United States District Court using the CM/ECF system which

4   will send notification of such filing to all parties who are registered with the CM/ECF system.

5

6      DATED this 14th day of July, 2022.

7

8

9   

10   _____
                    Sydney Henderson

11

12

13

14

15

16

17

18

19

20

21

22

23

24   ALLIANCE FOR GUN RESPONSIBILITY'S
     MOTION TO INTERVENE AS DEFENDANT - 14
25   3:22-cv-05403-DGE

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

26