The Honorable Judge David G. Estudillo

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

Gabriella Sullivan, *et al.*,

               *Plaintiffs*,

    v.

Bob Ferguson, in his official capacity as Washington State Attorney General, *et al.*
          *Defendants*.

No. 3:22-cv-05403-DGE

**PLAINTIFFS' OPPOSITION TO KITSAP COUNTY DEFENDANTS' MOTION TO DISMISS**

## I.  INTRODUCTION

The Second Amendment guarantees an "individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008). The right applies against the states through the Fourteenth Amendment, *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010), and in addition to protecting the right to possess firearms, it protects the "corollary . . . right to possess the magazines necessary to render those firearms operable," *Fyock v. Sunnyvale*, 779 F.3d 991, 998 (9th Cir. 2015). Plaintiffs have brought this action alleging that Washington's recently enacted ban on the manufacture, importation, distribution, or sale of magazines capable of holding more than ten rounds of ammunition violates their Second and Fourteenth Amendment right to possess these magazines, which are in common use and overwhelmingly possessed by law-abiding citizens who own them for lawful purposes. They have sued both state and local enforcement officials to secure that right. One set of local enforcement officials, the defendants from Kitsap County, have moved to dismiss on the grounds that Plaintiffs

Pls.' Opp. to Mot. to Dismiss - 1

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P O  Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  lack standing or, in the alternative, have failed to state a claim for relief under Section 1983. They

2  are fundamentally mistaken on both fronts.

3     Regarding standing, the Plaintiffs—two individuals who until recently bought banned

4  magazines, a dealer who until recently sold them, and two organizations which count them all as

5  members—have already been harmed by the Magazine Ban and have standing to sue based on

6  these existing injuries. The individuals now have no way of legally buying new magazines holding

7  more than ten rounds anywhere in the State of Washington. The legal market for standard capacity

8  magazines has been obliterated by Washington's enactment of the Magazine Ban. The dealer has

9  been forced to cease profitable sales of the banned magazines and has suffered, and will continue

10 to suffer, lost profits as a result. These injuries suffice to establish standing under binding Ninth

11 Circuit precedent.

12    Regarding the sufficiency of Plaintiffs' allegations to state a claim under Section 1983, the

13 Kitsap Defendants wrongly try to hold Plaintiffs to the pleading standards for a *personal* capacity

14 suit in this case brought against Defendants only in their *official* capacities. An official capacity

15 suit is effectively a suit against the state itself and as such all that Plaintiffs need to allege is that a

16 law has the effect of depriving them of their constitutional rights and is being enforced by the

17 defendants. That standard is easily met here.

18                                **II.  FACTS**

19    Washington Governor Jay Inslee signed Engrossed Senate Bill 5078 ("Magazine Ban" or

20 "Ban") on March 23, 2022. On July 1, 2022, the Magazine Ban made it illegal for any party in

21 Washington to "manufacture, import, distribute, sell, or offer for sale any large capacity

22 magazines." RCW 9.41.0003(1). Washington defines these "large capacity magazines" as "an

23 ammunition feeding device with the capacity to accept more than 10 rounds of ammunition, or any

24 conversion kit, part, or combination of parts from which such a device can be assembled." RCW

25 9.41.010(16).

26    The Ban destroys the market for all magazines holding more than ten rounds within

27 Washington by making it illegal to sell them. First Am. Compl. for Decl. and Inj. Relief, Doc. 42

Pls.' Opp. to Mot. to Dismiss - 2

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P O  Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

¶ 59 (July 1, 2022) ("Am. Compl.") As such, there is no way for individuals in Washington to purchase these magazines within the state. And even if someone were willing and able to travel out of the state to purchase new magazines, they would violate the Ban's prohibition on "importing" magazines. RCW 9.41.010(14). For firearms dealers, continued sales to civilians of standard capacity magazines holding in excess of 10 rounds (or firearms which come equipped with such magazines), violate the Ban. Am. Compl. ¶¶ 63–64. A violation is a gross misdemeanor punishable by up to 364 days imprisonment and a fine of up to $5,000. RCW 9.41.0003(3); 9A.20.021(2).

