The Honorable Judge David G. Estudillo

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

Gabriella Sullivan, *et al.*,

    *Plaintiffs*,

v.

Bob Ferguson, in his official capacity as Washington State Attorney General, *et al. Defendants*.

No. 3:22-cv-05403-DGE

**PLAINTIFFS' OPPOSITION TO ALLIANCE FOR GUN RESPONSIBILITY'S MOTION TO INTERVENE AS A DEFENDANT**

### I. INTRODUCTION

This case presents a purely legal question for this Court's decision: Is Washington State's recent ban on the sale, manufacture, production, or importation within its borders of certain ammunition magazines consistent with the requirements of the Second and Fourteenth Amendments to the United States Constitution? Answering this question requires no fact finding by the Court. Instead, the validity of these restrictions rises or falls on the strength of the historical analogues that Washington can find to demonstrate the new law "is consistent with this Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126 (2022). Although this case is at an early stage, Washington has given every indication that it intends to try to carry that burden and to demonstrate the law is constitutional.

Nevertheless, the Alliance for Gun Responsibility ("the Alliance") has moved to intervene in this case, alleging that it offers a "unique perspective" and requires a seat at the table to "articulate its particular positions." But what exactly that perspective and position is, or how it differs in any way from the Attorney General of Washington's, the Alliance cannot say. In fact,

Pls.' Opp. to Mot. to Intervene - 1

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P O Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

the Alliance and the Attorney General (to say nothing of the other existing Defendants) have precisely the same position in this litigation. Both believe that the Second Amendment permits Washington to pass and enforce a law preventing commerce in (and therefore effectively barring acquisition of) commonly owned magazines. The Attorney General has vowed to vigorously defend that position. As a result, the Alliance is adequately represented and it has failed to offer any reason why its intervention would be worth the cost of the additional delay, burden, and expense its participation would bring to litigating these issues. To the extent the Alliance wishes to participate in this litigation, it can do so by seeking to file amicus briefs at appropriate junctures in the case.

## II.  BACKGROUND

Washington Governor Jay Inslee signed Engrossed Senate Bill 5078 ("the Magazine Ban") on March 23, 2022. On July 1, 2022, the Magazine Ban made it illegal for any party in Washington to "manufacture, import, distribute, sell, or offer for sale any large capacity magazine." RCW 9.41.0003(1). Washington defines a "large capacity magazine" as "an ammunition feeding device with the capacity to accept more than 10 rounds of ammunition, or any conversion kit, part, or combination of parts, from which such a device can be assembled." RCW 9.41.010(16).

Plaintiffs in this case are two individuals, a federally licensed firearms dealer, Second Amendment Foundation, and Firearms Policy Coalition, Inc. They seek a declaration that the Magazine Ban is unconstitutional under the Second and Fourteenth Amendments and an injunction against its enforcement by the defendants, Attorney General Bob Ferguson and Chief of the Washington State Patrol. John R. Batiste, who enforce the Ban at the statewide level, as well as six local enforcement officials in the counties where the Individual Plaintiffs reside (all in their official capacities). First Am. Compl. for Decl. and Inj. Relief, Doc. 42, at ¶¶ 16–23 (July 1, 2022) ("Am. Compl."). At this early stage in the litigation, two Defendants (the local enforcement officials from Kitsap County) have moved to dismiss, and four Defendants have answered the Complaint. The Alliance moved to intervene, either by right or by permission, as an additional defendant on July 14, 2022.

Pls.' Opp. to Mot. to Intervene - 2

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P O Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

## III.  ARGUMENT

**A.  The Alliance is Not Entitled to Intervene as of Right.**

To intervene as of right, an entity must demonstrate that "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quotation marks omitted); *see also* FED. R. CIV. P. 24(a). The Court should reject the Alliance's motion because the fourth element is not met; existing parties will adequately represent its interests.

In assessing whether a putative intervenor's interests are adequately represented by existing parties, courts in this circuit "consider several factors, including whether [existing parties] will undoubtedly make all of the intervenor's arguments, whether the [existing parties are] capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983). But

> [t]he most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties. When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).

