THE HONORABLE JUDGE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GABRIELLA SULLIVAN, et al.,

                Plaintiffs,

-vs-

BOB FERGUSON, in his official capacity as
Washington State Attorney General, et al.,

                Defendants.

NO.  3:22-cv-05403 DGE

REPLY IN SUPPORT OF DEFENDANTS
JOHN GESE AND CHAD ENRIGHT'S
MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(B)(1) & FED. R. CIV.
P. 12(B)(6)

NOTE ON MOTION CALENDAR:
July 29, 2022

Plaintiffs' opposition briefing (Dkt. 53) confirms that Defendants Gese and Enright are the improper targets of this lawsuit and that all claims against them should be dismissed. Plaintiffs have not only failed to overcome the deficiencies of their Complaint, but they make several concessions or clarifications that highlight the impropriety of Gese and Enright as defendants in this matter. Accordingly, all claims against Gese and Enright should be dismissed because: (1) no plaintiff has standing to bring a suit for declaratory judgment or injunctive relief against Gese or Enright, and (2) Plaintiffs have failed to articulate a valid claim under 42 U.S.C. §1983 with respect to these defendants.

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A.    **Plaintiffs Lack Standing to Bring Pre-enforcement Challenge**

1.    **Sullivan, Martin, Second Amendment Foundation, and Firearms Policy Coalition Lack Standing Because They Fail to Allege an Injury in Fact**

Plaintiffs and Defendants agree that standing does not require "the plaintiff first expose himself to actual arrest or prosecution to be entitled to challenge the statute he claims deters the exercise of his constitutional rights." *Babbitt v. United Farm Workers Nat. Union,* 442 U.S. 289, 298, 99 S. Ct. 2301, 2309, 60 L. Ed. 2d 895 (1979). However, Plaintiffs fail to consider that a plaintiff who has not been prosecuted under a challenged statute must still establish more than a "vague desire" or "some-day intentions" to violate the law before that plaintiff may invoke standing. *Montana Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 980 (9th Cir. 2013) (holding that the plaintiff had standing to bring a pre-enforcement challenge where he made "specific allegations" substantiating his concrete plan to violate the law by identifying suppliers, design plans, and hundreds of customers who have ordered the prohibited item at his asking price.).

Plaintiffs Sullivan, Martin, Second Amendment Foundation, and Firearms Policy Coalition failed to articulate any actual injury and they failed to articulate any concrete plan to violate the law and suffer future injury. The Complaint fails to articulate anything more than a "vague desire" or "some-day intentions" of these plaintiffs to violate the law. In their opposition briefing, Plaintiffs describe the requirement to articulate a "concrete plan" to violate the law as a requirement "of the Kitsap Defendants." Plaintiff's Response, page 5, lines 25-26. But this is not an arbitrary requirement of the Defendants, this is the controlling precedent of existing case law. See See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) (differentiating between "some-day" intentions and "concrete plans"); *San Diego County Gun Rights Comm. v. Reno,* 98 F.3d 1121, 1126 (9th Cir. 1996)(requiring a "genuine threat of imminent prosecution," and not the

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

"mere possibility of criminal sanctions."). Despite the arguments asserted in their opposition, the fact remains that the Complaint fails to articulate any concrete plan of Plaintiffs Sullivan, Martin, Second Amendment Foundation, and Firearms Policy Coalition to violate the law.

Plaintiffs' heavy reliance on *Jackson v. City & Cnty. of San Francisco*, 746 F.3d 953 (9th Cir. 2014) to support their claim of standing is misplaced. *Jackson* does not address the issue raised by Defendant Gese and Enright's motion, i.e., whether Plaintiffs have plead a sufficiently concrete plan to violate the law in order to bring a pre-enforcement challenge. Instead, the court in *Jackson* was asked to determine whether being required to travel out of town to purchase a prohibited type of ammunition is sufficient for a plaintiff to establish an injury. The court determined that being forced to travel to purchase ammunition was a sufficient injury. The court did not conduct any analysis of whether the plan to do so was sufficiently articulated by plaintiffs (which is the issue in the present case). The holding in *Jackson* is therefore irrelevant and unhelpful. Plaintiffs in the present case have not articulated any plan to purchase the prohibited magazines, regardless of whether that plan involves traveling out of state or purchasing locally.

