HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIELLA SULLIVAN, et al.,<br><br>　　　　　Plaintiffs,<br>v.<br><br>BOB FERGUSON, in his official capacity as Washington State Attorney General, et al.,<br><br>　　　　　Defendants. | No. 3:22-cv-05403-DGE<br><br>ALLIANCE FOR GUN RESPONSIBILITY'S REPLY IN SUPPORT OF MOTION TO INTERVENE AS A DEFENDANT |

ALLIANCE'S REPLY IN SUPPORT OF MOTION TO INTERVENE
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................1

II.   ARGUMENT ..............................................................................................1

    A.  The Alliance Is Entitled to Intervene as of Right ................................1

        1.  The presumption of adequacy does not apply...............................1

        2.  The Alliance's interests may not be adequately represented by Defendants...............................................................2

    B.  The Alliance Should be Allowed to Intervene Permissively ................5

III.  CONCLUSION............................................................................................6

ALLIANCE'S REPLY IN SUPPORT OF MOTION TO INTERVENE
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# I.      INTRODUCTION

Plaintiffs do not dispute that a "public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported." *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995). Nor do they disagree that the Alliance has satisfied three of the four requirements for such intervention. The only ground on which Plaintiffs object is their assurance that "the Alliance is adequately represented by the existing Defendants." Dkt. #54 at 8. But their argument misapplies the presumption of adequate representation, overlooks the Alliance's unique interests, and misunderstands the categories of evidence the Alliance could helpfully present to the Court under the new Second Amendment standard announced in *New York State Rifle and Pistol Ass'n. v. Bruen*, 142 S. Ct. 2111 (2022). Moreover, Plaintiffs concede that *every* threshold requirement for permissive intervention is satisfied or inapplicable. Courts in this circuit routinely permit intervention to a law's proponents to defend it. This Court should as well.

# II.     ARGUMENT

## A. The Alliance Is Entitled to Intervene as of Right

In asserting that the Alliance is adequately represented, Plaintiffs overlook the liberal standards governing intervention as of right and overstate the role of the "presumption of adequate representation." Even if the presumption applied (and it does not), it is rebutted by the Alliance's distinct (1) interests; (2) legal arguments; (3) and unique expertise on issues necessary to properly apply *Bruen*'s new text-and-history standard. Plaintiffs oversimplify that standard and misread *Bruen*, underscoring the importance of having the Alliance's constitutional arguments represented.

### 1. The presumption of adequacy does not apply

Consistent with the liberal policy favoring intervention,[1] "a movant's burden" to show inadequate representation is "minimal." *Berger v. N. Car. State Conf. of NAACP*, 142 S. Ct. 2191, 2204 (2022) (cleaned up); *see, e.g.*, *City of L.A.*, 288 F.3d at 402 ("minimal showing needed to

---

[1] A "liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." *United States v. City of L.A.*, 288 F.3d 391, 397–98 (9th Cir. 2002). Thus, "[b]y allowing parties with a *practical* interest in the outcome of a particular case to intervene," a court may "often prevent or simplify future litigation involving related issues" and "allow an additional interested party to express its views." *Id.* (cleaned up).

ALLIANCE'S REPLY IN SUPPORT OF MOTION TO INTERVENE - 1
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

establish that [existing] defendants' representation 'may' be inadequate"); *accord Kalbers v. U.S. DOJ*, 22 F.4th 816, 828 (9th Cir. 2021). A rebuttable "presumption of adequate representation generally arises when the representative is a governmental body or officer charged by law with representing the interests of the absentee." *City of L.A.*, 288 F.3d at 401 (cleaned up). But "this presumption applies only when interests overlap fully." *Berger*, 142 S. Ct. at 2204 (cleaned up).

Trying to avoid *Berger*, Plaintiffs argue that the "case involved intervention by public officials, not private parties," so the "Ninth Circuit's precedent on that [presumption of adequacy] issue was not disturbed." Dkt. #54 at 3–4 n.1. But *Berger*'s statement cannot so conveniently be limited. Noting that "some lower courts have adopted a presumption of adequate representation where a movant's interests are identical to those of an existing party," the Supreme Court observed: "Where the absentee's interest is similar to, *but not identical with*, that of one of the parties, that normally is not enough to trigger a presumption of adequate representation." *Berger*, 142 S. Ct. at 2204 (emphasis added) (cleaned up). The Alliance's focused advocacy interests do not "overlap fully" with broad public interests Defendants must advance, so the presumption does not apply.[2]

**2. The Alliance's interests may not be adequately represented by Defendants**

Even if the presumption of adequacy applied, however, the Alliance has rebutted it by showing (1) a divergence of its interests and those of the existing Defendants; (2) that, in light of *Bruen*, the Alliance "offers a necessary element to the proceedings"—its expertise on firearms regulation, including its history—that could be "neglected"; and (3) that the existing Defendants will not "undoubtedly make all of [the Alliance's] arguments." *Sagebrush Rebellion, Inc. v. Watt*,

