HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIELLA SULLIVAN, et al.,<br><br>    Plaintiffs,<br>v.<br><br>BOB FERGUSON, et al.,<br><br>    Defendants. | No. 3:22-cv-05403-DGE<br><br>ORDER GRANTING ALLIANCE FOR GUN RESPONSIBILITY'S MOTION TO INTERVENE AS A DEFENDANT<br><br>[PROPOSED] |

This matter came before the Court on the Alliance for Gun Responsibility's (the "Alliance's") Motion to Intervene as a Defendant ("Motion"). For the reasons explained below, the Court GRANTS the Alliance's Motion.

The Court has considered the following papers and pleadings in deciding the Motion:

1. The Alliance's Motion;

2. Declaration of Renee Hopkins in Support of the Motion;

3. Plaintiffs' Opposition to the Motion;

4. Defendants Ferguson and Batiste's Response to the Motion;

5. Defendants Enright and Gese's Response to the Motion;

ORDER GRANTING ALLIANCE FOR GUN
RESPONSIBILITY'S MOTION TO INTERVENE
AS A DEFENDANT - 1
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

5. The Alliance's Reply in Support of the Motion; and

6. _____

The Alliance moves to intervene in this case as a defendant under both Fed. R. Civ. P. 24(a) and (b). The Court concludes that intervention as of right and permissive intervention are both warranted.

As to intervention as of right, the Court "must," on timely motion, "permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). There are four requirements for intervention as of right: [1] timeliness; [2] an interest relating to the subject of the action; [3] practical impairment of the party's ability to protect that interest; and [4] inadequate representation by the parties to the suit. *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995). This rule "is construed broadly in favor of the applicants." *Id.*

First, the Court concludes that the Alliance's Motion is timely and will not cause prejudice or delay.

Second, the Court concludes that the Alliance has a demonstrable interest in defending Engrossed Senate Bill 5078 ("ESSB 5078" or "Law").

Third, the Alliance's interests also may be significantly impaired by the outcome of this matter.

Fourth, the Alliance's interests may not be fully represented by existing Defendants.

Thus, under Rule 24(a)'s principles liberally favoring intervention, the Court concludes that intervention as of right is warranted.

ORDER GRANTING ALLIANCE FOR GUN
RESPONSIBILITY'S MOTION TO INTERVENE
AS A DEFENDANT - 2
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

The Court also concludes that permissive intervention is appropriate. "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Further, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Thus, permissive intervention is appropriate when (1) the applicant shares a common question of law or fact with the main action, (2) the applicant's motion is timely, and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

First, the Court concludes that the Alliance's proposed defense shares common questions of law and fact.

Second, the timeliness requirement is met, as noted above.

Third, the final requirement of "independent jurisdictional grounds" is inapplicable where, as here, the proposed intervenor does not raise new state-law claims in a federal question case.

The Court therefore concludes that each of the three requirements of Rule 24(b)(3) are met. In such cases, a court has broad discretion in granting intervention. *Dep't of Fair Emp't & Hous. v. Lucent Techs.*, 642 F.3d 728, 741 (9th Cir. 2011). In exercising that discretion, courts in the Ninth Circuit generally examine several additional factors:

> [T]he nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] . . . whether the intervenors' interests are adequately represented by other parties, . . . and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

ORDER GRANTING ALLIANCE FOR GUN
RESPONSIBILITY'S MOTION TO INTERVENE
AS A DEFENDANT - 3
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

The following *Spangler* discretionary factors weigh in favor of intervention: the Alliance's significant interests in defending the Law; the Alliance's legal position in defending the Law and its direct relation to the merits of the case; and the significant contributions the Alliance's participation may have on the full development of factual issues and just and equitable adjudication of legal questions.

For the reasons stated above, the Court concludes that the Alliance should be permitted to intervene as of right and permissively under Rule 24(a) and (b). The Court hereby ORDERS as follows:

1. The Alliance's Motion to Intervene as a Defendant is GRANTED.

2. The Alliance may intervene in this matter as of right and permissively.

DATED this _____ day of August, 2022.

_____
HONORABLE DAVID G. ESTUDILLO
UNITED STATES DISTRICT COURT JUDGE

Presented by:

PACIFICA LAW GROUP LLP

*s/ Kai A. Smith*
Zachary J. Pekelis, WSBA #44557
Kai A. Smith, WSBA #54749

*Attorneys for Intervenor-Defendant*
*Alliance for Gun Responsibility*

ORDER GRANTING ALLIANCE FOR GUN
RESPONSIBILITY'S MOTION TO INTERVENE
AS A DEFENDANT - 4
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750