1    The Honorable Judge David G. Estudillo

2

3

4

5                    UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
6                            AT TACOMA

7    GABRIELLA SULLIVAN; RAINIER ARMS,          )
     LLC; SECOND AMENDMENT                       )
     FOUNDATION; and FIREARMS POLICY             )   No. 3:22-cv-5403-DGE
8    COALITION, INC.,                            )
                          Plaintiffs,            )
9         v.                                     )
                                                 )   KING COUNTY DEFENDANTS'
                                                 )   RULE 12(C) MOTION TO DISMISS
10   BOB FERGUSON, in his official capacity as   )
     Washington State Attorney General; JOHN R.  )
11   BATISTE, in his official capacity as Chief of the )   ***Noted for September 2, 2022***
     Washington State Patrol; PATTI COLE-        )   ***Without Oral Argument***
12   TINDALL, in her official capacity as Interim )
     Sheriff for King County, Washington; JOHN   )
13   GESE, in his official capacity as Sheriff for )
     Kitsap County, Washington; RICK SCOTT, in   )
14   his official capacity as Sheriff for Grays Harbor )
     County, Washington; DAN SATTERBERG, in      )
15   his official capacity as County Prosecutor for )
     King County, Washington; CHAD M.            )
16   ENRIGHT, in his official capacity as County  )
     Prosecutor for Kitsap County, Washington; and )
17   NORMA TILLOTSON, in her official capacity as )
     County Prosecutor for Grays Harbor County,  )
18   Washington,                                  )
                          Defendants.            )
19   _____ )

I.    **INTRODUCTION**

        Plaintiffs bring this preenforcement challenge against Defendants King County Sheriff

21   Patti Cole-Tindall and King County Prosecuting Attorney Dan Satterberg, in their respective

22   official capacities, seeking to enjoin them from enforcing the newly-enacted state ban on the

23

KING COUNTY DEFENDANTS' RULE 12(C) MOTION
TO DISMISS [No. 3:22-cv-5403-DGE] - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-0191

1   manufacture, distribution and sale of large capacity magazines (defined as an ammunition feeding

2   device with the capacity to accept more than 10 rounds of ammunition).  Plaintiffs fail to present

3   a live case or controversy against King County Defendants because none of them have alleged a

4   concrete plan to violate the new law in King County.  Further, Plaintiffs lack standing to sue King

5   County Defendants because any investigation and prosecution of Rainier Arms, LLC for a

6   violation of RCW 9.41.370 is a gross misdemeanor that would be undertaken by the City of

7   Auburn, not King County.  This action should be dismissed pursuant to Federal Rule of Civil

8   Procedure 12(c) with prejudice as to Defendants King County Sheriff Patti Cole-Tindall and King

9   County Prosecuting Attorney Dan Satterberg for lack of standing and subject matter jurisdiction

10  under Article III.  In the alternative, King County Defendants request that this Court dismiss

11  Plaintiffs' 42 U.S.C. § 1983 claim against King County Defendants with prejudice for failure to

12  allege sufficient facts to state a claim for *Monell*[1] liability pursuant to Federal Rule of Civil

13  Procedure 12(c).

14  ## II.    IDENTITY OF PARTY AND RELIEF REQUESTED

15  Defendants King County Sheriff Patti-Cole Tindall and King County Prosecuting Attorney

16  Dan Satterberg (hereinafter "King County Defendants") move for dismissal pursuant to Federal

17  Rule of Civil Procedure 12(c).

18  ## III.    ISSUE PRESENTED

19  A.  Do Plaintiffs lack standing to bring a preenforcement challenge against King County

Defendants where they have alleged no concrete plan to violate the law in King County and there

is no credible threat of adverse action from King County Defendants?  **Yes.**

21

22

23

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611  (1978).

KING COUNTY DEFENDANTS' RULE 12(C) MOTION
TO DISMISS [No. 3:22-cv-5403-DGE] - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-0191

B.  Does this Court lack subject matter jurisdiction under Article III over Plaintiffs' claims against King County Defendants where there is no actual controversy between Plaintiffs and King County Defendants?  **Yes.**

C.  Have Plaintiffs failed to sufficiently allege facts that would state a claim against King County Defendants for official capacity liability pursuant to *Monell*?  **Yes**

## IV.  FACTS

Plaintiffs are two private citizens, a commercial business and two nonprofit foundations that seek to challenge the constitutionality of Washington's newly-enacted ban on the manufacture, import, distribution and sale of large capacity magazines.  Dkt. 42, ¶ 11-15.  That ban, codified as RCW 9.41.370, became effective July 1, 2022, and makes violation of the ban a gross misdemeanor.  RCW 9.41.370(3).  The law provides exceptions, such as sales to law enforcement and the armed forces.  RCW 9.41.370(2).

