The Honorable Judge David G. Estudillo

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

Gabriella Sullivan, *et al.*,

    *Plaintiffs*,

    v.

Bob Ferguson, in his official capacity as Washington State Attorney General, *et al.*

    *Defendants*.

No. 3:22-cv-05403-DGE

**PLAINTIFFS' OPPOSITION TO KING COUNTY DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION

The Second Amendment guarantees an "individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008). The right applies against the states through the Fourteenth Amendment, *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010), and in addition to protecting the right to possess firearms, it protects the "corollary . . . right to possess the magazines necessary to render those firearms operable," *Fyock v. Sunnyvale*, 779 F.3d 991, 998 (9th Cir. 2015). Plaintiffs have brought this action alleging that Washington's recently enacted ban on the manufacture, importation, distribution, or sale of magazines capable of holding more than ten rounds of ammunition violates their Second and Fourteenth Amendment right to possess these magazines, which are in common use and overwhelmingly possessed by law-abiding citizens who own them for lawful purposes. They have sued both state and local enforcement officials to secure that right. One set of local enforcement officials, the defendants from King County, have moved to dismiss on the grounds that Plaintiffs

Pls.' Opp. to King Defs.' R. 12(c) Mot. to Dismiss - 1

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

lack standing or, in the alternative, have failed to state a claim for relief against them as municipal officials. Neither is correct.

Regarding standing, Plaintiffs—two individuals who until recently bought banned magazines, a dealer who until recently sold them, and two organizations which count them all as members—have already been harmed by the Magazine Ban and have standing to sue based on these existing injuries. The individuals now have no way of legally buying new magazines holding more than ten rounds anywhere in the State of Washington. The legal market for standard capacity magazines has been obliterated by Washington's enactment of the Magazine Ban. The dealer has been forced to cease profitable sales of the banned magazines and has suffered, and will continue to suffer, lost profits as a result. These injuries suffice to establish standing under binding Ninth Circuit precedent. Furthermore, the dealer's injuries are directly traceable to the King Defendants, since the dealer is located in King County and his economic injuries arise from a state statute which the King Defendants have a duty to enforce against him.

Regarding the sufficiency of Plaintiffs' allegations to state a claim under Section 1983, the King Defendants are wrong to suggest that Plaintiffs are suing them as enforcement officials for their municipality and so must satisfy the requirements of *Monell*. As officials charged with enforcing state law in King County, the King Defendants are state officials who may be sued for prospective, injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908), and Plaintiffs have sufficiently pleaded such a claim.

## II.  FACTS

Washington Governor Jay Inslee signed Engrossed Senate Bill 5078 ("Magazine Ban" or "Ban") on March 23, 2022. On July 1, 2022, the Magazine Ban made it illegal for any party in Washington to "manufacture, import, distribute, sell, or offer for sale any large capacity magazine." RCW 9.41.370(1). Washington defines these "large capacity magazines" as "an ammunition feeding device with the capacity to accept more than 10 rounds of ammunition, or any conversion kit, part, or combination of parts, from which such a device can be assembled." RCW 9.41.010(16).

Pls.' Opp. to King Defs.' R. 12(c) Mot. to Dismiss - 2

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

The Ban destroys the market for all magazines holding more than ten rounds within Washington by making it illegal to sell them. First Am. Compl. for Decl. and Inj. Relief, Doc. 42 ¶ 59 (July 1, 2022) ("Am. Compl.") As such, there is no way for individuals in Washington to purchase these magazines within the state. And even if someone were willing and able to travel out of the state to purchase new magazines, they would violate the Ban's prohibition on "importing" magazines. RCW 9.41.010(14). For firearms dealers, continued sales to civilians of standard capacity magazines holding in excess of 10 rounds (or firearms which come equipped with such magazines), violate the Ban. Am. Compl. ¶¶ 63–64. A violation is a gross misdemeanor punishable by up to 364 days imprisonment and a fine of up to $5,000. RCW 9.41.370(3); 9A.20.021(2).

