The Honorable Judge David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GABRIELLA SULLIVAN; RAINIER ARMS, LLC; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC.,

    Plaintiffs,

v.

BOB FERGUSON, in his official capacity as Washington State Attorney General; JOHN R. BATISTE, in his official capacity as Chief of the Washington State Patrol; PATTI COLE-TINDALL, in her official capacity as Interim Sheriff for King County, Washington; JOHN GESE, in his official capacity as Sheriff for Kitsap County, Washington; RICK SCOTT, in his official capacity as Sheriff for Grays Harbor County, Washington; DAN SATTERBERG, in his official capacity as County Prosecutor for King County, Washington; CHAD M. ENRIGHT, in his official capacity as County Prosecutor for Kitsap County, Washington; and NORMA TILLOTSON, in her official capacity as County Prosecutor for Grays Harbor County, Washington,

    Defendants.

No. 3:22-cv-5403-DGE

KING COUNTY DEFENDANT'S REPLY IN SUPPORT OF RULE 12(C) MOTION TO DISMISS

KING COUNTY DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS   [No. 3:22-cv-5403-DGE] - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

## I. ARGUMENT IN REPLY

### A. PLAINTIFFS LACK STANDING AGAINST KING COUNTY DEFENDANTS BECAUSE ANY ALLEGED INJURY IS NOT FAIRLY TRACEABLE TO KING COUNTY DEFENDANTS.

Plaintiffs purportedly seek declaratory relief, injunctive relief, damages and attorney's fees against the Attorney General of Washington, the Chief of Washington State Patrol and also six local law enforcement officials based on a facial constitutional challenge to a new state statute. Dkt. 42. In response to King County Defendants' motion to dismiss, Plaintiffs fail to explain how they have standing against local law enforcement officials when they are challenging a newly-enacted state law that local officials have not yet enforced. Plaintiffs' standing against the King County officials named in this lawsuit is even more questionable given that, under Washington law, King County officials are not primarily responsible for investigating and prosecuting gross misdemeanors in the City of Auburn, where Plaintiff Rainier Arms is located. Indeed, Plaintiffs do not dispute that the Sheriff typically has no role investigating Auburn misdemeanors and the King County Prosecutor has no role in prosecuting them; no allegation in the complaint supports a departure from this situation.

Article III jurisdiction requires "that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant." *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 41 (1976). It is not enough to show standing against one named defendant. "Article III requires a plaintiff asserting claims in federal court to have suffered an 'injury in fact' that is fairly traceable to the conduct of a named defendant and that will be 'likely' 'redressed by a favorable decision.'" *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1128 (9th Cir. 2013) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)) (holding that plaintiffs lacked standing as to some but not all defendants). In this case, the only

KING COUNTY DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS   [No. 3:22-cv-5403-DGE] - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1  action alleged is the Washington legislature's passage of the restriction on sales of high capacity

2  magazines.  Most of Plaintiffs' response addresses their standing to bring a facial constitutional

3  challenge the law and declaratory relief, but fails to address their standing to additionally seek

4  damages and injunctive relief from the named local law enforcement officials.

5        Similar Second Amendment challenges demonstrate that the proper defendants when plaintiffs bring a pre-enforcement challenge to state law is the state attorney general, not county law enforcement.  In *Rhode v. Becerra*, 445 F.Supp.3d 902 (S.D. Cal. 2020), individuals, an association of firearm owners and ammunition sellers brought suit against the California Attorney General in his official capacity challenging a newly-enacted ammunition purchase background check laws.  In *Jones v. Bonta*, 34 F.4th 704 (9th Cir. 2022), gun shops, advocacy groups and individuals brought suit against the California Attorney General and the director of the California Department of Justice Bureau of Firearms in their official capacities challenging a newly-enacted state law restricting sale of most firearms to anyone under 21.  In *Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021), gun owners brought suit against the California Attorney General in his official capacity challenging a state law enacting high capacity magazine restrictions similar to what is at issue in this case.  Notably, federal law requires that when the constitutionality of a state statute affecting the public interest is in question in a federal case, the court must permit the state, through its attorney general. to intervene if not initially named as a party.  28 U.S.C. § 2403(b).

