THE HONORABLE DAVID G. ESTUDILLO

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

GABRIELLA SULLIVAN, *ET AL.*,

       *Plaintiffs,*

  v.

BOB FERGUSON, IN HIS OFFICIAL
CAPACITY AS WASHINGTON STATE
ATTORNEY GENERAL, *ET AL.*,
       *Defendants.*

No. 3:22-cv-05403-DGE

JOINT STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f), Local Civil Rule 26(f)(1), this Court's June 16, 2022, Order Regarding Initial Disclosures, Joint Status Report, Discovery, Depositions and Early Settlement (Dkt. No. 26), the Parties met telephonically and conferred on August 29, 2022, regarding the topics and issues set forth in Rule 26(f) and LCR 26(f), as addressed below.

The parties jointly set forth those matters about which they agree, and state separately those matters about which they disagree.

**1.    A statement of the nature and complexity of the case.**

Plaintiffs are two individual residents of Washington, one federally licensed firearm dealer, and two organizations that count them as members. Plaintiffs allege that a recently enacted Washington law making it illegal to manufacture, import, distribute, sell, or offer for sale magazines capable of holding more than ten rounds of ammunition (SB 5078) violates their Second and Fourteenth Amendment rights. They seek a judgment declaring Washington's law unconstitutional and enjoining its enforcement.

**2.      A proposed deadline for joining additional parties.**

Plaintiffs propose a deadline of September 30 to join additional parties. Defendants do not object.

**3.      Whether the parties consent to assignment of this case to a magistrate judge.**

No.

**4.      A discovery plan addressing all items set forth in Fed. R. Civ. P. 26(f)(3):**

**(A)      Exchange of initial disclosures.**

All parties exchanged initial disclosures by the Court's September 7, 2022 deadline.

**(B)      Subjects, timing, and potential phasing of discovery.**

<u>Plaintiffs' position</u>: Plaintiffs oppose discovery in this case. Plaintiffs plan to amend their Complaint to drop their claim for money damages. As a result, the "facts" relevant to resolution of this case are "legislative facts" regarding the history of magazine usage and regulation in this country, and as such all facts can be developed in briefing and argument without the need for expert or other evidence adduced through traditional party discovery methods. *See Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012) (ordering entry of judgment for plaintiffs on review of order granting motion to dismiss because "[t]he constitutionality of the challenged statutory provisions does not present factual questions for determination in a trial . . . . Only adjudicative facts are determined in trials, and only legislative facts are relevant to the constitutionality of the Illinois gun law.") The Supreme Court's recent decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) provides further support for dispensing with discovery in this case. In *Bruen*, no factual development occurred in the district court because plaintiffs' claims were foreclosed by circuit precedent at the time the complaint was filed, and the district court accordingly entered judgment against the plaintiffs on the pleadings. *See* 354 F. Supp. 3d 143 (N.D.N.Y. 2018). In holding New York's may-issue licensing scheme violated the Second Amendment, the Supreme Court expressly rejected the argument that it could not "answer the question presented without giving respondents the opportunity to develop an evidentiary record," 142 S. Ct. at 2135 n.8, because "in light of the text of the Second Amendment, along with the Nation's history of firearm

regulation," the conclusion "that a State may not prevent law-abiding citizens from publicly carrying handguns because they have not demonstrated a special need for self-defense" did not turn on disputed factual questions." *Id.* The same is true here. Application of *Bruen*'s text and history test does not involve any analysis of adjudicative facts of the kind that are disclosed through discovery. *See id.* And while the State Defendants point to the historical analysis *Bruen* conducted as a reason to permit expert discovery in this case, it is noteworthy that *Bruen* itself did not have expert witnesses. Indeed, the Supreme Court decided the case based on a motion-to-dismiss record in the district court. This case turns on entirely legal issues that can and should be fully resolved by this Court on evidence presented by the parties in briefing.

If the Court determines that some discovery should be permitted, Plaintiffs reserve the right to take both fact and expert discovery from Defendants.