Plaintiffs in this case are two individuals, a federally licensed firearms dealer (collectively "Individual Plaintiffs"), Second Amendment Foundation ("SAF"), and Firearms Policy Coalition, Inc. ("FPC") (collectively "Organizational Plaintiffs"). Plaintiff Gabriella Sullivan is a law-abiding adult citizen and resident of Kitsap County and a member of SAF and FPC. Am. Compl. ¶¶ 53–55. Sullivan owns multiple standard capacity magazines holding more than ten rounds of ammunition and firearms that can be equipped with them and she would purchase more but for the Magazine Ban. Am. Compl. ¶¶ 56–57. Plaintiff Daniel Martin is a law-abiding adult citizen and resident of Grays Harbor County and a member of SAF and FPC. Am. Compl. ¶¶ 66–68. Martin also owns multiple standard capacity magazines holding more than ten rounds of ammunition and firearms that can be equipped with them; he also desires to purchase more. Am. Compl. ¶¶ 69–70. Sullivan and Martin intend to use their banned magazines for lawful purposes like sport shooting and self-defense. Am. Compl. ¶¶ 58, 71. Indeed, Martin is an avid sport shooter and he has worn out and broken magazines in the past. Am. Compl. ¶ 70. Prior to the Magazine Ban going into effect, both Sullivan and Martin had legally purchased standard capacity magazines capable of holding more than ten rounds of ammunition on multiple occasions, but they are no longer able to purchase them anywhere in Washington because sellers have ceased to offer them for sale following the enactment of the Magazine Ban. Am. Compl. ¶¶ 56, 59, 69, 72.

Plaintiff Rainier Arms is a federally licensed firearms dealer located in King County, Washington. Am. Compl. ¶ 61. It is owned and operated by John Hwang, a member of FPC and

Pls.' Opp. to Mot. to Dismiss - 3

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P O Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1   SAF. Am. Compl. ¶ 61. Prior to the Magazine Ban becoming effective, every month Rainier Arms

2   sold dozens of firearms equipped with now-illegal standard capacity magazines and sold *hundreds*

3   of the magazines as standalone products. Am. Compl. ¶ 62. On July 1, 2022, Rainier Arms was

4   forced to discontinue selling these magazines to civilians in Washington and has lost and continues

5   to lose profitable business as a result. Am. Compl. ¶ 64.

6           The Organizational Plaintiffs are both nonprofit organizations whose core purposes include

7   promoting and defending the right to keep and bear arms. Am. Compl. ¶¶ 14–15. In addition to the

8   Individual Plaintiffs, the Organizational Plaintiffs' Washingtonian members number in the

9   thousands and many of them are presently harmed by the Magazine Ban in the same way as the

10  Individual Plaintiffs. Am. Compl. ¶¶ 14–15.

11          Plaintiffs seek a declaration that the Magazine Ban is unconstitutional under the Second

12  and Fourteenth Amendments and an injunction against its enforcement. Am. Compl. at 17. To

13  ensure the injunctive relief is effective, Plaintiffs have sued Attorney General Bob Ferguson and

14  Chief of the Washington State Patrol John R. Batiste, who enforce the Ban at the statewide level,

15  as well as local enforcement officials in the counties where the Individual Plaintiffs reside (all in

16  their official capacities). Am. Compl. ¶¶ 16–23.

17          Defendants Chad Enright and John Gese are the local enforcement officials for Kitsap

18  County, where Plaintiff Sullivan resides. Am. Compl. ¶¶ 19, 22. Defendant Enright is Kitsap

19  County Prosecutor and therefore responsible for "prosecut[ing] all criminal and civil actions" in

20  Kitsap County to "which the state or the county may be a party." RCW 36.27.020. This includes

21  actions to enforce the Ban. Defendant Gese is Kitsap County Sheriff and therefore tasked with

22  arresting and imprisoning "all persons guilty of public offenses" in the county. RCW 36.28.010.

23  A violation of the Magazine Ban would constitute such a "public offense." *Id*. Despite their

24  undisputed role in enforcing the Ban, the Kitsap Defendants have moved to dismiss, alleging that

25  Plaintiffs lack standing to sue because they have not been harmed by the Ban and have failed to

26  state a cognizable claim under 42 U.S.C. § 1983.

27

Ard Law Group PLLC

P O Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1

## III.  ARGUMENT

**A.     The Individual Plaintiffs Have Standing to Challenge the Magazine Ban.**

When considering a motion to dismiss the Court must construe the complaint in the light most favorable to the non-moving party and accept as true all well-pleaded allegations. *Montana Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013). To have standing, a plaintiff must allege an "injury in fact," defined as "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). Furthermore, there must be a causal connection between the injury and the challenged action or law and it must be likely that a favorable decision would redress the injury. *Id.* at 560–61. "[T]he presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement," so as long as one Plaintiff has standing this Court's jurisdiction is secure. *Rumsfeld v. Forum for Acad. and Inst. Rights, Inc.*, 547 U.S. 47, 53 n.2 (2006). Therefore, once this Court determines that one Plaintiff has standing, it need not even evaluate any other Plaintiff's standing.