This "most important factor" is dispositive here, because the Alliance has the exact same interest as the existing defendants in the litigation, and it has provided no "compelling showing" that would justify intervention.[1] The existing Defendants and the Alliance share an identical

---

[1] The Alliance cites the Supreme Court's recent decision in *Berger v. N.C. State Conf. of NAACP*, 142 S. Ct. 2191 (2022), but that case involved intervention by public officials, not private parties, and the Court expressly declined to "decide whether a presumption of adequate representation might sometimes be appropriate when a private litigant seeks to defend a law

Pls.' Opp. to Mot. to Intervene - 3

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P O Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

objective in this litigation—to defend the constitutionality of the Magazine Ban and to affirm it is an expression of a state's lawful authority to regulate firearms under the Second Amendment. *See Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 951 (9th Cir. 2009) ("[I]t is apparent to us that the ultimate objective of the Campaign and the Proponents is identical—defending the constitutionality of Prop. 8 and the principle that the traditional definition of marriage is the union of a man and a woman."). The Alliance attempts to draw a distinction where none exists and claims that its interest is different because it focused on "promoting—and defending—sensible yet comprehensive firearm regulation" whereas "state and local officials[ have] broader duties to promote the public interest more generally." The Alliance's Mot. to Intervene as a Def., Doc. 45, at 8 (July 14, 2022) ("Mot."). But like "budget constraints," the government always has "broader duties," and "if such a basis were sufficient to establish inadequate representation, it would eliminate the presumption of adequate representation when the government and the intervenor-applicant share the same interest." *Prete*, 438 F.3d at 957.

Furthermore, the Alliance does not explain what the meaning of "defending . . . sensible yet comprehensive firearm regulation" could have here except that it intends, just like the existing Defendants, to assert the Magazine Ban, the only firearm regulation at issue in this case, is constitutional. Regardless of generic language about a broad duty to "promote the public interest," it is clear that the Defendants in this case have the same objective. Shortly after this lawsuit was filed, Attorney General Ferguson, one of the existing Defendants, released a short statement in which he stated: "All seven federal appellate courts to consider laws that ban the sale of high-capacity magazines upheld these laws as constitutional. I will vigorously defend our new law. This challenge will not succeed." Attorney General Bob Ferguson (@AGOWA), TWITTER (June 3, 2022), https://bit.ly/3RZDKpk. This statement echoed the Attorney General's earlier statement following the passage of the law, in which he also asserted its constitutionality and noted that he had been "pursuing this legislative reform since September 2016." *AG Ferguson: With historic*

---

alongside the government." *Id.* at 2204. It therefore follows that the Ninth Circuit's precedent on that issue was not disturbed by *Berger*.

Pls.' Opp. to Mot. to Intervene - 4

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P O Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

*House vote, Legislature bans sale of high-capacity magazines in Washington*, WASH. STATE OFFICE OF THE ATT'Y GEN. (Mar. 4, 2022), https://bit.ly/39Zp5cB. Plainly, at least one existing Defendant shares the Alliance's desire to defend the law on the merits, and the Alliance has offered nothing but conclusory statements to try to show otherwise.

Given that a presumption of adequacy applies, the Alliance is wrong to assert its burden is "minimal." Although that may be the ordinary standard, if the presumption is triggered the intervenor must put forward a "compelling showing" of inadequacy. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011). Furthermore, here the putative intervenor has the same interest as an existing government litigant, which the Ninth Circuit has said requires a "very compelling showing" to rebut the assumption "that a state adequately represents its citizens when the applicant shares the same interest." *Arakaki*, 324 F.3d at 1086 (quoting 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1909 (3d ed. 1986) (edited by Kane, Mary Kay)).[2]

The Alliance has not made a compelling showing. Regarding the first and second *Arakaki* factors, "whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments" and "whether the present party is capable and willing to make such arguments," the Alliance argues "[a]lthough [existing Defendants] may make some of the same arguments, that is by no means assured, and they are unlikely to capture the Alliance's unique perspective as Washington State's leading gun violence prevention organization or articulate its particular positions on the Second Amendment's proper scope." Mot. at 7–9. These vague and conclusory allegations (the Alliance's "particular position[] on the Second Amendment's proper scope" is never fleshed out) have no weight. *See Sw. Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001) ("Courts are to take all well-pleaded, *nonconclusory* allegations in the motion to intervene." (emphasis added)). Taken at face value, these allegations really show

---

[2] The Alliance relies on *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003) for the proposition that no presumption should apply because the D.C. Circuit has "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors." *See* Mot. at 8. That is, however, not the rule in the Ninth Circuit.