Because Plaintiffs Sullivan, Martin, Second Amendment Foundation, and Firearms Policy Coalition have failed to articulate a concrete plan to violate the law, their suit is premature and they lack standing to proceed with this lawsuit. Accordingly, the claims against Gese and Enright must be dismissed.

### 2. Rainier Arms Lacks Standing to Bring a Suit Against Gese and Enright Because It Fails to Allege Causation Between Economic Injury and Defendants' Conduct

The only Plaintiff to have potentially articulated an injury in fact is Rainier Arms. As Plaintiffs explain, Rainier Arms alleges that it will suffer an economic injury for its inability to sell large capacity magazines under the new law. Dkt. 53, page 7, lines 7-10. However, Rainier

REPLY IN SUPPORT OF DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED. R. CIV. P. 12(B)(6) (3:22-cv-05403 DGE) – Page 3

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Arms nonetheless lacks standing under Article III with respect to a claim against Defendants Gese and Enright because it failed to allege sufficient facts to show the economic injury suffered by Rainier Arms is traceable to the conduct of these defendants, as required. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130 (1992) (standing requires showing the claimed injury is "fairly traceable to the defendant's allegedly unlawful conduct."). As stated in Defendants' motion, Supreme Court precedent requires standing to be established through three elements: (1) injury in fact, (2) causation, and (3) redressability. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273-4 (2008). Accordingly, even though Rainier Arms may have articulated an economic injury, they failed to plead a causal connection between that injury and the conduct of Defendants Gese and Enright.

Plaintiffs incorrectly rely upon *National Audubon Society, Inc. v. Davis*, 307 F.3d 835, 842, *opinion amended on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002) for the assertion that Rainier Arms need only trace its injury to the enactment and threatened enforcement of the law in question. Dkt. 53, page 7, lines 23-26. Nowhere in *National Audubon* does the Ninth Circuit support a departure from the Supreme Court's requirement that a plaintiff must show a causal connection between their injury and the conduct of the defendants. *Id.* Additionally, the facts in *National Audubon* are readily distinguishable from the facts in this case. In *National Audobon*, the plaintiffs sought to challenge a California proposition which prohibited the use of specific animal traps. The plaintiffs sued the state officials with "direct authority over and principal responsibility for enforcing" the proposition and also against federal parties who removed the prohibited traps from forest land. *Id.* at 842 847, and 849. The plaintiffs did not sue local county sheriffs or local county prosecutors, and their claims against other state agencies and the state governor were ultimately dismissed. *Id.* at 847. Accordingly, in *National Audubon*, the plaintiffs had standing because they

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

were able to trace their claimed economic damages to the conduct of the defendants. In sharp contrast to *National Audubon*, Plaintiffs' Complaint articulates no conduct of Gese or Enright which is in any way traceable to the claimed economic injuries of Rainier Arms.

Plaintiffs assert that Rainier Arms has standing to bring suit against Gese and Enright because these individuals generally have authority to enforce the law in question. However, the Complaint provides no factual allegations to suggest that Gese or Enright ever have or that they ever will enforce the law. Furthermore, the Complaint provides no factual allegations to suggest that Gese or Enright have authority to enforce the law **_against Rainier Arms_**. In fact, Plaintiffs concede that Gese and Enright cannot do so:

> It might be further argued that Rainier Arms, located in King County, does not have standing to sue the Kitsap Defendants because **they do not play a role in enforcing the law where Rainier Arms is located**. To be clear, this would not affect Rainier Arms' standing to bring this suit generally, **just their standing to sue the Kitsap Defendants specifically**.

Dkt. 53, page 8, lines 3-7 (emphasis added).

This concession by Plaintiffs is supported by Washington law which provides that a sheriff in Washington has jurisdiction to enforce laws "within the boundaries of his or her county." *State v. Knight*, 79 Wn. App. 670, 681, 904 P.2d 1159 (1995); RCW 36.28.010. With regard to a county prosecutor, the Complaint provides no allegations to suggest that a Kitsap County prosecutor could prosecute Rainier Arms for the sale of prohibited magazines in King County.