---

[2] This divergence is not merely abstract. In past litigation, the Alliance has intervened to defend Washington firearms laws on different grounds than those advanced by the State. *See, e.g.*, *Slone v. State*, No. 56328-2-II, 2022 WL 1154718, at *5 (Wash. Ct. App. Apr. 19, 2022) (unpublished) (describing different positions taken by the State and the Alliance's political committee in defending I-1639 and affirming on ground argued by only the Alliance). In this case, too, differences have emerged, with two Defendants moving to dismiss on jurisdictional grounds. *See* Dkt. #44 at 3–7; *see, e.g.*, *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 308–09 (5th Cir. 2022) (inadequate representation prong met where government defendants "contend that these lawsuits should be dismissed on . . . standing grounds" while intervenors seek "resol[ution] on the merits"). Plaintiffs claim that the fact "that four defendants . . . have filed answers instead of moving to dismiss strongly indicates that Defendants share the Alliance's view that [ESSB 5078] ought to be defended on the merits." Dkt. #54 at 6 (citation omitted). But those answers assert that this Court lacks subject matter jurisdiction. *See* Dkt. #48 at 14; Dkt. #49 at 11. A motion to dismiss for want of subject matter jurisdiction may be brought at any time, *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 319 (9th Cir. 2017), so that some Defendants answered says nothing about how they believe ESSB 5078 "ought to be defended."

ALLIANCE'S REPLY IN SUPPORT OF MOTION TO INTERVENE - 2
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

713 F.2d 525, 528 (9th Cir. 1983).[3] Plaintiffs acknowledge those factors govern, Dkt. #54 at 3, but resist their application by making two erroneous arguments—one semantic, one substantive.

First, Plaintiffs exaggerate the burden of establishing inadequate representation. Arguing that "a presumption of adequacy applies," Plaintiffs claim that "the Alliance is wrong to assert its burden is 'minimal.'" Dkt. #54 at 5. As explained above, the presumption does not apply here. But even if it did, the Alliance's burden to rebut it would still be "minimal." *See, e.g.*, *City of L.A.*, 288 F.3d at 402 ("minimal" burden to rebut presumption); *Renewable Land, LLC v. Rising Tree Wind Farm LLC*, No. 1:12-CV-00809-RJT, 2013 WL 12320083, at *4 (E.D. Cal. Mar. 11, 2013) (same).[4] And even when the presumption applies, "'[i]ntervention of right does not require an absolute certainty . . . that existing parties will not adequately represent its interests,' only that there may be a divergence of interests." *Klamath Irrigation Dist. v. U.S. Bur. of Reclamation*, No. 1:19-CV-00451-CL, 2019 WL 5788303, at *4 (D. Or. Nov. 6, 2019) (quoting *Citizens for Balanced Use*, 647 F.3d at 900)). While the required showing must be "compelling," the *burden* is "minimal," regardless of whether the presumption of adequacy applies. *Id.* at *3.

Semantics aside, the key substantive question is whether the current Defendants "will *undoubtedly* make *all* of [the Alliance's] arguments." *Citizens for Balanced Use*, 647 F.3d at 900–01 (emphases added). The answer is no. In *Bruen*, the Supreme Court announced a new standard governing Second Amendment claims centered on text and history—a novel constitutional concept that many scholars agree raises significant and complex interpretive questions. *See* Dkt. #45 at 9; *see also* Jake Charles, *Bruen, Analogies, and the Quest for Goldilocks History*, Duke Univ. Ctr. For Firearms Law, June 28, 2022, https://firearmslaw.duke.edu/2022/06/bruen-analogies-and-the-quest-for-goldilocks-history/ ("[A] mountain of scholarship will be devoted to unpacking *Bruen*'s

---

[3] *See, e.g.*, *Audubon Soc'y of Portland v. Jewell*, 1:17-CV-00069-CL, 2017 WL 9471665, at *5 (D. Or. Mar. 27, 2017) (government and intervenors "undoubtedly have congruent interests, but there is no guarantee that [government's] much broader interests will adequately represent [intervenor's] narrower, parochial interests."); *Syngenta Seeds, Inc. v. Cnty. of Kauai*, No. CIV. 14-00014BMK, 2014 WL 1631830, at *6–7 (D. Haw. Apr. 23, 2014) ("Even where the government and a proposed intervenor share the same 'ultimate objective,' their underlying interests may differ sufficiently to justify intervention.") (collecting cases).