Plaintiffs seek declaratory relief that RCW 9.41.370 is unconstitutional.  Dkt. 42, at 17. Plaintiffs also seek injunctive relief against all defendants, including King County Defendants, prohibiting them from enforcing the new law.  *Id.*  Finally, Plaintiffs seek damages, costs and attorney fees against all defendants pursuant to 42 U.S.C. § 1983 and 1988.  *Id.*

Neither of the individual plaintiffs in this case are residents of King County.  Gabrielle Sullivan alleges that she is a resident of Kitsap County.  Dkt. 42, ¶ 11.  Daniel Martin alleges that he is a resident of Grays Harbor County.  *Id.*, ¶ 12.  The commercial business, Rainier Arms, LLC, is a firearms dealer located in the City of Auburn in King County.  *Declaration of Ann Summers*. The Secretary of State's records show that the address of Rainier Arms, LLC, is 2504 Auburn Way North, Auburn, Washington.  *Id.*  That address is within the city limits of the city of Auburn.  *Id.*[2]

---

[2] Courts may take judicial notice of records of state agencies and other undisputed matters of

KING COUNTY DEFENDANTS' RULE 12(C) MOTION
TO DISMISS [No. 3:22-cv-5403-DGE] - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-0191

1    Rainier Arms alleges that the new law has forced it to stop selling the prohibited magazines.

2    Dkt. 42, ¶ 13, 63.  Rainier Arms alleges therefore that the ban has "harmed its business."  *Id.*

3    Rainier Arms has not alleged that it intends to violate the ban.

4                    **V.    LEGAL ARGUMENT**

5          **A.  STANDARD OF REVIEW.**

6          A Rule 12(c) motion for judgment on the pleadings is considered utilizing the same

7    standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which

8    relief can be granted. *McGlinchy v. Shull Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  A plaintiff

9    must allege sufficient facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp.*

10   *v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).  A complaint may be

11   dismissed if: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged

12   insufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d

13   696, 699 (9th Cir.1990).  Although the court must accept all material allegations in the complaint

14   as true, conclusory allegations without more are insufficient to defeat a motion to dismiss for

15   failure to state a claim.  *McCarthy v. Mayo*, 827 F.2d 1310, 1317 (9th Cir.1987).

16         **B.    PLAINTIFFS LACK STANDING TO BRING THEIR**
             **PREENFORCEMENT CHALLENGE AGAINST KING COUNTY**
17           **DEFENDANTS.**

18               **1.    A Speculative Fear of Prosecution Is Insufficient to Confer Standing**.

19         The ban on sales of large capacity magazines that Plaintiffs challenge became effective

     July 1, 2022, weeks after they filed this lawsuit.  None of the plaintiffs allege that they have been

21

22   ────────────────────
     public record. *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 866
23   n.1 (9th Cir. 2004).

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-0191

1  arrested or prosecuted by King County Defendants as a result of the ban . As such, Plaintiffs bring

2  a "preenforcement" challenge.

3      Article III of the United States Constitution limits federal court jurisdiction to "actual,

4  ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249,

5  108 L.Ed.2d 400 (1990).  In order to invoke the subject matter jurisdiction of this Court, Plaintiffs

6  bear the burden of establishing standing, which consists of three elements:   "injury in fact,

7  causation, and a likelihood that a favorable decision will redress the plaintiff's alleged injury."

8  *Lopez v. Candaele,* 630 F.3d 775, 785 (9th Cir. 2010).  An injury in fact is one that is both "concrete

9  and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.,* (quoting *Lujan*

10 *v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).  In this

11 respect, standing and ripeness overlap.  "In 'measuring whether the litigant has asserted an injury

12 that is real and concrete rather than speculative and hypothetical, the ripeness inquiry merges

13 almost completely with standing.'"  *Thomas v. Anchorage Equal Rights Com'n,* 220 F.3d 1134,

14 1139 (9th Cir. 2000) (quoting Gene R. Nichol, Jr., *Ripeness and the Constitution,* 54 U. Chi. L.Rev.

15 153, 172 (1987)).

16     Even in the First Amendment context, where a "relaxed standing analysis" applies such

17 that plaintiffs may establish standing without suffering a direct injury, plaintiffs must still meet the

18 standing requirements by demonstrating a "realistic danger" of injury by alleging (1) an intention

19 to engage in conduct proscribed by the statute at issue, and (2) a credible threat of prosecution

   thereunder.  *Lopez*, 630 F.3d at  785.