Plaintiffs in this case are two individuals, a federally licensed firearms dealer (collectively "Member Plaintiffs"), Second Amendment Foundation ("SAF"), and Firearms Policy Coalition, Inc. ("FPC") (collectively "Organizational Plaintiffs"). Plaintiff Gabriella Sullivan is a law-abiding adult citizen and resident of Kitsap County and a member of SAF and FPC. Am. Compl. ¶¶ 53–55. Sullivan owns multiple standard capacity magazines holding more than ten rounds of ammunition and firearms that can be equipped with them and she would purchase more but for the Magazine Ban. Am. Compl. ¶¶ 56–57. Plaintiff Daniel Martin is a law-abiding adult citizen and resident of Grays Harbor County and a member of SAF and FPC. Am. Compl. ¶¶ 66–68. Martin also owns multiple standard capacity magazines holding more than ten rounds of ammunition and firearms that can be equipped with them; he also desires to purchase more. Am. Compl. ¶¶ 69–70. Sullivan and Martin intend to use their banned magazines for lawful purposes like sport shooting and self-defense. Am. Compl. ¶¶ 58, 71. Indeed, Martin is an avid sport shooter and he has worn out and broken magazines in the past. Am. Compl. ¶ 70. Prior to the Magazine Ban going into effect, both Sullivan and Martin had legally purchased standard capacity magazines capable of holding more than ten rounds of ammunition on multiple occasions, but they are no longer able to purchase them anywhere in Washington because sellers have been legally required to cease to offer them for sale following the enactment of the Magazine Ban. Am. Compl. ¶¶ 56, 59, 69, 72.

Pls.' Opp. to King Defs.' R. 12(c) Mot. to Dismiss - 3

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Plaintiff Rainier Arms is a federally licensed firearms dealer located in King County, Washington. Am. Compl. ¶ 61. It is owned and operated by John Hwang, a member of FPC and SAF. Am. Compl. ¶ 61. Prior to the Magazine Ban becoming effective, every month Rainier Arms sold dozens of firearms equipped with now-illegal standard capacity magazines and sold *hundreds* of the magazines as standalone products. Am. Compl. ¶ 62. On July 1, 2022, Rainier Arms was forced to discontinue selling these magazines to civilians in Washington and has lost and continues to lose profitable business as a result. Am. Compl. ¶ 63.

The Organizational Plaintiffs are both nonprofit organizations whose core purposes include promoting and defending the right to keep and bear arms. Am. Compl. ¶¶ 14–15. In addition to the Member Plaintiffs, the Organizational Plaintiffs' Washingtonian members number in the thousands and many of them are presently harmed by the Magazine Ban in the same way as the Member Plaintiffs. Am. Compl. ¶¶ 14–15.

Plaintiffs seek a declaration that the Magazine Ban is unconstitutional under the Second and Fourteenth Amendments and an injunction against its enforcement. Am. Compl. at 17. To ensure the injunctive relief is effective, Plaintiffs have sued Attorney General Bob Ferguson and Chief of the Washington State Patrol John R. Batiste, who enforce the Ban at the statewide level, as well as local enforcement officials in the counties where the Member Plaintiffs reside (all in their official capacities). Am. Compl. ¶¶ 16–23.

Defendants Patti Cole-Tindall and Dan Satterberg are the local enforcement officials for King County, where Rainier Arms is located. Am. Compl. ¶¶ 18, 21. Defendant Cole-Tindall is King County Sheriff and therefore tasked with arresting and imprisoning "all persons guilty of public offenses" in the county. RCW 36.28.010(1). A violation of the Magazine Ban would constitute such a "public offense." *Id*. Defendant Satterberg is King County Prosecutor and therefore responsible for "prosecut[ing] all criminal and civil actions" in King County to "which the state or the county may be a party." RCW 36.27.020(4). This includes actions to enforce the

Pls.' Opp. to King Defs.' R. 12(c) Mot. to Dismiss - 4

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Ban. Despite their statutory duty to enforce the Ban, the King Defendants have moved to dismiss,[1] alleging that Plaintiffs lack standing to sue because they have not been harmed by the Ban and have failed to state a cognizable claim under 42 U.S.C. § 1983.