      In contrast, a county or county officials would be proper defendants where the challenge is to a county ordinance, order or policy.  *See McDougall v. County of Ventura*, 495 F.Supp.3d 881 (9th Cir. 2020) (prospective purchasers of firearms and gun rights groups' challenge to county's Covid-19 order closing firearm retailers); *Texeira v. County of Alameda*, 873 F.3d 670 (9th Cir. 2017) (gun shop's challenge to county zoning ordinance); *Peruta v. County of San Diego*, 824 F.3d

KING COUNTY DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS   [No. 3:22-cv-5403-DGE] - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

919 (9th Cir. 2016) (residents and gun rights groups' challenge to county policy under which they were denied a license to carry a concealed firearm); *Nordyke v. King*, 681 F.3d 1041 (9th Cir. 2012) (gun show promoters' challenge to county ordinance). Plaintiffs' reliance on *Jackson v. City and County of San Francisco*, 746 F.3d 953 (9th Cir. 2014), and *Fyock v. Sunnydale,* 779 F.3d 991 (9th Cir. 2015), is misplaced because in both of those cases the plaintiffs challenged a local ordinance, not a state law.

The other cases that Plaintiffs cite do not involve pre-enforcement suits brought against local law enforcement officials based on a facial challenge to a state law. *Montana Shooting Sports Association v. Holder*, 727 F.3d 975 (9th Cir. 2013), was a lawsuit brought against the United States Attorney General challenging federal firearm regulations. *National Audubon Society, Inc. v. Davis*, 307 F.3d 835 (9th Cir. 2002), was a lawsuit brought by advocacy groups against state, not local, officials challenging a state law.

*Mitchell v. Atkins*, 387 F.Supp.3d 1193, 1195 (W.D. Wa. 2019), also relied on by Plaintiffs, is distinguishable because of the unique role the local officials played in the regulatory scheme at issue in that case. The plaintiffs sought declaratory relief challenging amendments to Washington's gun control laws as unconstitutional, particularly a prohibition on sales to individuals under the age of 21. *Id.* at 1195. Suit was brought against the county sheriff and city police chief in their official capacities. *Id.* Under the statute, a dealer could not deliver a pistol or semiautomatic assault rifle to a purchaser until the dealer delivered the purchaser's application to the local police chief or sheriff and waited for a response. *Id.* at 1200. The police chief or sheriff was required to deny the application if the purchaser was ineligible. *Id.* Thus, the sheriff or police chief had a "direct duty" to enforce the restrictions. *Id.* at 1200. King County Defendants play no such direct role in the statute at issue here.

KING COUNTY DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS   [No. 3:22-cv-5403-DGE] - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

Plaintiffs do not dispute that Rainier Arms is in the City of Auburn, or that City of Auburn officials investigate and prosecute misdemeanors in the city limits. Plaintiffs attempt to argue that their standing against King County Defendants is based on King County officials' "duty to enforce state statutes." Dkt. 64, at 11. Plaintiffs misunderstand the separation of powers. Under the Washington state constitution, "the very concept of a locally elected 'prosecuting attorney' includes the core function of exercising broad charging discretion on behalf of the local community," and the state legislature cannot interfere with that core function. *State v. Rice*, 174 Wash.2d 884, 905, 279 P.3d 849 (2012). An elected prosecutor has no "duty" to prosecute any particular crime. *Id.* Likewise, unless a specific statutory duty is imposed as in *Mitchell*, discretion in how to enforce state law is "fundamental" to the office of sheriff in Washington, including significant discretion in deciding "how, when, and against whom to enforce the law." *Matter of Recall of Snaza*, 197 Wash.2d 104, 112-14, 480 P.3d 404 (2021).