State Defendants' position: The State Defendants strongly disagree with Plaintiffs' position that this case does not require discovery. Discovery will be necessary to establish facts relevant to Plaintiffs' standing and their claims for money damages (if damages claims remain in the case). The State Defendants also intend to submit evidence, including expert testimony, that is relevant to their defense of SB 5078's constitutionality. Although Plaintiffs may elect not to utilize expert testimony or take discovery, adequate time will be needed for the State Defendants to propound discovery requests, to identify and retain expert witnesses, and for those expert witnesses to consider their opinions and prepare reports as required by Fed. R. Civ. P. 26(a)(2).

In *Bruen*, the Supreme Court adopted a new test for claims brought under the Second Amendment that, among other things, requires an in-depth examination of the "historical tradition" of firearms regulation. This requires developing a record of relevant (and often not readily available) historical laws and regulations. The *Bruen* test also requires an examination of the nature, purpose, function, use, and availability of both historically available weapons and the items at issue in the case for purposes of determining whether the items fall within the purview of the Second Amendment and for purposes of the analogical inquiry that *Bruen* requires. In this case, developing the necessary record will require extensive historical research, and the State

1  Defendants anticipate that testimony from expert witnesses and other evidence will be relevant to
2  the showings called for under the new *Bruen* test.

3      Plaintiffs' reliance on *Bruen* to ask that Defendants be denied their right to discovery is
4  misplaced. As *Bruen* itself demonstrates in its detailed, 33-page discussion of firearm carry laws,
5  the historical analysis required by the Court's new text-and-history test contemplates detailed
6  study of historical source materials and a close analysis of the historical context in which these
7  materials arose. This is precisely the sort analysis to which historical experts can apply their
8  "specialized knowledge [to] help the trier of fact to understand the evidence [and] to determine"
9  the critical "fact[s] in issue." Fed. R. Evid. 702. Far from foreswearing reliance on an evidentiary
10 record, the Court merely concluded it had no need for a further "evidentiary record fleshing out
11 how New York's law is administered in practice, how much discretion licensing officers in New
12 York possess, or whether the proper cause standard differs across counties'" because its historical
13 analysis "d[id] not depend upon any of the factual questions raised by the dissent." (*New York*
14 *State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2135 n.8 (2022) (quoting *id.*, at 2174 (Breyer,
15 J., dissenting)). Rather, the Court focused its inquiry on the extensive historical record developed
16 largely by a bevy of amici, and which Defendants here will need to develop through the work of
17 expert historians. Indeed, in *Bruen*, the Court explained that its "text-and-history test" would not
18 "prove unworkable" precisely because courts would "decide a case based on the historical record
19 *compiled by the parties*." *Bruen*, 142 S. Ct.at 2130 n.6 (emphasis added). This is exactly what the
20 State seeks to do through expert discovery, and Plaintiffs' position is directly contrary to *Bruen*.
21 Expert testimony and other evidence will also likely be required to help the trier of fact understand
22 the nature, purpose, function, use, and availability of historically regulated weapons and of the
23 large-capacity magazines at issue in this case, which are relevant to whether the regulation of large-
24 capacity magazines falls within the purview of the Second Amendment.

25     <u>Defendants Norma Tillotson and Rick Scott's (the "Grays Harbor Defendants") Position</u>:
26 The Grays Harbor Defendants do not have a position on discovery with respect to the merits of
27

JOINT STATUS REPORT - 4
*SULLIVAN v. FERGUSON*, No. 3:22-CV-05403-DGE
106610.0010/9121656.1

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

Plaintiffs' claims regarding SB 5078. Discovery into Plaintiffs' claims for monetary damages may be necessary to the extent they are seeking them against the Grays Harbor Defendants.

Defendants Chad Enright and John Gese ("Kitsap County Defendants) Position:

The Kitsap County Defendants do not have a position on discovery with respect to the merits of Plaintiffs' claims for injunctive or declaratory relief with regard to the constitutionality of SB 5078. If Plaintiffs continue to pursue claims for monetary damages, Kitsap County Defendants will need to conduct discovery on the bases of such claims.

**(C)     Electronically stored information.**

The parties are aware of their preservation and discovery obligations under the Federal Rules of Civil Procedure.  The parties have taken reasonable measures to preserve relevant documents, including electronically stored information ("ESI"), that are maintained in locations and systems where such relevant information is likely to be found in accordance with the Rules.  At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter.  If an issue does arise, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

The Parties do not anticipate needing an ESI protocol in this case.