The Kitsap Defendants' argument that Plaintiffs have not been injured by the Magazine Ban is erroneous. Plaintiffs Sullivan and Martin are unable to purchase new standard capacity magazines in Washington because the market for them has been destroyed by the Ban. The very same injury was held to give rise to standing in *Jackson v. City and County of San Francisco*, 746 F.3d 953, 967 (9th Cir. 2014). In that case, the plaintiff alleged "the Second Amendment provide[d] her with a 'legally protected interest' to purchase hollow-point ammunition, and that but for [the challenged law] she would do so within San Francisco." *Id.* (citation omitted). Like the plaintiff in *Jackson*, Plaintiffs Sullivan and Martin allege they are "unable to purchase additional magazines or firearms equipped with standard capacity magazines lawfully, because the existence of the Act, and Defendants' enforcement of it, has extinguished the legal market for those items in Washington." Am. Compl. ¶ 59; *see also id.* ¶ 72. The Kitsap Defendants, who would require Plaintiffs to articulate a "concrete plan" to violate the law, seemingly by traveling to another state where retailers still offer magazines capable of holding more than ten rounds of ammunition,

Pls.' Opp. to Mot. to Dismiss - 5

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P O  Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1    ignore the fact that having to leave Washington to exercise their Second Amendment rights (and

2    even then, to do so illegally and face potential prosecution) is *itself* an injury. *Jackson*, 746 F.3d

3    at 967; *Ezell v. City of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011) ("This reasoning assumes that

4    the harm to a constitutional right is measured by the extent to which it can be exercised in another

5    jurisdiction. That's a profoundly mistaken assumption."). The Kitsap Defendants cannot use the

6    fact that Washington has chosen to target retailers with its Magazine Ban to keep purchasers,

7    whose rights are directly harmed, from challenging the statute. *See Jackson*, 746 F.3d at 967; *see*

8    *also Nat'l Rifle Ass'n of Am., Inc. v. BATFE*, 700 F.3d 185, 191–92 (5th Cir. 2012) *abrogated on*

9    *other grounds by N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) ("[B]y

10   prohibiting FFLs from selling handguns to 18-to-20-year-olds, the laws caused those persons a

11   concrete, particularized injury—i.e., the injury of not being able to purchase handguns from

12   FFLs.").

13        Rainier Arms also has already suffered injury-in-fact sufficient to give rise to standing. It

14   has lost and is continuing to lose profits from suspending its pre-existing business selling the

15   recently banned magazines either individually or as standard components of certain firearms. The

16   Ninth Circuit has repeatedly recognized that "[e]conomic injury caused by a proscriptive statute is

17   sufficient for standing to challenge that statute." *Montana Shooting Sports*, 727 F.3d at 979. In

18   *National Audubon Society, Inc. v. Davis*, 307 F.3d 835, 855 (9th Cir. 2002), *opinion amended in*

19   *other respects on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002), the Court found trappers had

20   standing to challenge a state law banning the use of steel-jawed leghold animal traps. because the

21   trappers were experiencing "actual, ongoing economic harm from their cessation of trapping." *Id.*

22   Similar reasoning compelled the Ninth Circuit's decision finding standing in *Montana Shooting*

23   *Sports*. In that case the individual plaintiff alleged he desired to begin manufacturing firearms in

24   compliance with Montana law but in violation of federal law and that as long as he could not

25   manufacture firearms legally he was suffering lost profits. 727 F.3d at 978–79. The Ninth Circuit

26   found that this "economic injury resulting from laws explicitly prohibiting a business activity he

27   would otherwise engage in," likewise established his standing. *Id.* at 980. This case is the same. If

Pls.' Opp. to Mot. to Dismiss - 6

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P O  Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1     anything, Rainier Arms has a firmer basis for standing than the plaintiff in *Montana Shooting*

2     *Sports*; the plaintiff in Montana had "a background in running his own shooting range equipment

3     manufacturing business, ha[d] identified suppliers for the component parts of the [firearm he

4     planned to make], ha[d] design plans for the firearm ready to load into manufacturing equipment,

5     and ha[d] identified hundreds of customers," but he had never actually manufactured a firearm

6     before. *Id.* at 980. In this case, until the Magazine Ban became effective on July 1, 2022, every

7     month Rainier Arms sold hundreds of standard capacity magazines to individuals to whom Rainier

8     Arms is now prohibited to sell, as well as dozens of firearms equipped with such magazines. Am.

9     Compl. ¶ 62. Rainier Arms would still be doing so today if not for the Magazine Ban. Compliance

10   with a newly enacted Washington law has had an immediate detrimental effect on Rainier Arms'

11   bottom line, so Rainier Arms has standing.