Pls.' Opp. to Mot. to Intervene - 5

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P O Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

that the existing Defendants very likely *will* make all the arguments the Alliance would advance. For purposes of this litigation, it is clear that the Attorney General (and likely the other Defendants as well) view the Second Amendment's proper scope as sufficiently confined to allow the Magazine Ban to stand, the very same position that the Alliance advances here. Even if the specific contours of the scope of the Second Amendment right as viewed by the Alliance may deviate some from the views of the Attorney General, they both nevertheless will argue that its scope does not extend to prohibiting the Magazine Ban, and speculation as to such "minor differences in opinion . . . fails to demonstrate inadequacy of representation." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996); *see also Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 842 (9th Cir. 2011) ("[The intervenor] has presented no evidence that the federal defendants actually *have urged* a narrow interpretation of the challenged statutes in the district court. And, in any event, it is unclear whether there is a narrow construction of [the statutes] that would be responsive to [Plaintiffs'] constitutional challenges.").

That just two of the Defendants have moved to dismiss does not demonstrate an inability or unwillingness of the existing parties to make the constitutional arguments that the Alliance wants to make. In fact, that four defendants—including the Attorney General—have filed answers instead of moving to dismiss, *see* Docs. 48, 49 (July 14, 2022), strongly indicates that Defendants share the Alliance's view that the Magazine Ban ought to be defended on the merits.[3] Nor does the Supreme Court's recent decision in *Bruen* somehow change the above analysis to make the Alliance's participation necessary. In fact, to the extent *Bruen* impacts this motion, it makes intervention less appropriate. Although in some cases parties who have supported legislation have useful "expertise" which encourages courts to grant their motions to intervene, *see Sagebrush*, 713 F.2d at 528, and the Alliance purports to have such expertise here, *see, e.g.*, Mot. at 1, none of that expertise is ultimately relevant to the merits of this suit. Throughout its brief for intervention the

---

[3] Furthermore, despite the Alliance's seeming insistence that *all* existing Defendants represent its interests, *see, e.g.,* Mot. at 9, it is enough to deny intervention if just *one* existing defendant would adequately represent them, *see Prete*, 438 F.3d at 956 ("In assessing whether *a present party* will adequately represent an intervenor-applicant's interests . . ." (emphasis added)).

Pls.' Opp. to Mot. to Intervene - 6

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P O Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Alliance reiterates that it has "recruited experts to provide analysis of and legislative testimony on the special dangers of LCMs and the efficacy of restrictions on their sale and distribution," Mot. at 4, and claims expertise "particularly with respect to firearms, mass shootings, and gun violence prevention measures," Mot. at 10 (quoting *Tucson Women's Ctr. v. Ariz. Medical Bd.*, 2009 WL 4438933, at *5 (D. Ariz. 2009) ("Both groups may also provide evidence concerning the impact of the Act that Defendants could not provide.")). But under *Bruen*, this Court is required "to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." 142 S. Ct. at 2131. This "straightforward historical inquiry" does not permit considerations of the "efficacy of restrictions on the[] sale and distribution" of magazines capable of holding more than ten rounds. Mot. at 4; *Bruen*, 142 S. Ct. at 2129–30 ("*Heller* and *McDonald* expressly rejected the application of any judge-empowering interest-balancing inquiry that asks whether the statute burdens a protected interest in a way or to an extent that is out of proportion to the statute's salutary effects upon other important governmental interests." (cleaned up)). And although *Bruen* is a new case that must be applied here, it is not true the standard it promotes is "new and untested." Mot. at 9. As the Court explained, the *Bruen* test is largely just step-one of the old test that courts like the Ninth Circuit erroneously applied, 142 S. Ct. at 2127, and in fact is the same test that *Heller* has called for since 2008. Beyond a conclusory allegation to the contrary, the Alliance has given no reason to think that Defendants will not adequately brief the *Bruen* test. It has failed to provide "something more than speculation as to the purported inadequacy" of representation as necessary to intervene as of right, and this Court should deny its motion. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1307 (9th Cir. 1997).

**B.      The Alliance Should Not Be Permitted to Intervene Permissively.**

Rule 24(b) governs permissive intervention, which may be granted if the intervenor "shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quotation marks and citation omitted). "Even if an applicant satisfies those threshold requirements, the district court has discretion to

Pls.' Opp. to Mot. to Intervene - 7

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P O Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  deny permissive intervention," *id.*, and a court may consider factors like "the nature and extent of the intervenors' interest," "whether the intervenors' interests are adequately represented by other parties," or whether the intervenors "will significantly contribute to full development of the underlying factual issues in the suit," *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977). "Rule 24(b)(3) also *requires* that the court 'consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.' " *Perry*, 587 F.3d at 955 (quoting FED. R. CIV. P. 24(b)(3)).