After acknowledging this deficiency, Plaintiffs simply assert that Rainier Arms could potentially be subject to prosecution "if it sought to sell or otherwise distribute banned magazines directly into Kitsap County as part of its online business." Dkt. 53, page 8, lines 7-9. This statement demonstrates the speculative and hypothetical nature of Rainier Arms' potential injury at the hands of Gese or Enright. This speculative prosecution is a far cry from the injury-in-fact required by

REPLY IN SUPPORT OF DEFENDANTS JOHN GESE AND CHAD
ENRIGHT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.
12(B)(1) & FED. R. CIV. P. 12(B)(6) (3:22-cv-05403 DGE) – Page 5

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

Article III.

Because Rainier Arms has suffered no injury that is fairly traceable to the conduct of defendants Gese and Enright, Rainier Arms has no standing to bring suit against Gese and Enright and all claims against them should be dismissed.

**B.**    **Plaintiffs Attempted Monell Claims Fail as A Matter of Law**

While the Complaint references 42 U.S. § 1983 and § 1988, it is absolutely silent with regard to any factual allegations which would form the basis of any such claims. Plaintiffs, in their responsive briefing, attempt to clarify that their § 1983 claims are brought against Defendants Gese and Enright solely in their "official capacities." This clarification does not save their claims from dismissal for several reasons discussed below.

**1.**    **Plaintiffs Do Not Contest They Failed to Articulate Personal Participation of Defendants Gese and Enright**

Defendants Gese and Enright moved for dismissal of all § 1983 and § 1988 claims on the basis that Plaintiffs fails to articulate a valid claim against these individual defendants. Plaintiffs do no challenge or oppose this contention. Instead, they assert they are not bringing § 1983 claims against Enright and Gese in their personal capacities and thus are not seeking to hold these individuals liable for damages arising from any potential constitutional violations.

**2.**    **Plaintiffs Fail to Articulate a § 1983 *Monell* Claim**

While Plaintiffs assert they are bringing claims against Gese and Enright in their official capacities only, the precise nature of Plaintiffs' claims are not articulated in the Complaint and are only muddied further by Plaintiffs' opposition briefing.

Plaintiffs state that their official-capacity claim "represent[s] only another way of pleading an action against an entity of which an officer is an agent." Plaintiffs cite *Kentucky v. Graham*,

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992    Fax (360) 337-7083
www.kitsapgov.com/pros

473 U.S. 159, 165 (1985) for this quote. However, this quote actually originates from footnote 55

in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018 (1978)

wherein the Supreme Court confirmed that local governments are included among those "persons"

against whom a § 1983 claim can be brought. Since the ruling in *Monell*, § 1983 claims brought

against local governments, as opposed to claims against individuals, are often referred to as

"*Monell"* claims. Plaintiffs concede that their "official capacity" § 1983 claims against Defendants

Gese and Enright are the same as claims against these "officers' office." Dkt.  53, page 10, lines

12-14. Essentially, Plaintiffs are conceding that the § 1983 claims against Gese and Enright are

actually *Monell* claims against the State. Id., lines 14-15. However, Plaintiffs still fail to clarify the

basis for any § 1983 damages even in this context. In fact, Plaintiff's opposition briefing suggests

they are merely seeking injunctive relief and not § 1983 damages at all. Id., lines 14-15. Plaintiffs

further state that they are seeking injunctive relief against the State and that they have named

officials at "the state and local level (including the Kitsap Defendants) who are charged with

enforcing that law (and against whom injunctive relief may run)."  Id., lines 14-15 and 20-23.

While Plaintiffs imply their § 1983 claims against Gese and Enright are claims against the

State, the Complaint itself fails to identify the entity that is the subject of these official capacity

claims. In other words, the Complaint does not specify whether Plaintiffs are attempting to bring

a *Monell* claim against Kitsap County or the State of Washington. Either way, Plaintiffs' *Monell*

claim fails as explained below.

A Plaintiff may assert a *Monell* claim for local government liability by demonstrating that

an official policy, custom, or pattern on the part of the government entity was the actionable cause

of a constitutional injury. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012). A local

government may only be held liable under § 1983 for acts which the government "has officially

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

sanctioned or ordered." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S. Ct. 915 (1988) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 470, 106 S. Ct. 1292 (1986)). Furthermore, only those government officials who have "final policymaking authority" may subject the government to § 1983 liability by their conduct. Id. at 123 (quoting *Pembaur* at 483).