[4] *See also Abbott*, 29 F.4th at 308–09 (assuming presumption applied but holding that intervenors "satisfied the minimal burden of showing inadequacy"); *People ex rel. Lockyer v. U.S. Dep't of Agric.*, No. C05-03508 EDL, 2006 WL 870732, at *3 (N.D. Cal. Mar. 31, 2006) ("minimal" burden to rebut presumption met).

ALLIANCE'S REPLY IN SUPPORT OF MOTION TO INTERVENE - 3
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

implications"). Plaintiffs' suggestion that this standard presents a "straightforward historical inquiry" that can be easily applied misunderstands *Bruen* in several respects. Dkt. #54 at 7–8.

First, Plaintiffs overlook the threshold *textual* inquiry that comes before the historical one: whether "the Second Amendment's plain text covers an individual's conduct." *Bruen*, 142 S. Ct. at 2126. *See, e.g.*, *United States v. Daniels*, No. 1:22-CR-58-LG-RHWR-1, 2022 WL 2654232, at *1–2 (S.D. Miss. July 8, 2022) (*Bruen* requires threshold textual analysis). Thus, Plaintiffs bear the initial burden to establish that the "textual elements of the Second Amendment's operative clause—'the right of the people to *keep and bear Arms*, shall not be infringed'—guarantee the individual right" to purchase LCMs. *Bruen*, 142 S. Ct. at 2134 (cleaned up).[5]

Second, Plaintiffs downplay the historical inquiry's complexity. As the *Bruen* majority noted, "historical analysis can be difficult; it sometimes requires resolving threshold questions, and making nuanced judgments about which evidence to consult and how to interpret it." 142 S. Ct. at 2130. Plaintiffs suggest that such historical analysis is conducted in a vacuum, with "zero fact development" needed. Dkt. #54 at 9. That is not what *Bruen* envisages: "The job of judges is not to resolve historical questions in the abstract; it is to resolve *legal* questions presented in particular cases or controversies," relying on "various evidentiary principles and default rules," and "based on the historical record compiled by the parties." 142 S. Ct. at 2130 n.6. Plaintiffs give no reason to assume that the Alliance and Defendants will compile identical historical records, let alone present identical analogic arguments analyzing such history.

Finally, Plaintiffs are wrong that *Bruen* "does not permit considerations of the efficacy" of restrictions on LCMs. Dkt. #54 at 7 (cleaned up). While *Bruen* rejected freestanding "means-end scrutiny," the majority made clear that the historical inquiry must at minimum examine "how and why the regulations burden a law-abiding citizen's right to armed self-defense." 142 S. Ct. at 2133.

---

[5] Because the *Bruen* defendants did "not dispute" whether the plain text of the Second Amendment protects plaintiffs' "proposed course of conduct—carrying handguns publicly for self-defense"—the Court did not address who bears the burden on that threshold question. 142 S. Ct. at 2126, 2134. But laws enjoy a presumption of constitutionality, *see Town of Lockport v. Citizens for Cmty. Action at Local Level, Inc.*, 430 U.S. 259, 272–73 (1977), so logically the burden belongs to the party challenging the law. *See, e.g.*, *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407, 2421 (2022) (plaintiff bears initial burden to demonstrate First Amendment violation).

ALLIANCE'S REPLY IN SUPPORT OF MOTION TO INTERVENE - 4
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Specifically, "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified are *central* considerations when engaging in an analogical inquiry." *Id.* (cleaned up). It is hard to see how this Court could determine whether any burdens ESSB 5078 has on Second Amendment rights are "comparably justified" as against historical analogues without considering such laws' "efficacy." As explained in its Motion, the Alliance has a strong advocacy interest and unique qualifications and experience in developing evidence of LCMs' dangers and the efficacy of limits on them. Because such evidence is a "necessary element to the proceedings" that could be neglected without the Alliance's participation, and because the existing Defendants will not "undoubtedly" make "all" the same arguments, the inadequate representation prong is met, and intervention as of right is warranted.

### B.     The Alliance Should be Allowed to Intervene Permissively

Plaintiffs' opposition to permissive intervention fares no better. Plaintiffs concede that all threshold requirements for permissive intervention are met or inapplicable. Dkt. #54 at 7–8. They primarily object that one discretionary factor (again, adequate representation) weighs in their favor. *Id*. But as explained above, Defendants will not "undoubtedly" make "all" the Alliance's arguments. And even if there were no doubt as to adequacy, permissive intervention would still be warranted because the threshold requirements are indisputably met and other *Spangler* factors favor intervention. *See, e.g.*, *Dep't of Fair Emp. & Hous. v. Lucent Techs.,* 642 F.3d 728, 741 (9th Cir. 2011) (permissive intervention granted despite finding of adequate representation by existing defendants); *Pickup v. Brown*, No. 2:12-CV-02497-KJM, 2012 WL 6024387, at *4 (E.D. Cal. Dec. 4, 2012) (same). Indeed, courts routinely permit those who assist with drafting laws and advocating for their passage to intervene—even when the state is defending it. *See* Mot. at 11 (citing cases, including three allowing the Alliance to intervene); Dkt. #55 at 1–2 (State Defendants citing several cases in which proponents of a law intervened); *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) ("[T]he cases in which we have allowed public interest groups to intervene generally share a common thread . . . these groups were directly involved in the enactment of the law or in the administrative proceedings out of which the litigation arose.").