       Standing cannot be established by only alleging the existence of a proscriptive statute and

21 a generalized threat of prosecution. *Thomas*, 220 F.3d at 1139.  "In evaluating the genuineness of

22 a claimed threat of prosecution, we look to whether the plaintiffs have articulated a 'concrete plan'

23

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-0191

1    to violate the law in question, whether the prosecuting authorities have communicated a specific

2    warning or threat to initiate proceedings, and the history of past prosecution or enforcement under

3    the challenged statute." *Id.*

4         In the Second Amendment context, courts in this circuit have affirmed that a speculative

5    threat of prosecution is insufficient to confer standing.   In *San Diego County Gun Rights*

6    *Committee v. Reno*, 98 F.3d 1121 (1996), individuals and associations brought a preenforcement

7    challenge against the Attorney General, the acting Secretary of the Treasury and the Bureau of

8    Alcohol, Tobacco and Firearms challenging the former federal ban on semiautomatic assault

9    weapons and large capacity magazines.  None of the plaintiffs had been arrested or prosecuted for

10   violating the ban.  *Id.* at 1124.  The Ninth Circuit affirmed the district court's dismissal based on

11   standing and ripeness because the plaintiffs articulated no concrete plans to violate the law and

12   showed no genuine threat of imminent prosecution.  *Id.* at 1126-27.

13        Similarly, in *Nichols v. Brown*, 859 F.Supp.2d 1118 (C.D. Cal. 2012), the plaintiff brought

14   a § 1983 action against the California Attorney General, the governor, the city of Redondo Beach,

15   its police department and its police chief challenging a state firearm prohibition.  The court

16   dismissed the Redondo Beach defendants, concluding that a general fear of prosecution is

17   insufficient to establish a particularized, imminent preenforcement threat of prosecution.  *Id.* at

18   1129, 1133-34.  The court also concluded that any alleged injury from the state law was not

19   traceable to the city defendants.  *Id.* at 1133.

         Recent Supreme Court Second Amendment cases have not changed the standing analysis

     vis-à-vis a preenforcement challenge brought against local law enforcement officials.  In *District*

21   *of Columbia v. Heller*, 554 U.S. 570, 575, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), the plaintiff

22   suffered an injury in fact sufficient to confer standing when the District of Columbia refused to

23

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-0191

register his handgun.  Significantly, the D.C. Circuit opinion in *Heller* concluded that while Heller had standing, the other five plaintiffs did not because there was no evidence of an imminent threat of prosecution.  *Parker v. District of Columbia,* 478 F.3d 370, 375 (D.C. 2007), *affirmed,* 554 U.S. at 636 (2008).  In *New York State Rifle & Pistol Association, Inc. v. Bruen*, __ U.S. __, 142 S.Ct. 2111, 2125 (2022), the plaintiffs suffered an injury in fact when the state denied their applications for licenses to carry handguns.  And finally, the plaintiffs in *McDonald v. City of Chicago*, 561 U.S. 742, 752, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010), sued only the cities that enacted the ordinances in question, not local law enforcement officials.

Applying the well-established standing principles to this case, Plaintiffs have failed to establish standing against King County Defendants.  Rainier Arms, the only plaintiff located in King County, has not articulated a concrete plan to violate the law, which in itself prevents any claim of standing.  Moreover, Rainier Arms has additionally failed to show any genuine threat of prosecution from anyone, but especially from King County Defendants.  There has been no specific warning or threat by King County Defendants to initiate proceedings against Rainier Arms.  Nor is there any history of past enforcement.  *See  Thomas*, 220 F.3d at 1139.

### 2. Plaintiffs Have Sued the Wrong Defendant Because Auburn, Not King County, Investigates and Prosecutes Gross Misdemeanors Committed Within City Borders.