### III. ARGUMENT

#### A. Plaintiffs Have Standing to Challenge the Magazine Ban.

When considering a motion to dismiss, the Court must construe the complaint in the light most favorable to the non-moving party and accept as true all well-pleaded allegations. *Montana Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013). To have standing, a plaintiff must allege an "injury in fact," defined as "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). Furthermore, there must be a causal connection between the injury and the challenged action or law, and it must be likely that a favorable decision would redress the injury. *Id.* at 560–61. "[T]he presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement," so as long as one Plaintiff has standing, this Court's jurisdiction is secure. *Rumsfeld v. Forum for Acad. & Inst. Rights, Inc.*, 547 U.S. 47, 52 n.2 (2006). Therefore, once this Court determines that one Plaintiff has standing, it need not even evaluate any other Plaintiff's standing.

#### 1. Plaintiffs Have Adequately Alleged Injury to Support Standing.

The King Defendants first argue that Plaintiffs have failed to satisfy the injury-in-fact requirement by not articulating "a concrete plan to violate the law" and by not demonstrating a "genuine threat of prosecution" because there is no history of prosecution for the new statute and they have issued no threat of enforcement. King Cnty. Defs.' Rule 12(c) Mot. to Dismiss ("King

---

[1] The King Defendants have filed their motion under Fed. R. Civ. P. 12(c), which governs motions for judgment on the pleadings. However, because the same standards govern motions to dismiss and motions for judgment on the pleadings, *see, e.g.*, *Manchester v. Ceco Concrete Const., LLC*, No. C13-832RAJ, 2014 WL 6684891, *2 (W.D.W.A. Nov. 24, 2014) (calling them "virtually interchangeable"), Plaintiffs will follow the King Defendants' practice of referring to the motion as a motion to dismiss.

Pls.' Opp. to King Defs.' R. 12(c) Mot. to Dismiss - 5

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  Br."), Doc. 62, 7 (Aug. 10, 2022). This is incorrect—all Plaintiffs have suffered concrete injuries-
2  in-fact that support standing.

3        Plaintiffs Sullivan and Martin are unable to purchase new standard capacity magazines in
4  Washington because the market for them has been destroyed by the Ban. The very same injury
5  was held to give rise to standing in *Jackson v. City and County of San Francisco*, 746 F.3d 953,
6  967 (9th Cir. 2014). In that case, the plaintiff alleged "the Second Amendment provide[d] her with
7  a 'legally protected interest' to purchase hollow-point ammunition, and that but for [the challenged
8  law] she would do so within San Francisco." *Id.* (citation omitted). Like the plaintiff in *Jackson*,
9  Plaintiffs Sullivan and Martin allege they are "unable to purchase additional magazines or firearms
10 equipped with standard capacity magazines lawfully, because the existence of the Act, and
11 Defendants' enforcement of it, has extinguished the legal market for those items in Washington."
12 Am. Compl. ¶ 59; *see also id.* ¶ 72. The King Defendants, who would require Plaintiffs to articulate
13 a "concrete plan" to violate the law, seemingly by traveling to another state where retailers still
14 offer magazines capable of holding more than ten rounds of ammunition, ignore the fact that
15 having to leave Washington to exercise their Second Amendment rights (and even then, to do so
16 illegally and face potential prosecution) is *itself* an injury. *Jackson*, 746 F.3d at 967; *Ezell v. City*
17 *of Chicago*, 651 F.3d 684, 697 (7th Cir. 2011) ("This reasoning assumes that the harm to a
18 constitutional right is measured by the extent to which it can be exercised in another jurisdiction.
19 That's a profoundly mistaken assumption."). The King Defendants cannot use the fact that
20 Washington has chosen to target retailers with its Magazine Ban to keep purchasers, whose rights
21 are directly harmed, from challenging the statute. *See Jackson*, 746 F.3d at 967; *see also Nat'l*
22 *Rifle Ass'n of Am., Inc. v. BATFE*, 700 F.3d 185, 191–92 (5th Cir. 2012) *abrogated on other*
23 *grounds by N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) ("[B]y prohibiting
24 FFLs from selling handguns to 18-to-20-year-olds, the laws caused those persons a concrete,
25 particularized injury—i.e., the injury of not being able to purchase handguns from FFLs.").
26       Rainier Arms, which is located in King County and on whom the King Defendants focus,
27 also has already suffered injury-in-fact sufficient to give rise to standing. It has lost and is