Standing against local officials cannot be established by only alleging the existence of a statute and a generalized threat of prosecution. *See Thomas v. Anchorage Equal Rights Comm.*, 220 F.3d 1134, 1139 (9th Cir. 2000). As the court in *Nichols v. Brown* concluded, the generalization that local law enforcement officials enforce state statutes is insufficient to confer Article III standing against those officials. *Nichols,* 859 F.Supp.2d 1118 (C.D. Cal. 2012), Imposing liability on local officials based only on their general obligation to enforce state law "would allow municipalities to be nothing more than convenient receptacles of liability for violations caused entirely by state actors—here, the Indiana legislature." *Surplus Store & Exch., Inc. v. City of Delphi*, 928 F.2d 788, 791 (7th Cir. 1991). Plaintiffs have pled no facts that would give them Article III standing against King County Defendants.

KING COUNTY DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS  [No. 3:22-cv-5403-DGE] - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

### B.   PLAINTIFFS' 42 U.S.C. § 1983 CLAIM AGAINST KING COUNTY DEFENDANTS IS LEGALLY INSUFFICIENT.

Plaintiffs have failed to sufficiently plead any cause of action under 42 U.S.C. § 1983. In their response, they confuse the requirements for a § 1983 "official capacity" claim with a cause of action under *Ex parte Young*, 209 U.S. 123 (1908). In the Ninth Circuit, a §1983 cause of action is wholly separate from an *Ex parte Young* claim. *See Moore v. Urquhart*, 899 F.3d 1094, 1103 (9th Cir. 2018) (distinguishing statutory §1983 action from "the judge-made cause of action recognized in *Ex parte Young*"). The First Amended Complaint ("FAC") pleads only a single §1983 claim, not a separate *Ex parte Young* action.[1] Because Plaintiffs freely admit that they "have not pleaded a *Monell* claim," their §1983 action must be dismissed as a matter of law. Dkt. 64, at 13.

Plaintiffs assert that they have "adequately pleaded a claim for violation of their Second and Fourteenth Amendment rights under 42 U.S.C. §1983," but their "official capacity" action against the Sheriff and Prosecutor omits *any Monell* allegations. Dkt. 64 at 13. "Official capacity" lawsuits under §1983 must include allegations sufficient to support a *Monell* claim. *See, e.g. Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law."). The requirement to satisfy *Monell* applies to actions under §1983 whether the actions are for damages or prospective relief. *Los Angeles County v. Humphries*, 562 U.S. 29, 39 (2010) (holding "that *Monell's* 'policy or custom' requirement applies in § 1983 cases irrespective of whether the relief sought is

---

[1] In the FAC, Plaintiffs "seek remedies under . . . 42 U.SC. §§ 1983 and 1988." Dkt. 42 at 4. They explicitly pray for "any and all damages to which they are entitled, including but not limited to actual, compensatory, punitive and/or nominal damages," as well as an award of attorney fees under §1988. *Id.* at 18. In addition, Plaintiffs request an order enjoining King County Defendants from enforcing the state law. *Id.*

KING COUNTY DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS   [No. 3:22-cv-5403-DGE] - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

monetary or prospective."). A contrary approach would undermine "*Monell's* logic" – "[f]or whether an action or omission is a municipality's 'own' has to do with the nature of the action or omission, not with the nature of the relief that is later sought in court." *Id.* at 37.

Despite their admitted failure to support their §1983 claims with any *Monell* allegations, Plaintiffs claim that they can nonetheless proceed with a §1983 claim against King County Defendants by making an *Ex parte Young* claim under *Moore*. Even if a the FAC included an *Ex parte Young* claim, which it doesn't, such a claim would be negated by Plaintiffs' request for damages. The judge-made cause of action recognized in *Ex parte Young* cannot be used to recovery monetary damages and is available only for prospective relief. 899 F.3d at 1103. In this case, Plaintiffs' request for damages and prospective relief against King County Defendants is brought under §1983, consistent with their request for attorney fees under §1988. They have cited nothing that allows them to avoid *Monell* when seeking damages and prospective relief under §1983. *Humphries* forecloses any such argument and requires dismissal as a matter of law.