**(D)     Privilege issues.**

To the extent discovery is conducted, the Parties do not anticipate seeking discovery of information to which claims of privilege or protection may apply. The Parties therefore do not anticipate that procedures for handling the inadvertent production of privileged information and other privilege waiver issues are necessary at this time. If any disputes related to privilege arise, the Parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

**(E)     Proposed limitations on discovery.**

As stated above, Plaintiffs propose dispensing with discovery in this case.

Defendants do not believe any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Civil Rules.

Joint Status Report - 5
*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE
106610.0010/9121656.1

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

**(F) The need for any discovery related orders.**

None at this time.

**5.      The parties' views on all items set forth in Local Civil Rule 26(f)(1):**

**(A)      Prompt case resolution.**

The case does not now appear likely to resolve promptly.

**(B)      Alternative dispute resolution.**

Given the nature of the claims in this case, the Parties do not believe it is a good candidate for ADR.

**(C)      The existence of any related cases pending in this or other jurisdictions and a proposal for how to handle them.**

The parties are aware of one lawsuit presenting a similar challenge to SB 5078. *Brumback, et al. v. Ferguson, et al.*, No. 1:22-cv-03093-MKD (E.D. Wash.) raises a claim under the Second Amendment, as does this case, but *Brumback* also raises a claim under the Washington State Constitution.

**(D)      Discovery management.**

The parties have entered an electronic service agreement for the service of documents in this case, including discovery-related materials.

The Parties do not currently anticipate the need for a protective order.

**(E)      Anticipated discovery sought.**

As stated above, Plaintiffs do not believe discovery is necessary in this case.

Defendants intend to seek discovery related to Plaintiffs' standing and claimed damages, among other things. Some of the Defendants also anticipate submitting expert testimony and other evidence as discussed above.

**(F)      Phasing motions.**

Plaintiffs believe this case can and should be resolved on summary judgment. Plaintiffs propose a deadline for summary judgment motions on October 19, 2022. If discovery does occur, Plaintiffs object to staying it until the pending motions to dismiss have been resolved. Notably, the

JOINT STATUS REPORT - 6
*SULLIVAN v. FERGUSON*, No. 3:22-CV-05403-DGE

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

106610.0010/9121656.1

1  State Defendants have not moved to dismiss and there is no reason to stay the case when it will not
2  be fully resolved on the motions to dismiss.

3          The State Defendants agree that this case may resolve on summary judgment, but such
4  motions must come after expert disclosures are made and after discovery is completed. After the
5  close of discovery, Defendants propose that, as contemplated by LCR 7(k), the Court enter a
6  schedule for combined briefs on cross-motions for summary judgment (i.e., Plaintiffs' motion,
7  followed by Defendants' combined responses and cross-motions, followed by Plaintiffs' combined
8  response and reply, followed by Defendants' replies).

9          Defendants further note that several motions to dismiss, and a motion to intervene, are
10 currently pending before the Court. Defendants believe those motions should be resolved before
11 this case proceeds to discovery.

12         **(G)     Preservation of discoverable information.**

13         The parties are aware of, and have taken steps to ensure compliance with, their obligations
14 regarding preservation.

15         **(H)     Privilege issues.**

16         See above.

17         **(I) Model protocol for discovery of ESI.**

18         Again, Plaintiffs do not believe electronically stored information is relevant to any of the
19 claims in this case. To the extent ESI discovery is conducted, the Model Protocol is acceptable.

20         Defendants agree to the use of the Model Protocol for any ESI discovery.

21         **(J)     Alternatives to Model Protocol.**

22         The Model Protocol is acceptable.

23         **6.      The date by which discovery can be completed.**

24         Plaintiffs do not believe discovery is necessary. To the extent discovery is conducted,
25 Plaintiffs propose a deadline for expert disclosures in January 2023.

26         The State Defendants agree that discovery dates can be set following the resolution of the
27 pending motions to dismiss and following the resolution of proposed Intervenor–Defendant

Joint Status Report - 7
*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

106610.0010/9121656.1

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1    Alliance for Gun Responsibility's Motion to Intervene. Given the substantial historical research

2    and analogical analysis called for under *Bruen's* new test, State Defendants believe the deadline for

3    the disclosure of written expert reports should be set no sooner than April 2023.