12       Rainier Arms furthermore has standing to assert the Second Amendment rights of its

13   customers who, like Sullivan and Martin, would acquire banned magazines but cannot because

14   Rainier Arms and all other lawful dealers in the state now refuse to sell them. *See Teixeira v. Cnty.*

15   *of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017); *see also Craig v. Boren*, 429 U.S. 190, 195 (1976)

16   ("Vendors and those in like positions have been uniformly permitted to resist efforts at restricting

17   their operations by acting as advocates of the rights of third parties who seek access to their market

18   or function."). Rainier Arms therefore has standing to bring this suit.

19       The Kitsap Defendants recognize Rainier Arms' claim of lost profits could qualify as an

20   injury in fact—it is the only present injury they acknowledge—but they argue nevertheless the

21   injury is not "traceable" to them because they "neither enacted [the Magazine Ban] nor have

22   enforced [it] against any entity or individual." Defs.' John Gese and Chad Enright's Mot. to

23   Dismiss at 6, Doc. 44 (July 6, 2022) ("Mot."). But in cases where economic damages are incurred

24   through compliance with a proscriptive statute, it is enough that injury is "fairly traceable" to the

25   enactment and threatened enforcement of the law itself and an action can lie against officials

26   charged with enforcing it. *See National Audubon Soc'y*, 307 F.3d at 856; *see also Hartmann v.*

27   *Cal. Dep't. of Corrs. and Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013). The injury is furthermore

Pls.' Opp. to Mot. to Dismiss - 7

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P O Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1 "redressable" because a declaration that the Magazine Ban is invalid and an injunction against its

2 enforcement would permit Rainier Arms to sell banned magazines again.

3       It might be further argued that Rainier Arms, located in King County, does not have

4 standing to sue the Kitsap Defendants because they do not play a role in enforcing the law where

5 Rainier Arms is located. To be clear, this would not affect Rainier Arms' standing to bring this

6 suit generally, just their standing to sue the Kitsap Defendants specifically. Moreover, the Ban

7 does affect Rainier's activities in Kitsap County because Rainer could be subject to prosecution if

8 it sought to sell or otherwise distribute banned magazines directly into Kitsap County as part of its

9 online business. *See, e.g.*, https://www.rainierarms.com/okay-industries-surefeed-ar-15-5-56-

10 magazine-30rd/ (noting that magazine otherwise offered for sale online is restricted in Washington,

11 among other locations).  In any event, Plaintiff Sullivan *is* a Kitsap County resident and she, no

12 less than Rainier, is suffering an ongoing injury. Her injury is equally traceable to the Magazine

13 Ban, which is the cause of the destruction of the legal market in Washington for magazines capable

14 of accepting more than ten rounds and would be redressed by a declaration it is invalid and an

15 injunction against the Kitsap Defendants' enforcement of it.

16       Finally, Plaintiffs note that the narrow vision of standing advanced by the Kitsap

17 Defendants is inconsistent with the Ninth Circuit's repeated exercise of jurisdiction over similar

18 challenges to new (or even existing) laws allegedly restricting the exercise of the plaintiff's Second

19 Amendment rights, without requiring that a plaintiff actually violate the law to challenge it. *See,*

20 *e.g.*, *Jones v. Bonta*, 34 F.4th 704, 711 (9th Cir. 2022); *Fyock*, 779 F.3d at 998; *see also Babbitt v.*

21 *United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) ("When contesting the

22 constitutionality of a criminal statute, it is not necessary that the plaintiff first expose himself to

23 actual arrest or prosecution to be entitled to challenge the statute that he claims deters the exercise

24 of his constitutional rights." (citation omitted)). Where, as here, the Individual Plaintiffs are

25 individuals and a business who, until it was outlawed, purchased and sold magazines capable of

26 holding more than ten rounds of ammunition, there is "little question" that they have been injured

27 and have standing. *See Lujan*, 504 U.S. at 561–62.

Pls.' Opp. to Mot. to Dismiss - 8

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P O  Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

**B.      The Organizational Plaintiffs Also Have Standing.**

Given that the Individual Plaintiffs have standing and " 'the presence in a suit of even one party with standing suffices to make a claim justiciable,' [this Court] need not address whether [the Organizational Plaintiffs] satisfy the requirements for organizational standing." *Montana Shooting Sports*, 727 F.3d at 981 (quoting *Brown v. City of L.A.*, 521 F.3d 1238, 1240 n.1 (9th Cir. 2008)). If the Court does reach the issue, it should find that SAF and FPC both have associational standing. "Even in the absence of injury to itself, an association may have standing solely as the representative of its members." *Warth v. Seldin*, 422 U.S. 490, 511 (1975). This is true where, as here, "(a) [the association's] members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

As explained above, the Individual Plaintiffs have standing to sue in their own right. The subject matter of the suit is undeniably germane to the Organizational Plaintiffs' purposes. Both SAF and FPC are non-profit organizations dedicated to promoting and defending the right to keep and bear arms, including the right to possess firearms and firearm ammunition that is implicated by the Magazine Ban. Am. Compl. ¶¶ 14–15. And given that Plaintiffs seek declaratory and injunctive relief, individual participation of their members is unnecessary. *Warth*, 422 U.S. at 515.