As explained above, the Alliance is adequately represented by the existing Defendants, who share its interest in demonstrating that the Magazine Ban is consistent with the Second Amendment. That alone is reason to deny the Alliance's request for permissive intervention. *See United States ex rel. Richards v. De Leon Guerrero*, 4 F.3d 749, 756 (9th Cir. 1993) (affirming denial of permissive intervention because the existing defendant would make the same arguments and adequately represent the putative intervenors' interests). While it will not present a new perspective, the Alliance poses a significant risk of unduly delaying and complicating proceedings. There are already eight defendants in this case. The participation of yet another defendant will add additional burden and expense to any potential discovery and an unnecessary layer of complexity to briefing the eventual cross-motions for summary judgment that are likely to be the terminus of this litigation. Nor will the Alliance contribute to the full development of the underlying factual issues in this suit. As *Bruen* made clear, the "facts" that matter for evaluating the constitutionality of firearms restrictions like the Magazine Ban are historical facts: "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation . . . the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." 142 S. Ct. at 2126. The Alliance has asserted no special knowledge of that historical tradition—merely that it will "ensure that the interests of ESSB 5078's supporters of [sic] are fully represented and all applicable legal defenses are considered." Mot. at 12. What is more, facts concerning history are "legislative facts," not adjudicative facts. In other words, they are general facts about the world, not specific facts

Pls.' Opp. to Mot. to Intervene - 8

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P O Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

about the parties to this litigation. *Marshall v. Sawyer*, 365 F.2d 105, 111 (9th Cir. 1966). Because of that, it follows that this Court and any appellate courts hearing this case will not be constrained in the ability to consider any and all historical facts they deem relevant. *See* Advisory Comm. Note, Fed. R. Evid. 201; *see also Jones v. Bonta*, 34 F.4th 704, 762 n.24 (9th Cir. 2022) ("We have previously considered this kind of [legislative] fact in a Second Amendment challenge, even over a defendant's challenge that it was not in the record below."). *Bruen* is a perfect illustration of this, as there the Court engaged in an exhaustive historical inquiry after zero fact development in the district court, since the case had been decided on a motion to dismiss. As with their arguments in favor of intervention as of right, the Alliance cannot articulate in any concrete terms what it will add to this litigation through its participation, and the Court should disregard these conclusory statements that the Alliance will add *something*.

Instead of permissive intervention, the Alliance should be limited to seeking to file amicus briefs at appropriate junctures in this litigation. Amicus briefs frequently provide the best vehicle by which a public interest group like the Alliance can ensure its voice is heard in litigation and advocate for its preferred outcome without causing undue delay. *See, e.g.*, *Idaho Bldg. and Constr. Trades Council, AFL-CIO v. Inland Pac. Chapter of Assoc. Builders and Contractors, Inc.*, 616 Fed. App'x 319 (Mem.) (9th Cir. 2015) (citing *Perry*, 587 F.3d at 954). Particularly given that this case will turn on legislative facts, the Alliance can provide no reason why participating as an amicus would not fully protect its interests in this litigation.

## IV. Conclusion

For the reasons set forth above, this Court should deny the Alliance's motion to intervene.

Pls.' Opp. to Mot. to Intervene - 9

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P O Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

July 25, 2022

Ard Law Group PLLC

By: /s/ Joel B. Ard

Joel B. Ard, WSBA # 40104
Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
206.701.9243
Joel@Ard.law

*Attorney For Plaintiffs*

Cooper & Kirk, PLLC

*/s/ David H. Thompson*
David H. Thompson*
dthompson@cooperkirk.com

*/s/ Peter A. Patterson*
Peter A. Patterson*
ppatterson@cooperkirk.com

*/s/ William v. Bergstrom*
William V. Bergstrom*
wbergstrom@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)


Mountain States Legal Foundation

*/s/ Erin M. Erhardt*
Erin M. Erhardt*

2596 S. Lewis Way
Lakewood, CO 80227
Phone: (303) 292-2021

*Attorneys for Plaintiffs*


Firearms Policy Coalition, Inc.

*/s/ Cody J. Wisnieweski*
Cody J. Wisniewski*
cwi@fpchq.org

5550 Painted Mirage Road
Las Vegas, NV 89149
Phone: (916) 378-5785

Pls.' Opp. to Mot. to Intervene - 10

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P O Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

*Attorney for Plaintiffs Gabriella Sullivan, Rainier Arms LLC, Daniel Martin, and Firearms Policy Coalition, Inc.*

\*Admitted pro hac vice

Pls.' Opp. to Mot. to Intervene - 11

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P O Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243