If Plaintiffs' *Monell* claims are targeted at Kitsap County, Plaintiffs' claims fail because they have failed to identify a policy or officially sanctioned act of Kitsap County which has deprived Plaintiffs of any constitutional rights. The Complaint only identifies the existence of a ***state*** law. It fails to identify any law, regulation, or policy of Kitsap County that is alleged to have caused any constitutional deprivation. Accordingly, Plaintiffs have not stated a *Monell* claim against Kitsap County and any such purported claim should be dismissed.

If Plaintiffs' *Monell* claims are targeted at the State of Washington, then these claims similarly fail. In order to pursue a *Monell* claim against the State through Defendants Enright and Gese, Plaintiffs must articulate that Gese and Enright have final policymaking authority sufficient to subject the State to liability for their conduct. The Complaint, which challenges state law, fails to explain how Gese or Enright have final policymaking authority to create or enact this law. Furthermore, the Complaint fails to identify any other conduct of Gese or Enright which may be attributed to the State. Under federal case law, officers may be sued in their official capacity in an effort to bring a claim against a local government when the conduct of the officers is attributed to the local government. See *Brandon v. Holt*, 469 U.S. 464, 472, 105 S. Ct. 873, 878, 83 L. Ed. 2d 878 (1985) ("For the purpose of evaluating the city's potential liability under § 1983, our opinion clearly equated the actions of the Director of the Department in his official capacity with the actions of the city itself."). Here, no action or conduct of Gese or Enright is alleged at all, much less any conduct which may be attributed to the State for purposes of *Monell* liability. In fact, the

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

opposite is true. Plaintiffs are attempting to name local officials in this lawsuit to establish liability for a policy enacted by the state. Federal law does not support such lawsuits.

### 3. Gese and Enright Are Redundant Defendants and Should Be Dismissed

Plaintiffs' § 1983 official capacity claims against Gese and Enright should be dismissed because they are cumulative and redundant of Plaintiffs' claims against the State. Under federal case law, "when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." *Luke v. Abbott*, 954 F. Supp. 202, 203 (C.D. Cal. 1997). See also *Vance v. County of Santa Clara,* 928 F.Supp. 993, 996 (N.D.Cal.1996) and *Carnell v. Grimm*, 872 F. Supp. 746, 752 (D. Haw. 1994), *aff'd in part, appeal dismissed in part,* 74 F.3d 977 (9th Cir. 1996).

The Supreme Court has noted that since the holding in *Monell*, "There is no longer a need to bring official-capacity actions against local government officials, for under *Monell,* [...] local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14 (1985). In *Luke*, the district court noted that dismissal of a government officer acting in an official capacity was appropriate to avoid "duplication of documents and pleadings, as well as wasted public resources for increased attorneys fees." *Luke* at 203. The district court further noted, "[a] plaintiff cannot elect which of the defendant formats to use. If both are named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant." Id. Since the § 1983 official capacity claims against Gese and Enright are duplicative and redundant of the § 1983 claims against the State, the court should dismiss the same.

REPLY IN SUPPORT OF DEFENDANTS JOHN GESE AND CHAD
ENRIGHT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.
12(B)(1) & FED. R. CIV. P. 12(B)(6) (3:22-cv-05403 DGE) – Page 9

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4.     **"Official Capacity" Claims Against Gese and Enright Should Be Dismissed Based Upon Sovereign Immunity**

Finally, the § 1983 claims against Defendants Gese and Enright should be dismissed based upon the principle of sovereign immunity. Plaintiffs assert that their § 1983 claims against Gese and Enright are based upon their official capacity as agents for the state. The Eleventh Amendment bars 42 U.S.C. § 1983 suits brought against the state or agents of the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989). Courts have dismissed § 1983 claims against the State of Washington and its agents on this basis. See *Jenkins v. Washington*, 46 F. Supp. 3d 1110, 1119 (W.D. Wash. 2014); *Lojas v. Washington*, 347 Fed. Appx. 288, 290 (9th Cir. 2009) ("the district court also correctly dismissed appellants' § 1983 claims against Officer Ray–Smith in her official capacity on Eleventh Amendment grounds"); *Adamson v. Pierce Cnty.,* 3:21-CV-05592-DGE, 2022 WL 1667016, at *1 (W.D. Wash. May 25, 2022) (dismissing official capacity § 1983 claims against Pierce County prosecutors based on the doctrine of sovereign immunity.) To the extent Plaintiffs sue Gese and Enright in their official capacities based upon an allegation that they are agents of the State, these claims must be dismissed pursuant to sovereign immunity.