ALLIANCE'S REPLY IN SUPPORT OF MOTION TO INTERVENE - 5
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Plaintiffs also claim that the Alliance's participation will cause confusion, delay, and prejudice. Dkt. #54 at 8. But Plaintiffs' concession that the Motion is timely undermines any such claim. *See Glickman*, 82 F.3d at 836–37 (no prejudice when intervention comes before substantive rulings). If anything, the Alliance's participation will help ensure an efficient and correct resolution of the important and complex issues in this case. *See supra* at 1–2, n.1; *City of L.A.*, 288 F.3d at 397–98.[6] In any event, this Court is more than capable of managing any issues. *See Jackson v. Abercrombie*, 282 F.R.D. 507, 520 (D. Haw. 2012) ("Plaintiffs need not be concerned about [proposed intervenors] injecting extraneous issues . . . the Court is capable of preventing [that].").[7]

Plaintiffs' final objection—that the Alliance will not contribute to the full development of underlying factual issues, Dkt. #54 at 8—is premised on its erroneous view that the efficacy of firearms regulations is irrelevant under *Bruen*. *Supra* at 4-5. Further, Plaintiffs offer no reason to conclude that the Alliance and Defendants will compile the same historical records. In fact, key differences have already arisen. *Compare* Dkt. #45-1, ¶¶ 39–43 (Alliance's substantive, detailed responses to allegations about purported historical use of unique and obscure firearms), *with* Dkt. #48, ¶¶ 39–43 (King County Defendants' denial for lack of sufficient information), *and* Dkt. #49, ¶¶ 39–43 (State Defendants' responses that cited document speaks for itself).[8]

### III.   CONCLUSION

The Alliance holds a unique interest in this litigation, and Plaintiffs offer no valid basis to deny intervention. The Alliance respectfully requests that the Court grant its Motion to Intervene.

---

[6] *See also King v. Christie*, 981 F. Supp. 2d 296, 309–10 (D.N.J. 2013), *aff'd sub nom. King v. Governor of N.J.*, 767 F.3d 216 (3d Cir. 2014) (granting permissive intervention to advocacy group that lobbied for challenged statute; group provided a "helpful, alternative viewpoint" in taking "positions . . . similar to those advanced by the State").

[7] Plaintiffs' objection that intervention will result in additional discovery and briefing is not valid. *See King*, 981 F. Supp. 2d at 309–10 (noting "while Plaintiffs may have expended additional time or expense in order to respond to [group's] arguments, those efforts are not unduly prejudicial or burdensome"). Plaintiffs' concern about the number of defendants is irrelevant; Plaintiffs filed this suit and cannot now complain about the number of parties they sued.

[8] Plaintiffs' cite a single unpublished Ninth Circuit memorandum for the notion that *amicus curiae* status is preferable. Dkt. #54 at 9. Unlike the proposed intervenor in that case, however, here the Alliance helped draft and organize support for the challenged law. Under Ninth Circuit precedent, the proper role for such a proponent is as an intervenor-defendant. *Supra* at 5. There are many reasons a law's proponents are granted intervenor status rather than *amicus curiae* status, including that courts generally do not consider arguments raised by *amici curiae*. *See, e.g.*, *F.T.C. v. Phoebe Putney Health Sys., Inc.*, 568 U.S. 216, 226 n.4 (2013). Here, the Alliance intends to offer substantive legal arguments that will be dispositive of the core constitutional challenges. Such arguments may be central to the Court's ultimate ruling and must be fully briefed, argued, and considered.

ALLIANCE'S REPLY IN SUPPORT OF MOTION TO INTERVENE - 6
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

DATED this 29th day of July, 2022.

        PACIFICA LAW GROUP LLP

        *s/ Kai A. Smith*
        Zachary J. Pekelis, WSBA #44557
        Kai A. Smith, WSBA #54749

        Attorneys for Intervenor-Defendant Alliance for Gun Responsibility

ALLIANCE'S REPLY IN SUPPORT OF MOTION TO INTERVENE - 7
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all parties who are registered with the CM/ECF system.

DATED this 29th day of July, 2022.



_____
Sydney Henderson

ALLIANCE'S REPLY IN SUPPORT OF MOTION TO INTERVENE - 8
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750