The City of Auburn, not the King County Sheriff or the King County Prosecutor, is the government primarily responsible for investigating and prosecuting gross misdemeanors committed within its city limits.  Plaintiffs' conclusory allegation that the King County Sheriff and the King County Prosecuting Attorney are responsible for arresting and prosecuting all public offenses in King County disregards Washington law.  Dkt. 42, ¶ 18, 21.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-0191

Cities have police powers within their borders.  Wash. Const., article XI, §11.  Any misdemeanors committed within the city limits of an incorporated city are primarily investigated and prosecuted by the city's police force and city attorney, not county officials.  As a code city organized under Title 35A RCW, Auburn is directed to "observe and enforce, in addition to its local regulations, the provisions of state laws relating to the conduct, location and limitation on activities as regulated by state law."  RCW 35A.21.161.  It has primary jurisdiction for prosecuting and adjudicating gross misdemeanors committed within the city's borders:

> Each county, city, and town is responsible for the prosecution, adjudication, sentencing, and incarceration of misdemeanor and gross misdemeanor offenses committed by adults in their respective jurisdictions, and referred from their respective law enforcement agencies, whether filed under state law or city ordinance, and must carry out these responsibilities through the use of their own courts, staff, and facilities, or by entering into contracts or interlocal agreements under this chapter to provide these services.

RCW 39.34.180(1).

The Auburn City Code (hereinafter "ACC") contains the Auburn Criminal Code.  ACC, Title 9.[3]  ACC 9.02.020 provides that "any person who commits within the corporate limits of the city any crime" that is a violation of the code "or a violation the prosecution of which is the responsibility of the city pursuant to RCW 39.34.180, is liable to arrest and punishment."  ACC 9.02.110 incorporates by reference into the city code all gross misdemeanors in the Revised Code of Washington, including specifically those in Title 9.  ACC 9.02.110(A) states as follows: "statutes of the state of Washington specified herein and as specified in ordinances codified in this title are adopted by reference as and for a portion of the penal code of the city of Auburn."  ACC 9.02.110(B) provides that "The city hereby adopts by reference all of the crimes defined as gross

---

[3] The Auburn City Code can be found at https://auburn.municipal.codes/.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-0191

1  misdemeanors or misdemeanors in the Revised Code of Washington, as not enacted or hereafter

2  amended or adopted, including but not limited to, RCW Titles 9, . . . ."

3      In light of above-cited state laws and Auburn's incorporation of all misdemeanors defined

4  in the RCW into its city code, there is no genuine realistic threat that *King County* authorities

5  would investigate or prosecute Rainier Arms for a misdemeanor committed within the city of

6  Auburn.   Because Rainier Arms is located within the city limits of Auburn, the primary

7  responsibility for enforcing RCW 9.41.370 would fall to the Auburn Police Department,[4] not the

8  King County Sheriff's Office.[5]  In addition, prosecution of misdemeanors within the city limits of

9  Auburn is primarily conducted by the Auburn City Attorney's Office,[6] not the King County

10  Prosecuting Attorney's Office.  Significantly, in their opposition to Kitsap County Defendants'

11  motion to dismiss, Plaintiffs have conceded that "It might be further argued that Rainier Arms,

12  located in King County, does not have standing to sue the Kitsap Defendants because they do not

13  play a role in enforcing the law where Rainier Arms is located." Dkt. 53, at 8:3-5.  The same is

14  true for the King County defendants.

15      Regardless of Plaintiffs' standing to seek declaratory relief regarding the validity of the

16  statute by suing the Washington Attorney General in his official capacity, King County Defendants

17  are not proper defendants for the preenforcement challenge in this case.

18

19

---

[4] See https://www.auburnwa.gov/city_hall/police.

[5] Compare https://kingcounty.gov/depts/sheriff/about-us/about-us.aspx explaining that the King County Sheriff's Office "serves the law enforcement needs of over half a million people in unincorporated areas" and twelve contract cities. Auburn is not a contract city.  *Id.*

21  https://kingcounty.gov/depts/sheriff/police-partnerships.aspx.

[6] See https://www.auburnwa.gov/city_hall/legal.  The Auburn City Attorney's Office Prosecution

22  Division "is responsible for the prosecution of criminal misdemeanors, traffic infractions, and code enforcement violations filed in the King County District Court -  South Division, Auburn Facility."

23  *Id.*

KING COUNTY DEFENDANTS' RULE 12(C) MOTION
TO DISMISS [No. 3:22-cv-5403-DGE] - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-0191

### C. Plaintiffs Have Failed To Allege Sufficient Facts to Establish 42 U.S.C. § 1983 "Official Capacity" Liability Against King County Defendants Pursuant To *Monell*.

Plaintiffs fail to state a claim against King County Defendants under 42 U.S.C. § 1983 pursuant to *Monell*.  In *Monell, supra,* the Supreme Court held that municipalities may only be held liable under § 1983 for constitutional violations resulting from official county policy or custom. *Monell,* 436 U.S. at 694.  The custom or policy must be a "deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (ellipsis in original) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion)). To impose *Monell* entity liability for a violation of constitutional rights, a plaintiff must show that (1) the plaintiff possessed a constitutional right and was deprived of that right, (2) the defendant had a policy, (3) the defendant's policy amounts to deliberate indifference to the plaintiff's constitutional right, *and* (4) the defendant's policy was the moving force behind a constitutional violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).  A governmental policy is a deliberate choice to follow a course of action by an official or officials responsible for establishing final policy. *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021).  A plaintiff can satisfy *Monell's* policy requirement in one of three ways. *Id.*  First, the plaintiff can show that acts were done pursuant to an express adopted official policy. *Id.*  Second, the plaintiff can show a longstanding practice or custom. *Id.*  Or third, the plaintiff can show that a constitutional violation was committed by an official that had final policy-making authority or that such an official ratified a subordinate's unconstitutional action and the basis for it. *Id.*  A single unconstitutional incident is insufficient to state a claim for municipal liability under § 1983

unless it was clearly traceable to a municipality's legislative body or some other authorized

decisionmaker.  *Benavidez v. County of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021).

    *Monell* applies to suits brough against public officials in their "official capacity," as

opposed to in their "personal capacity."  As the Supreme Court has explained:

> [T]o establish personal liability in a § 1983 action, it is enough to show that the official,
> acting under color of state law, caused the deprivation of a federal right.  More is required
> in an official-capacity action, however, for a governmental entity is liable under § 1983
> only when the entity itself is a "moving force" behind the deprivation; thus, in an official-
> capacity suit the entity's "policy or custom" must have played a part in the violation of
> federal law.

*Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (citations

omitted).  *See also Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010) (applying *Monell* to lawsuit

brough against public entity defendants in their official capacity).  In the amended complaint,

Plaintiffs explicitly state that this suit is brought against King County Defendants "in their official

capacities."  Dkt. 42, at 2:1-6.  In response to Kitsap County Defendants' motion to dismiss,

Plaintiffs have reiterated that this suit has been "brought against Defendants only in their *official*

capacities" and the suit is "effectively a suit against the state itself."  Dkt. 53, at 2:12-17 (emphasis

in original).

    In the amended complaint Plaintiffs fail to allege a *Monell* claim in even a conclusory way.

There is absolutely no allegation that King County Defendants have an official policy or have a

long-standing custom of enforcing the newly-enacted RCW 9.41.370.  As such, Plaintiffs have

failed to state a claim against King County Defendants pursuant to 42 U.S.C. § 1983.

KING COUNTY DEFENDANTS' RULE 12(C) MOTION
TO DISMISS [No. 3:22-cv-5403-DGE] - 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-0191

# VI.   <u>CONCLUSION</u>

This Court lacks jurisdiction under Article III because Plaintiffs' preenforcement challenge is entirely speculative and Plaintiffs have failed to present a live case or controversy.  Even if they had a justiciable case or controversy, they lack standing to seek injunctive relief or damages against King County Defendants because the investigation and prosecution of misdemeanors within the Auburn City limits are the responsibility of the City of Auburn.  This action should be dismissed with prejudice as to Defendants King County Sheriff Patti Cole-Tindall and King County Prosecuting Attorney Dan Satterberg for lack of subject matter jurisdiction.  In the alternative, Plaintiffs' claim against King County Defendants based on 42 U.S.C. § 1983 should be dismissed for failure to sufficiently plead a *Monell* claim.

DATED this 10th day of  August, 2022.

DANIEL T. SATTERBERG
King County Prosecuting Attorney


By: *s/ Ann Summers*
ANN M. SUMMERS, WSBA #21509

By: *s/ David Hackett*
DAVID J. HACKETT, WSBA #21236

Senior Deputy Prosecuting Attorneys
Attorneys for King County Defendants
1191 Second Avenue, Suite 1700
Seattle, WA 98101
Phone: (206) 477-1120/Fax: (206) 296-0191
david.hackett@kingcounty.gov
ann.summers@kingcounty.gov

1

## CERTIFICATE OF FILING AND SERVICE

2          I hereby certify that on August 10, 2022, I electronically filed the foregoing document

3 with the Clerk of the Court using the CM/ECF E-filing system which will send notification of

4 such filing to all counsel of record.

5          I declare under penalty of perjury under the laws of the United States of America and the

6 State of Washington that the foregoing is true and correct.

7

          DATED this 10th day of August, 2022.

8

9          _____

10          RAFAEL MUNOZ-CINTRON
          Legal Assistant – Litigation Section
11          King County Prosecuting Attorney's Office

12

13

14

15

16

17

18

19

21

22

23

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-0191