Pls.' Opp. to King Defs.' R. 12(c) Mot. to Dismiss - 6
*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

continuing to lose profits from suspending its pre-existing business selling the recently banned magazines either individually or as standard components of certain firearms. The Ninth Circuit has repeatedly recognized that "[e]conomic injury caused by a proscriptive statute is sufficient for standing to challenge that statute." *Montana Shooting Sports*, 727 F.3d at 979. In *National Audubon Society, Inc. v. Davis*, 307 F.3d 835, 855–56 (9th Cir. 2002), *opinion amended in other respects on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002), the Court found trappers had standing to challenge a state law banning the use of steel-jawed leghold animal traps because the trappers were experiencing "actual, ongoing economic harm resulting from their cessation of trapping." *Id.* at 855. Similar reasoning compelled the Ninth Circuit's decision finding standing in *Montana Shooting Sports*. In that case the individual plaintiff alleged he desired to begin manufacturing firearms in compliance with Montana law but in violation of federal law and that as long as he could not manufacture firearms legally, he was suffering lost profits. *Montana Shooting Sports Ass'n*, 727 F.3d at 978–79. The Ninth Circuit found that this "economic injury resulting from laws explicitly prohibiting a business activity that he would otherwise engage in," likewise established his standing. *Id.* at 979. This case is the same. If anything, Rainier Arms has a firmer basis for standing than the plaintiff in *Montana Shooting Sports*; the plaintiff in Montana had "a background in running his own shooting range equipment manufacturing business, ha[d] identified suppliers for the component parts of the [firearm he planned to make], ha[d] design plans for the firearm ready to load into manufacturing equipment, and ha[d] identified hundreds of customers," but he had never actually manufactured a firearm before. *Id.* at 980. In this case, until the Magazine Ban became effective on July 1, 2022, every month Rainier Arms sold hundreds of standard capacity magazines to individuals to whom Rainier Arms is now prohibited to sell, as well as dozens of firearms equipped with such magazines. Am. Compl. ¶ 62. Rainier Arms would still be doing so today if not for the Magazine Ban. Compliance with a newly enacted Washington law has had an immediate detrimental effect on Rainier Arms' bottom line, so Rainier Arms has standing.

      Rainier Arms furthermore has standing to assert the Second Amendment rights of its customers who, like Sullivan and Martin, would acquire banned magazines but cannot because

Pls.' Opp. to King Defs.' R. 12(c) Mot. to Dismiss - 7

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Rainier Arms and all other lawful dealers in the state now refuse to sell them. *See Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017); *see also Craig v. Boren*, 429 U.S. 190, 195 (1976) ("Vendors and those in like positions have been uniformly permitted to resist efforts at restricting their operations by acting as advocates of the rights of third parties who seek access to their market or function."). Rainier Arms therefore has standing to bring this suit.

The King Defendants argue that Rainier Arms' injury is not "traceable" to them because "[t]here has been no specific warning or threat by King County Defendants to initiate proceedings against Rainier Arms. Nor is there any history of past enforcement." King Br. 7. But in cases where economic damages are incurred through compliance with a proscriptive statute, it is enough that injury is "fairly traceable" to the enactment and threatened enforcement of the law itself and an action can lie against officials charged with enforcing it. *See Nat'l Audubon Soc'y*, 307 F.3d at 856; *see also Hartmann v. Cal. Dep't of Corrs. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013). The injury is furthermore "redressable" because a declaration that the Magazine Ban is invalid and an injunction against its enforcement would permit Rainier Arms to sell banned magazines again.

The King Defendants rely on *San Diego County Gun Rights Committee v. Reno*, 98 F.3d 1121 (9th Cir. 1996) and *Nichols v. Brown*, 859 F. Supp. 2d 1118 (C.D. Cal. 2012) for their argument that Plaintiffs have not pleaded an injury, but neither is like this case. *See* King Br. 6. In *San Diego County*, the plaintiffs asserted they had standing on several grounds—"the existence of the Crime Control Act itself, threat of prosecution, chilling effect on their exercise of constitutional rights, and economic injury." 98 F.3d at 1126. As explained above, the only one of these bases at issue in this case is economic injury, and *San Diego County* acknowledged that "[e]conomic injury is clearly a sufficient basis for standing." *Id.* at 1130. The court merely rejected the *specific* economic injury plaintiffs claimed in that case—that the Violent Crime Control and Law Enforcement Act of 1994 raised the price of certain grandfathered arms "from 40% to 100%" on the secondary market—as "sheer speculation," noting that other factors affected the price of the arms and cautioning that "where injury is alleged to occur within a market context, the concepts of causation and redressability become particularly nebulous and subject to contradictory, and

Pls.' Opp. to King Defs.' R. 12(c) Mot. to Dismiss - 8

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

frequently unprovable, analyses." *Id.* (quoting *Common Cause v. Dep't of Energy*, 702 F.2d 245, 251 (D.C. Cir. 1983)). Here, there is no speculation involved in Rainier Arms' economic injury and no other factors to account for. It sold hundreds of magazines with a capacity for more than 10 rounds each month until July 1, 2022, when the Magazine Ban went into effect. Since July 1, 2022, and continuing to today, it has lost profits as a direct result of the Ban.

In *Nichols* there was no economic injury asserted; instead the court found that the plaintiff failed to satisfy Article III requirements by not alleging a concrete plan to violate the challenged statute. 859 F. Supp. 2d at 1128–29. As explained above, that requirement is not at issue here. More to the point, the King Defendants emphasize that the court went on to find an additional reason why the plaintiff lacked standing. His alleged injury was not traceable to the local enforcement officials—the police department for Redondo Beach—because "at most" the plaintiff had alleged the municipal police of Redondo Beach had a policy of enforcing state law, but such a policy was insufficient for municipal liability under Section 1983. *Id.* at 1133–34. Here, as discussed in more detail below, the King Defendants are not sued on behalf of their municipality, but as enforcement agents of the state. They do not enforce municipal or county laws, they directly enforce state criminal laws like the Magazine Ban. Therefore, the traceability problem from *Nichols* is absent here.

Finally, Plaintiffs note that the narrow vision of standing advanced by the King Defendants is inconsistent with the Ninth Circuit's repeated exercise of jurisdiction over similar challenges to new (or even existing) laws allegedly restricting the exercise of the plaintiff's Second Amendment rights, without requiring that a plaintiff actually violate the law to challenge it. *See, e.g.*, *Jones v. Bonta*, 34 F.4th 704, 711 (9th Cir. 2022); *Fyock*, 779 F.3d at 998; *see also Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) ("When contesting the constitutionality of a criminal statute, it is not necessary that the plaintiff first expose himself to actual arrest or prosecution to be entitled to challenge the statute that he claims deters the exercise of his constitutional rights." (citation omitted)). Where, as here, the Member Plaintiffs are individuals and a business who, until it was outlawed, purchased and sold magazines capable of holding more

Pls.' Opp. to King Defs.' R. 12(c) Mot. to Dismiss - 9

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

than ten rounds of ammunition, there is "little question" that they have been injured and have standing. *See Lujan*, 504 U.S. at 561–62.[2]

### 2. The King Defendants Are Proper Defendants Because They Are Charged By Law With Enforcing the Magazine Ban.

Plaintiffs have standing to sue the King Defendants because they are charged by law with enforcing the Magazine Ban and are therefore the cause of Plaintiffs' injuries. Defendant Satterberg is the King County Prosecutor. In that role, he is charged with "prosecut[ing] all criminal and civil actions in which the state or the county may be a party." RCW 36.27.020(4). Defendant Cole-Tindall is the King County Sheriff, the "conservator of the peace of the county" charged with "arrest[ing] and commit[ting] to prison . . . all persons guilty of public offenses." RCW 36.28.010(1). Both, therefore, have the authority—in fact, the duty—to enforce the Magazine Ban against people in King County. Defendant Rainier Arms is located in King County and is therefore subject to having the Magazine Ban enforced against it by the King Defendants. Rainier Arms' injury is traceable to them and would be redressed by a judgment enjoining them from enforcing the Magazine Ban against it. *See Young v. Trump*, 506 F. Supp. 3d 921, 935 (N.D. Cal. 2020) (noting "redressability does not require a showing that the plaintiff will obtain complete relief for all injuries alleged . . . [n]or need the plaintiff show that judicial relief will remedy any one injury entirely, for it is enough that the risk of the alleged harm would be reduced to some extent if the plaintiffs received the relief they seek." (cleaned up)).

The King Defendants do not disclaim authority to enforce the Magazine Ban, instead they argue that because Rainier Arms is located in Auburn, Washington, a city within King County, and Auburn has made violations of the Magazine Ban a violation of city ordinance as well, Auburn officials have "primary jurisdiction" over violations of the Magazine Ban. King Br. 8. But nothing

---

[2] As discussed in Plaintiffs' Opposition to Kitsap County Defendants' Motion to Dismiss, Doc. 53 (July 25, 2022), although the Court need not reach the issue, the Organizational Plaintiffs also have standing because their members have standing, their individual participation is not necessary, and the interests they seek to protect are germane to their organizational purposes. *Id.* at 9 (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

Pls.' Opp. to King Defs.' R. 12(c) Mot. to Dismiss - 10

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

in any of the laws the King Defendants cite establishes more than that Auburn may *also* enforce the Ban through city ordinance. The King Defendants do not lack jurisdiction because of the Auburn ordinance and there is no reason to consider Auburn's jurisdiction somehow "primary."

Plaintiffs have challenged a state statute, and *only* the King Defendants have the duty to enforce state statutes. The "Washington State Constitution vests superior courts at the county level with general jurisdiction over most conflicts involving state law." *City of Auburn v. Gauntt*, 274 P.3d 1033, 1034 (Wash. 2012) (en banc). Similarly, statutes "authorize county prosecuting attorneys to 'appear for and represent the state and the counties' in judicial proceedings." *Id.* at 1034-35 (quoting RCW 36.27.005). By contrast, municipal courts are courts of limited jurisdiction, "generally restricted to matters arising under penal ordinances and local police regulations." *Id.* at 1035; see also Washington State Administrative Office of the Courts, A Guide to Washington State Courts 10 (12th ed. 2011) *available at* https://perma.cc/ZP33-SF3G ("Violations of municipal or city ordinances are heard in municipal courts."). While county officials are required to enforce state law, a city can decline to enforce all state laws merely by not adopting them into the city code (or by *un*adopting them, as many counties have done in the past). *See, e.g., City of Medina v. Primm*, 157 P.3d 379, 381–82 (Wash. 2007) (en banc).

For the proposition that "primary" jurisdiction for a gross misdemeanor like a violation of the Magazine Ban lies with the City of Auburn, the King Defendants cite RCW 39.34.180(1), which reads in relevant part: "Each county, city, and town is responsible for the prosecution, adjudication, sentencing, and incarceration of misdemeanor and gross misdemeanor offenses committed by adults in their respective jurisdictions . . . whether filed under state law or city ordinance." But this statute "does not confer executive authority on municipalities to prosecute violations of state law." *City of Auburn*, 274 P.3d at 1037. In fact, in *City of Auburn* the Washington Supreme Court held that "[n]one of the statutes advanced by the city confer authority upon a municipality to prosecute crimes based upon state statutes not adopted by the municipality." *Id.* at 1038. Instead, RCW 39.34.180(1) "refers only to the *fiscal* responsibility for the prosecution of misdemeanor offenses in respective jurisdictions." *Id.* at 1037. Meaning, if King County were to

Pls.' Opp. to King Defs.' R. 12(c) Mot. to Dismiss - 11

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

charge Rainier Arms with a violation of the Magazine Ban, Auburn may have to foot the bill. But the statute says nothing to diminish the King Defendants' authority to enforce the state law there.

The King Defendants next argue that in this case authority to prosecute is provided by the Auburn City Code ("ACC") which "adopts by reference all of the crimes defined as gross misdemeanors . . . [in] RCW Title[] 9." ACC 9.02.110(B). But all this means is that a violation of the Magazine Ban would also qualify as a code violation in Auburn, *City of Medina*, 157 P.3d at 386, so that Rainier Arms *could* face a threat of prosecution in Auburn municipal court from Auburn authorities, just the same as it faces a threat of prosecution from the King Defendants. But it does not make sense that, just because the City of Auburn has adopted local ordinances permitting local officials to enforce the Magazine Ban, that would alleviate the statutory duty of the King Defendants to do the same. That argument has been decisively rejected by Washington Courts. In *State v. Taylor*, 427 P.3d 656 (Wash. Ct. App. 2018), the plaintiff was arrested by a state trooper and charged by the State (through the Spokane County Prosecutor) with driving under the influence in violation of RCW 46.61.502. *Id.* at 657–58. The plaintiff was arrested while he was within the City of Spokane, which is in the County of Spokane. *Id.* The plaintiff alleged his prosecution had been conducted without jurisdiction because the City of Spokane had adopted the relevant Washington law into its municipal code and so it was inappropriate for his prosecution to be carried out by the county. *Id.* at 658.

In rejecting this argument, the court noted that municipal courts have "exclusive criminal jurisdiction over all violations of *city ordinances*. RCW 46.61.502 is not a city ordinance. Nor did RCW 46.61.502 become a city ordinance by virtue of the City adopting it." *Id.* at 659. This holding makes sense. "County sheriffs and their deputies are authorized to enforce state laws within their respective counties. Such authorization applies *equally to incorporated areas as to unincorporated areas* within the county." *Id.* (emphasis added) An opinion letter from the Washington Attorney General shows that "authorized" actually understates it. "Nowhere has the Legislature indicated that the sheriff's powers and duties are limited to the unincorporated areas of the county. Nor is there any statutory language from which such a limitation might be inferred. . . . [T]he sheriff has

Pls.' Opp. to King Defs.' R. 12(c) Mot. to Dismiss - 12

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

a general *duty* to enforce state law in both unincorporated and incorporated areas of the county." 1990 Op. Att'y Gen. State of Wash. No. 4, 1990 WL 505770, *2 (1990) (emphasis added). To hold otherwise would permit a city, like Auburn, to remove state jurisdiction over gross misdemeanor and misdemeanor offenses within its borders by trumping state law with a city enactment.[3]

**B.  Plaintiffs Have Adequately Pleaded a Claim for Violation of Their Second and Fourteenth Amendment Rights Under 42 U.S.C. § 1983.**

Finally, the King Defendants argue that this Court should dismiss the claims against them because Plaintiffs have not satisfied the requirements of *Monell v. Department of Social Services of City of New* York, 436 U.S. 658 (1978), but Plaintiffs have not pleaded a *Monell* claim. Instead, because the King Defendants have a duty to enforce the Magazine Ban, they are appropriate defendants for the prospective relief Plaintiffs seek under *Ex parte Young*.

Under *Ex parte Young*, Plaintiffs may sue government officials in their official capacity to remedy a "continuing violation[] of federal law by a state or its officers." *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992). *Ex parte Young* applies to suits against county officials, *Moore v. Urquhart*, 899 F.3d 1094, 1103 (9th Cir. 2018), and requires only that there is "some connection between a named state officer and enforcement of a challenged state law," *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004) (internal quotations omitted).

As discussed above, the King Defendants have a "direct duty" to enforce the Magazine Ban, and that satisfies *Ex parte Young*. *Mitchell v. Atkins*, 387 F. Supp. 3d 1193, 1199 (W.D.W.A. 2019). Just as it was not an impediment to Plaintiffs' Article III standing, it is no answer for the King Defendants to suggest that enforcement is, as a practical matter, more likely to come through the Auburn police enforcing violations of the Auburn City Code. That "is beside the point. *Urquhart*'s ruling was not based on the sheriff's actions against the plaintiffs in particular, but

---

[3] Plaintiffs reserve the right to seek to amend the complaint to add enforcement defendants from the City of Auburn.

Pls.' Opp. to King Defs.' R. 12(c) Mot. to Dismiss - 13
*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

rather on the sheriff's 'power and duty' " to enforce the law. *Id.* at 1200 (quoting *Urquhart*, 899 F.3d at 1098). The King Defendants have the power and duty to enforce the Magazine Ban and so they may be sued under *Ex parte Young*.

Finally, again in the standing section of their brief, the King Defendants suggest that Plaintiffs may have the right to sue the Washington Attorney General "to seek declaratory relief regarding the validity of the statute" but insist they are "not proper defendants for the preenforcement challenge in this case." King Br. 9. In fact, Plaintiffs *do* have standing to sue both the Attorney General, who has authority to institute and prosecute actions on behalf of the state, RCW 43.10.030(2), and the Chief of the Washington State Patrol, who has a duty to enforce Washington law, including the Magazine Ban, throughout the state, RCW 43.43.030. It is equally true that both state officials are proper defendants under *Ex parte Young*. *See, e.g., Jevons v. Inslee*, 561 F. Supp.3d 1082, 1096 (E.D.W.A. 2021) ("Defendants do not appear to challenge whether Attorney General Ferguson is properly named in this suit, and the Court agrees sovereign immunity is not a jurisdictional bar as to the Attorney General."). Nevertheless, Plaintiffs' right to sue these state officials does not imply they cannot *also* sue the King Defendants. This Court rejected this same contention in *Mitchell*, noting that *Ex parte Young* actions "exist precisely to enjoin the enforcement of state statutes that violates federal law." 387 F. Supp. 3d at 1200.

## IV. CONCLUSION

For these reasons, the Court should deny the King Defendants' motion to dismiss.

Pls.' Opp. to King Defs.' R. 12(c) Mot. to Dismiss - 14

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

July 25, 2022

Ard Law Group PLLC

By: /s/ Joel B. Ard

Joel B. Ard, WSBA # 40104
Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
206.701.9243
Joel@Ard.law

*Attorney For Plaintiffs*

Cooper & Kirk, PLLC

*/s/ David H. Thompson*
David H. Thompson*
dthompson@cooperkirk.com

*/s/ Peter A. Patterson*
Peter A. Patterson*
ppatterson@cooperkirk.com

*/s/ William v. Bergstrom*
William V. Bergstrom*
wbergstrom@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)


Mountain States Legal Foundation

*/s/ Erin M. Erhardt*
Erin M. Erhardt*

2596 S. Lewis Way
Lakewood, CO 80227
Phone: (303) 292-2021

*Attorneys for Plaintiffs*


Firearms Policy Coalition, Inc.

*/s/ Cody J. Wisnieweski*
Cody J. Wisniewski*
cwi@fpchq.org

5550 Painted Mirage Road
Las Vegas, NV 89149
Phone: (916) 378-5785

Pls.' Opp. to King Defs.' R. 12(c) Mot. to Dismiss - 15

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

*Attorney for Plaintiffs Gabriella Sullivan, Rainier Arms LLC, Daniel Martin, and Firearms Policy Coalition, Inc.*

\*Admitted pro hac vice

Pls.' Opp. to King Defs.' R. 12(c) Mot. to Dismiss - 16

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243