This court should dismiss Plaintiffs' action against the King County Defendants without granting leave to amend because any amendment would be futile. *Plumeau v. Sch. Dist. 40 Cnty. Of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile). Because a generalized duty to enforce state law falls well-outside a legally sufficient *Monell* claim, there are no available allegations to fix Plaintiffs' §1983 *Monell* cause of action. *Mitchell*, 387 F.Supp.3d at 1201-02 (explaining why a generalized duty, never exercised against Plaintiffs, fails to support a §1983 action under *Monell*).

Similarly, Plaintiffs cannot bring an *Ex parte Young* claim against King County Defendants based on a generalized duty. An *Ex parte Young* action is permitted only when an official has "'some connection' to enforcement of the allegedly unconstitutional" state law. *Moore*, 899 F.3d

KING COUNTY DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS  [No. 3:22-cv-5403-DGE] - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

at 1103.  The connection must be "fairly direct."  *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004).  Such a connection existed in *Moore* because the Sheriff was directly tasked by the challenged statute with serving and executing writs of restitution.  *Id.*  Similarly, in *Mitchell v. Atkins*, *supra,* 387 F.Supp.3d at 1200, plaintiffs were allowed to proceed against the local sheriff because the challenged law required a gun dealer to deliver a purchase application to the local chief of police or sheriff, and then wait a requisite time period for a response.

Here, Plaintiffs have no plausible *Ex parte Young* claim because they are relying only on the generalized function of the sheriff to enforce laws and the prosecutor's general role to prosecute crimes.  Unlike the integral statutory role of sheriffs in *Moore* or the "direct duty" at issue in *Mitchell*, "a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit" under *Ex parte Young*.  *Mitchell*, 387 F.Supp.3d at 1199 (*quoting Planned Parenthood of Idaho,* 376 F.3d at 919).

Because Plaintiffs disavow that they have made any *Monell* allegations to support their cause of action against King County Defendants, the § 1983 cause of action must be dismissed.  *Kentucky v. Graham*, *supra,* 473 U.S. at 166.  Leave to further amend their complaint is unnecessary in light of the plausible facts of this case.  The Washington Attorney General is the proper party to defend the challenged law, not the King County Defendants.

## II.     CONCLUSION

This action should be dismissed with prejudice as to Defendants King County Sheriff Patti Cole-Tindall and King County Prosecuting Attorney Dan Satterberg.

KING COUNTY DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS   [No. 3:22-cv-5403-DGE] - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1  DATED this 2nd day of September, 2022.

2  DANIEL T. SATTERBERG
   King County Prosecuting Attorney

3

4  By: *s/ David Hackett*
   DAVID J. HACKETT, WSBA #21236

5

6  By: *s/ Ann Summers*
   ANN M. SUMMERS, WSBA #21509

7  Senior Deputy Prosecuting Attorneys
   Attorneys for King County Defendants
8  1191 Second Avenue, Suite 1700
   Seattle, WA 98101
9  Phone: (206) 296-0430/Fax: (206) 296-8819
   david.hackett@kingcounty.gov
10 ann.summers@kingcounty.gov

KING COUNTY DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS   [No. 3:22-cv-5403-DGE] - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on September 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF E-filing system which will send notification of such filing to all counsel of record.

I declare under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

DATED this 2nd day of September, 2022.

_____
RAFAEL MUNOZ-CINTRON
Legal Assistant – Litigation Section
King County Prosecuting Attorney's Office

KING COUNTY DEFENDANT'S REPLY IN SUPPORT
OF MOTION TO DISMISS   [No. 3:22-cv-5403-DGE] - 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819