         **7.**      **Whether the case should be bifurcated by trying liability issues before the**

                   **damages issues, or bifurcated in any other way.**

6           Plaintiffs do not believe the case should be bifurcated.

7           Defendants Enright and Gese reserve taking a position on bifurcation at this early stage of

8    the case while their dispositive motion is pending. The remaining Defendants take no position on

9    bifurcation at this stage.

         **8.**      **Whether the pretrial statements and pretrial order called for by LCRs 16(e),**

                   **(h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the**

                   **sake of economy.**

13           No.

         **9.**      **Whether the parties intend to utilize the Individualized Trial Program set**

                   **forth in LCR 39.2 or any ADR options set forth in LCR 39.1.**

16           No.

         **10.**     **Any other suggestions for shortening or simplifying the case.**

18           Plaintiffs believe this case, which as explained above presents purely legal issues, can be

19    appropriately dispensed with on cross-motions for summary judgment.

20           Defendants disagree with Plaintiff's position that this case "presents purely legal issues,"

21    and have no additional suggestions for shortening or simplifying the case.

         **11.**     **The date the case will be ready for trial. The Court expects that most civil**

                   **cases will be ready for trial within a year after filing the Joint Status Report**

                   **and Discovery Plan.**

25           Plaintiffs propose a deadline of October 19, 2022, for cross-motions for summary judgment.

26    Should any issues remain following resolution of those motions, Plaintiffs propose a trial date be

27    set for 90 days after the Court issues its order.

Defendants do not believe that Plaintiffs' proposed deadline of October 19, 2022, for cross-motions for summary judgment is feasible. Defendants anticipate that this case will be ready for trial by September 2023.

**12.      Whether the trial will be jury or non–jury.**

Non-jury.

**13.      The number of trial days required.**

1-8, depending upon whether the court grants Motions for Summary Judgment and on whether Plaintiffs are seeking monetary damages under 42 U.S.C. §1983.

**14.      The names, addresses, and telephone numbers of all trial counsel.**

Joel B. Ard, WSBA # 40104
ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
206.701.9243
Joel@Ard.law

David H. Thompson
Peter A. Patterson
William V. Bergstrom
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

Erin M. Erhardt
MOUNTAIN STATES LEGAL FOUNDATION
2596 S. Lewis Way
Lakewood, CO 80227
(303) 292-2021
eerhardt@mslegal.org

Cody J. Wisniewski
FIREARMS POLICY COALITION, INC.
5550 Painted Mirage Road
Las Vegas, NV 89149
(916) 378-5785

cwi@fpchq.org

Christine Palmer
Ione George
Kitsap County Prosecuting Attorney's Office
614 Division Street, MS-35A
Port Orchard, WA 98366
(360) 337-7004
cmpalmer@kitsap.gov
igeorge@kitsap.gov

R. July Simpson
William McGinty
Andrew Hughes
Brian Rowe
Assistant Attorneys General
Jeffrey T. Even
Deputy Solicitor General
Kristin Beneski
First Assistant Attorney General
Washington Attorney General's Office
(360) 709-6470
July.Simpson@atg.wa.gov
William.McGinty@atg.wa.gov
Andrew.Hughes@atg.wa.gov
Brian.Rowe@atg.wa.gov
Jeffrey.Even@atg.wa.gov
Kristin.Beneski@atg.wa.gov

Callie A. Castillo
Lane Powell PC
1420 Fifth Avenue, Suite 4200
Seattle, Washington 98101
206-223-7145
castilloc@lanepowell.com
Counsel to Grays Harbor Defendants

15.     **The dates on which the trial counsel may have complications to be considered in setting a trial date.**

Counsel for Defendants Gese and Enright are unavailable for trial on the following days:

March 13-28, 2023

JOINT STATUS REPORT - 10
*SULLIVAN v. FERGUSON*, No. 3:22-CV-05403-DGE
106610.0010/9121656.1

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

April 24-May 1, 2023

May 15-16, 2023

July 17-August 4, 2023

August 17-18, 2023

Counsel for Defendant State of Washington is unavailable for trial the following days:

April 10–April 14, 2023

July 31–August 4, 2023

Counsel for the Grays Harbor Defendants is unavailable for trial on the following days:

January 19-24, 2023

February 1-17, 2023

March 13-17, 2023

April 3-8, 2023

April 26-28, 2023

May 8-12, 2023

May 18-26, 2023

June 20-July 5, 2023

July 31-August 4, 2023

16.     **If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

All parties have been served, however proposed Intervenor–Defendant Alliance for Gun Responsibility has not yet been served.

17.     **Whether any party wishes a pretrial FRCP 16 conference with the judge prior to the entry of any order pursuant to Rule 16 or setting of a schedule for this**

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  **case. If yes, indicate whether a party wishes an in-person or telephonic**
2  **conference.**

3  Plaintiffs do not wish to have a pretrial conference.

4  The State Defendants request a pretrial conference if the Court is considering limiting their
5  right to take discovery or to adduce expert testimony or other evidence.

6  **18.   List the date(s) that each and every nongovernmental corporate party filed its**
7  **disclosure statement pursuant to FRCP 7.1 and LCR 7.1.**

8  Plaintiffs Second Amendment Foundation, Rainier Arms LLC, and Firearms Policy
9  Coalition, Inc., filed their disclosure statement pursuant to FRCP 7.1 and LCR 7.1 on June 3, 2022.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Joint Status Report - 12
*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE
106610.0010/9121656.1

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  July 25, 2022

2  Ard Law Group PLLC                    Cooper & Kirk, PLLC

3
                                         */s/ David H. Thompson*
4  By: _____           David H. Thompson*
                                         dthompson@cooperkirk.com
5
   Joel B. Ard, WSBA # 40104
6  Ard Law Group PLLC                    */s/ Peter A. Patterson*
   P.O. Box 11633                        Peter A. Patterson*
7  Bainbridge Island, WA 98110           ppatterson@cooperkirk.com
   206.701.9243
8  Joel@Ard.law
                                         */s/ William v. Bergstrom*
9                                        William V. Bergstrom*
   *Attorney For Plaintiffs*             wbergstrom@cooperkirk.com
10

11                                       1523 New Hampshire Avenue, N.W.
                                         Washington, D.C. 20036
12                                       (202) 220-9600
                                         (202) 220-9601 (fax)
13

14
                                         Mountain States Legal Foundation
15
                                         */s/ Erin M. Erhardt*
16                                       Erin M. Erhardt*

17
                                         2596 S. Lewis Way
18                                       Lakewood, CO 80227
                                         Phone: (303) 292-2021
19

20                                       *Attorneys for Plaintiffs*

21

22                                       Firearms Policy Coalition, Inc.

23                                       */s/ Cody J. Wisnieweski*
24                                       Cody J. Wisniewski*
                                         cwi@fpchq.org
25

26                                       5550 Painted Mirage Road
                                         Las Vegas, NV 89149
27                                       Phone: (916) 378-5785

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

*Attorney for Plaintiffs Gabriella Sullivan, Rainier Arms LLC, Daniel Martin, and Firearms Policy Coalition, Inc.*

*Admitted pro hac vice

Christine Palmer
Ione George
Kitsap County Prosecuting Attorney's Office
614 Division Street, MS-35A
Port Orchard, WA 98366
(360) 337-7004
cmpalmer@kitsap.gov
igeorge@kitsap.gov

R. July Simpson
William McGinty
Andrew Hughes
Brian Rowe
Assistant Attorneys General
Jeffrey T. Even
Deputy Solicitor General
Kristin Beneski
First Assistant Attorney General
Washington Attorney General's Office
(360) 709-6470
July.Simpson@atg.wa.gov
William.McGinty@atg.wa.gov
Andrew.Hughes@atg.wa.gov
Brian.Rowe@atg.wa.gov
Jeffrey.Even@atg.wa.gov
Kristin.Beneski@atg.wa.gov

Callie A. Castillo
Lane Powell PC
1420 Fifth Avenue, Suite 4200
Seattle, Washington 98101
206-223-7145
castilloc@lanepowell.com
Counsel to Grays Harbor Defendants

JOINT STATUS REPORT - 14

*SULLIVAN V. FERGUSON*, NO. 3:22-CV-05403-DGE

106610.0010/9121656.1

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

JOINT STATUS REPORT - 15

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

106610.0010/9121656.1

ARD LAW GROUP PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243