The Organizational Plaintiffs therefore have standing and because their standing is based on their position as representatives of their members, the Kitsap Defendants' argument that "[t]he Complaint is silent with regard to any plan by Plaintiffs Second Amendment Foundation or Firearms Policy Coalition, Inc. to violate the law" or "with regard to any injury-in-fact suffered by these entities," Mot. at 6, is of no importance, *see Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 839 (9th Cir. 2012) (finding standing based solely on harm to members).

Pls.' Opp. to Mot. to Dismiss - 9

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P O Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1   **C.      Plaintiffs Have Adequately Pleaded a Claim for Violation of Their Second and**
2   **Fourteenth Amendment Rights Under 42 U.S.C. § 1983.**

3          Finally, the Kitsap Defendants argue that this Court should dismiss the claims against them
4   because Plaintiffs have not alleged their "personal participation" in depriving them of their Second
5   and Fourteenth Amendment rights. Mot. at 9 (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.
6   1989)). The Kitsap Defendants cite several cases holding that this is a necessary requirement of
7   any Section 1983 action, but that requirement only exists for personal capacity suits which "seek
8   to impose individual liability upon a government officer for actions taken under color of state law."
9   *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

10         Plaintiffs have brought this suit against Defendants only in their *official* capacity. A Section
11  1983 official-capacity suit "represent[s] only another way of pleading an action against an entity
12  of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As such, a "suit
13  against a state official in his . . . official capacity is not a suit against the official but is rather a suit
14  against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). "A
15  plaintiff seeking injunctive relief against the State," like Plaintiffs here, "is not required to allege
16  a named official's personal involvement in the acts or omissions constituting the alleged
17  constitutional violation." *Hartmann*, 707 F.3d at 1127. Instead, "a plaintiff need only identify the
18  law or policy challenged as a constitutional violation and name the official within the entity who
19  can appropriately respond to injunctive relief." *Id.*

20         Plaintiffs have done just that. They have identified the Magazine Ban as a law which
21  deprives them of their Second and Fourteenth Amendment rights and they have named officials at
22  both the state and local level (including the Kitsap Defendants) who are charged with enforcing
23  that law (and against whom injunctive relief may run).

24                                   **IV.  CONCLUSION**

25         For these reasons, the Court should deny the Kitsap Defendants' motion to dismiss.

26

27

Pls.' Opp. to Mot. to Dismiss - 10

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P O Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1
July 25, 2022

2
Ard Law Group PLLC

3

4
By: _____

5

6
Joel B. Ard, WSBA # 40104
Ard Law Group PLLC
P.O. Box 11633

7
Bainbridge Island, WA 98110

8
206.701.9243
Joel@Ard.law

9

10
*Attorney For Plaintiffs*

Cooper & Kirk, PLLC

*/s/ David H. Thompson*
David H. Thompson*
dthompson@cooperkirk.com

*/s/ Peter A. Patterson*
Peter A. Patterson*
ppatterson@cooperkirk.com

*/s/ William v. Bergstrom*
William V. Bergstrom*
wbergstrom@cooperkirk.com

11
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

12
(202) 220-9600
(202) 220-9601 (fax)

13

14

15
Mountain States Legal Foundation

16
*/s/ Erin M. Erhardt*
Erin M. Erhardt*

17

18
2596 S. Lewis Way
Lakewood, CO 80227

19
Phone: (303) 292-2021

20
*Attorneys for Plaintiffs*

21

22
Firearms Policy Coalition, Inc.

23
*/s/ Cody J. Wisnieweski*

24
Cody J. Wisniewski*
cwi@fpchq.org

25

26
5550 Painted Mirage Road
Las Vegas, NV 89149

27
Phone: (916) 378-5785

Pls.' Opp. to Mot. to Dismiss - 11

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P O  Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*Attorney for Plaintiffs Gabriella Sullivan, Rainier Arms LLC, Daniel Martin, and Firearms Policy Coalition, Inc.*

*Admitted pro hac vice

Ard Law Group PLLC

P O  Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243