### CONCLUSION

For the reasons set forth above, Plaintiffs' claims against Defendants Gese and Enright should be dismissed with prejudice.

Respectfully submitted this 28th day of July, 2022.

CHAD M. ENRIGHT
Kitsap County Prosecuting Attorney

*/s/ Christine M. Palmer*
IONE S. GEORGE, WSBA No. 18236
CHRISTINE M. PALMER, WSBA No. 42560
Attorneys for Defendants Chad M. Enright and John Gese

REPLY IN SUPPORT OF DEFENDANTS JOHN GESE AND CHAD ENRIGHT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) & FED. R. CIV. P. 12(B)(6) (3:22-cv-05403 DGE) – Page 10

CHAD M. ENRIGHT
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

1

CERTIFICATE OF SERVICE

2

   I certify that on July 28, 2022, I electronically filed the foregoing document with the Clerk
3
of the Court using the CM/ECF system which will send notification of such filing to the following:

4

| | |
|---|---|
| Cody J. Wisniewski<br>Erin M. Erhardt<br>Mountain States Legal Foundation<br>2596 S Lewis Way<br>Lakewood, CO 80227<br>cody@mslegal.org<br>eerhardt@mslegal.org | David H. Thompson<br>Peter A. Patterson<br>William Bergstrom<br>Cooper & Kirk PLLC<br>1523 New Hampshire Ave NW<br>Washington, DC 20036<br>dthompson@cooperkirk.com<br>ppatterson@cooperkirk.com<br>wbergstrom@cooperkirk.com |
| Joel B. Ard<br>Ard Law Group PLLC<br>PO Box 11633<br>Bainbridge Island, WA 98110<br>joel@ard.law | R. July Simpson<br>William McGinty<br>Attorney General's Office<br>7141 Cleanwater Dr. SW<br>PO Box 40111<br>Olympia, WA 98504-0100<br>July.Simpson@atg.wa.gov<br>william.mcginty@atg.wa.gov |
| Kristin Beneski<br>Andrew Hughes<br>Brian Hunt Rowe<br>Attorney General's Office<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104-3188<br>kristin.beneski@atg.wa.gov<br>Andrew.Hughes@atg.wa.gov<br>Brian.Rowe@atg.wa.gov | Jeffrey T. Even<br>Attorney General's Office<br>1125 Washington St. SE<br>PO Box 40100<br>Olympia, WA 98504-0100<br>Jeffrey.Even@atg.wa.gov |
| David J. Hackett<br>Ann M. Summers<br>King County Prosecutor's Office<br>1191 Second Avenue, Suite 1700<br>Seattle, WA 98101<br>david.hackett@kingcounty.gov<br>ann.summers@kingcounty.gov | Mountain States Legal Foundation<br>2596 S. Lewis Way<br>Lakewood, CO  80227 |
| John E. Justice<br>Law Lyman Daniel Kamerrer &<br>Bogdanovich<br>P.O. Box 11880<br>Olympia, WA  98508<br>jjustice@lldkb.com | Kai A. Smith<br>Zachary J. Pekelis<br>Pacifica Law Group LLP<br>1191 Second Avenue, Ste 2000<br>Seattle, WA  98101<br>kai.smith@pacificalawgroup.com<br>zach.pekelis@pacificalawgroup.com |

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

1

2   SIGNED in Port Orchard, Washington this 28th day of July, 2022.

3

4   Batrice Fredsti, Paralegal
    Kitsap County Prosecutor's Office
5   614 Division Street, MS-35A
    Port Orchard WA  98366
6   Phone: 360-337-7032

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF DEFENDANTS JOHN GESE AND CHAD
ENRIGHT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.
12(B)(1) & FED. R. CIV. P. 12(B)(6) (3:22-cv-05403 DGE) – Page 12

CHAD M. ENRIGHT
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros