HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIELLA SULLIVAN, et al.,<br><br>       Plaintiffs,<br><br> v.<br><br>BOB FERGUSON, et al.,<br><br>       Defendants. | No. 3:22-cv-05403-DGE<br><br>INTERVENOR-DEFENDANT ALLIANCE FOR GUN RESPONSIBILITY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |

Defendant-Intervenor Alliance for Gun Responsibility (the "Alliance") answers the First Amended Complaint for Declaratory and Injunctive Relief (the "Amended Complaint") of Plaintiffs Gabriella Sullivan, et al. ("Plaintiffs") as follows:

The unnumbered paragraph at the outset of the Amended Complaint contains characterizations of this action and legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

## INTRODUCTION

1. The Alliance admits that one way in which Engrossed Substitute Senate Bill 5078 ("ESSB 5078") regulates large-capacity magazines ("LCMs") is by prohibiting as a gross

INTERVENOR ALLIANCE FOR GUN RESPONSIBILITY'S
ANSWER TO FIRST AMENDED COMPLAINT - 1
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

misdemeanor any person in Washington from manufacturing, importing, distributing, selling, or offering to sell an LCM, with exceptions for (1) the armed forces of Washington State or the United States; (2) law enforcement agencies in Washington; or (3) out-of-state sale or transfer by a licensed firearms dealer. Except as expressly admitted above, Paragraph 1 consists of legal conclusions or argument to which no response is required. To the extent a further response is required, the Alliance denies the same.

2. Paragraph 2 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

3. The first sentence in Paragraph 3 contains legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same. The Alliance denies all remaining allegations in Paragraph 3.

4. Paragraph 4 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

5. Paragraph 5 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

6. Paragraph 6 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

7. Paragraph 7 consists of characterizations of this action or legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

## JURISDICTION AND VENUE

8. Paragraph 8 consists of legal conclusions or argument to which no response is required.

INTERVENOR ALLIANCE FOR GUN RESPONSIBILITY'S
ANSWER TO FIRST AMENDED COMPLAINT - 2
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

9. Paragraph 9 consists of characterizations of this action or legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

10. Admit.

## PARTIES

11. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 11, which shall have the effect of a denial.

12. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12, which shall have the effect of a denial.

13. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 13, which shall have the effect of a denial.

14. The fourth sentence of Paragraph 14 consists of characterizations of this action to which no response is required. To the extent a response is required, the Alliance denies the same. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 14, which shall have the effect of a denial.

15. The fifth sentence of Paragraph 15 consists of characterizations of this action to which no response is required. To the extent a response is required, the Alliance denies the same. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 15, which shall have the effect of a denial.

16. The first sentence of Paragraph 16 consists of characterizations of this action to which no response is required. To the extent a response is required, the Alliance denies the same. The second sentence of Paragraph 16 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

INTERVENOR ALLIANCE FOR GUN RESPONSIBILITY'S
ANSWER TO FIRST AMENDED COMPLAINT - 3
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

17. The first sentence of Paragraph 17 consists of characterizations of this action to which no response is required. To the extent a response is required, the Alliance denies the same. The second sentence of Paragraph 17 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

18. The first sentence of Paragraph 18 consists of characterizations of this action to which no response is required. To the extent a response is required, the Alliance denies the same. The second sentence of Paragraph 18 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

19. The first sentence of Paragraph 19 consists of characterizations of this action to which no response is required. To the extent a response is required, the Alliance denies the same. The second sentence of Paragraph 19 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

20. The first sentence of Paragraph 20 consists of characterizations of this action to which no response is required. To the extent a response is required, the Alliance denies the same. The second sentence of Paragraph 20 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

21. The first sentence of Paragraph 21 consists of characterizations of this action to which no response is required. To the extent a response is required, the Alliance denies the same. The second sentence of Paragraph 21 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

22. The first sentence of Paragraph 22 consists of characterizations of this action to which no response is required. To the extent a response is required, the Alliance denies the same.

INTERVENOR ALLIANCE FOR GUN RESPONSIBILITY'S
ANSWER TO FIRST AMENDED COMPLAINT - 4
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

The second sentence of Paragraph 22 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

23. The first sentence of Paragraph 23 consists of characterizations of this action to which no response is required. To the extent a response is required, the Alliance denies the same. The second sentence of Paragraph 23 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

## FACTUAL ASSERTIONS

24. The Alliance admits that Governor Jay Inslee signed ESSB 5078 into law on March 23, 2022. The remaining allegations in Paragraph 24 relate to cited bill and statutory provisions, which speak for themselves. The Alliance denies all allegations and characterizations in Paragraph 24 inconsistent with the cited provisions.

25. Paragraph 25 contains allegations related to statutory provisions, which speak for themselves. The Alliance denies all allegations and characterizations in Paragraph 25 inconsistent with the cited provisions. The remainder of Paragraph 25 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

26. Paragraph 26 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

27. Paragraph 27 consists of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

28. The bill and statutory provisions cited in Paragraph 28 speak for themselves. The Alliance denies all allegations and characterizations in Paragraph 28 inconsistent with the cited provisions.

INTERVENOR ALLIANCE FOR GUN RESPONSIBILITY'S
ANSWER TO FIRST AMENDED COMPLAINT - 5
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

29. Admitted.

30. Paragraph 30 contains allegations related to statutory provisions, which speak for themselves. The remaining allegations in Paragraph 30 are subjective characterizations and do not require a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same. The Alliance specifically denies that "large capacity magazine" is a "misnomer" and that LCMs are "more accurately described as 'standard capacity magazines.'"

31. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 31, which shall have the effect of a denial.

32. The publication cited in Paragraph 32 speaks for itself. The Alliance denies all allegations, inferences, and characterizations in Paragraph 32 inconsistent with the cited publication. To the extent Paragraph 32 alleges facts as to the veracity of the publication's findings or conclusions, or as to any inferences drawn therefrom, the Alliance lacks sufficient knowledge or information to form a belief as to their truth, which shall have the effect of a denial.

33. The Alliance admits that LCMs exist in the United States and that some firearms are able to accept LCMs. The remaining allegations in Paragraph 33 are subjective characterizations and do not require a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same.

34. The first sentence of Paragraph 34 consists of subjective characterizations and does not require a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same. The second sentence of Paragraph 34 consists of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

INTERVENOR ALLIANCE FOR GUN RESPONSIBILITY'S
ANSWER TO FIRST AMENDED COMPLAINT - 6
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

35. The first sentence of Paragraph 35 is denied. The publication cited in the second sentence of Paragraph 35 speaks for itself. The Alliance denies all allegations, inferences, and characterizations in Paragraph 35 inconsistent with the cited publication.

36. The Alliance denies the first sentence in Paragraph 36. The publication cited in the second sentence of Paragraph 36 speaks for itself. The Alliance denies all allegations, inferences, and characterizations in Paragraph 36 inconsistent with the cited publication. The third and fourth sentences of Paragraph 36 consist of subjective characterizations and hypothetical opinions that do not require a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same. The Alliance specifically denies Paragraph 36's assertion or suggestion that LCMs are not commonly used in violent crimes in the United States.

37. The publications cited in Paragraph 37 speak for themselves. The Alliance denies all allegations, inferences, and characterizations in Paragraph 37 inconsistent with the cited publications. Paragraph 37 also consists of subjective characterizations that do not require a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same. The Alliance specifically denies Paragraph 37's assertion or suggestion that LCMs are rarely used in mass shootings. The Alliance specifically denies Paragraph 37's assertion or suggestion that each year more Americans are killed or injured in lightning strikes than in mass shootings. The Alliance specifically denies Paragraph 37's assertion or suggestion that state restrictions on LCMs do not "have any impact at all on mass shootings."

38. The first sentence of Paragraph 38 is denied. The Alliance specifically denies Paragraph 38's assertion that LCM regulations are "recent phenomena." The Alliance specifically denies Paragraph 38's assertion or suggestion that laws restricting firing capacity of

INTERVENOR ALLIANCE FOR GUN RESPONSIBILITY'S
ANSWER TO FIRST AMENDED COMPLAINT - 7
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

firearms did not "exist[] anywhere in the United States before the 1990s." The remainder of Paragraph 38 consists of legal conclusions or argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

39. The publication cited in Paragraph 39 speaks for itself. The Alliance denies all allegations, inferences, and characterizations in Paragraph 39 inconsistent with the cited publication. The Alliance specifically denies Paragraph 39's assertion or suggestion that LCMs have been common in America (or anywhere else in the world) for hundreds of years. The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual, impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs—and thus unlikely to necessitate government regulation. The Alliance admits that the only known example in existence of the Wheellock rifle was made in Germany around 1580 and was capable of firing 16 shots. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 39, which shall have the effect of a denial.

40. The publications cited in Paragraph 40 speak for themselves. The Alliance denies all allegations, inferences, and characterizations in Paragraph 40 inconsistent with the cited publications. The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual, impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs—and thus unlikely to necessitate government regulation. For example, the Alliance admits that in 1718 James Puckle patented a nine-round, giant, tripod-mounted "Puckle gun," which was never widely produced, difficult and expensive to manufacture, unreliable, and ridiculed by contemporaries for its impracticality; users would have to crank or rotate the cylinder by hand

INTERVENOR ALLIANCE FOR GUN RESPONSIBILITY'S
ANSWER TO FIRST AMENDED COMPLAINT - 8
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

between shots. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 40, which shall have the effect of a denial.

41. The publications cited in Paragraph 41 speak for themselves. The Alliance denies all allegations, inferences, and characterizations in Paragraph 41 inconsistent with the cited publication. The Alliance specifically denies Paragraph 41's assertion or suggestion that LCMs were common in America in the founding generation. The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual, impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs—and thus unlikely to necessitate government regulation. The Alliance admits that Lewis and Clark's Girandoni air rifle had a 22-round capacity—but it required more than a thousand strokes of a hand pump to charge, only 1,500 of them were ever manufactured, and even fewer than that ever made it to the United States. The Alliance admits that a correspondence between Joseph Belton and the Continental Congress exists, but denies that there are any historical records showing that his rifle was ever actually tested or supplied. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 41, which shall have the effect of a denial.

42. The Alliance denies the first sentence of Paragraph 42. The publication cited in Paragraph 42 speaks for itself. The Alliance denies all allegations, inferences, and characterizations in Paragraph 42 inconsistent with the cited publication. The Alliance specifically denies Paragraph 42's assertion or suggestion that LCMs were common in the United States in the 19th century. The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual,

INTERVENOR ALLIANCE FOR GUN RESPONSIBILITY'S
ANSWER TO FIRST AMENDED COMPLAINT - 9
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs—and thus unlikely to necessitate government regulation. The Alliance admits that the rare Ellis-Jennings flintlock rifle of 1821 could fire four blackpowder shots, but the user had to slide the action rearward to fire each subsequent shot, and very few were produced. The Alliance specifically denies that 19th-century firearms capable of firing multiple rounds without reloading were nearly as dangerous as modern firearms equipped with LCMs. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 42, which shall have the effect of a denial.

43. The Alliance denies the first and second sentences of Paragraph 43. The publications cited in Paragraph 43 speak for themselves. The Alliance denies all allegations, inferences, and characterizations in Paragraph 43 inconsistent with the cited publications. The Alliance specifically denies Paragraph 43's assertion or suggestion that LCMs were "commonplace" in the United States "[a]round the time of the Civil War" and that LCMs "were commonly possessed already in the 1860s." The Alliance admits that, to the extent weapons capable of firing more than ten rounds existed before the 20th century, they were experimental, unusual, impractical, unreliable, prohibitively expensive, or otherwise not analogous to modern firearms equipped with LCMs—and thus unlikely to necessitate government regulation. The Alliance specifically denies that 19th-century firearms capable of firing more than ten rounds without reloading were nearly as dangerous as modern firearms equipped with LCMs. For example, unlike modern semi-automatic firearms with detachable LCMs, the Winchester 1866 and 1873 rifles had tubular magazines that were permanently affixed to the barrel of the gun and required users to operate a lever after firing each shot to load a new round into the chambers—a time-consuming process. The Alliance lacks sufficient knowledge or information to form a belief

INTERVENOR ALLIANCE FOR GUN RESPONSIBILITY'S
ANSWER TO FIRST AMENDED COMPLAINT - 10
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

about the truth of the remaining allegations in Paragraph 43, which shall have the effect of a denial.

44. The first and second sentences of Paragraph 44 consist of legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same. The two publications cited in Paragraph 44 speak for themselves. The Alliance denies all allegations, inferences, and characterizations in Paragraph 44 inconsistent with the cited publications. Paragraph 44 also consists of subjective characterizations and hypothetical opinions that do not require a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same. The Alliance specifically denies Paragraph 44's assertion or suggestion that regulations of LCMs do not reduce gun violence or increase public safety.

45. The Alliance denies the first sentence of Paragraph 45. The publication cited in Paragraph 45 speaks for itself. The Alliance denies all allegations, inferences, and characterizations in Paragraph 45 inconsistent with the cited publication. The remaining allegations in Paragraph 45 are subjective characterizations and hypothetical opinions and do not require a response by way of factual pleading, but to the extent a response is required, the Alliance denies the same.

46. The court decision cited in Paragraph 46 speaks for itself. The Alliance denies all allegations, inferences, and characterizations in Paragraph 46 inconsistent with the cited decision. The Alliance lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 46, which shall have the effect of a denial.

47. The website cited in Paragraph 47 speaks for itself. The Alliance denies all allegations, inferences, and characterizations in Paragraph 47 inconsistent with the cited website.

INTERVENOR ALLIANCE FOR GUN RESPONSIBILITY'S
ANSWER TO FIRST AMENDED COMPLAINT - 11
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 47, which shall have the effect of a denial.

48. The Alliance denies the first sentence of Paragraph 48. The publications cited in Paragraph 48 speak for themselves, and the Alliance denies all allegations, inferences, and characterizations in Paragraph 48 inconsistent with the cited publications. The Alliance lacks sufficient knowledge or information to form a belief as to truth of the allegations in the second and fourth textual sentences in Paragraph 48, which shall have the effect of a denial. The Alliance admits that ESSB 5078 has exceptions for, *inter alia*, law enforcement agencies in Washington. The remaining allegations in Paragraph 48 consist of legal conclusions or argument or subjective characterizations to which no response is required, but to the extent a response is required, the Alliance denies the same.

49. Paragraph 49 consists of subjective characterizations and hypothetical opinion to which no response is required, but to the extent a response is required, the Alliance denies the same. The Alliance specifically denies Paragraph 49's assertion that "violent criminals will not be meaningfully constrained by Washington's magazine ban" and its suggestion that ESSB 5078 will not reduce gun violence or improve public safety.

50. The website cited in Paragraph 50 speaks for itself. The Alliance denies all allegations, inferences, and characterizations in Paragraph 50 inconsistent with the cited website. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 50, which shall have the effect of a denial.

51. Paragraph 51 consists of legal conclusions and argument to which no response is required. To the extent a response is required, the Alliance denies the same.

INTERVENOR ALLIANCE FOR GUN RESPONSIBILITY'S
ANSWER TO FIRST AMENDED COMPLAINT - 12
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

**STATEMENT OF FACTS RELATING TO GABRIELLA SULLIVAN**

52. The Alliance incorporates its responses as set forth above.

53. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 53, which shall have the effect of a denial.

54. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 54, which shall have the effect of a denial.

55. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 55, which shall have the effect of a denial.

56. The Alliance admits that both the Sig Sauer P365 handgun and Smith & Wesson M&P Sport .22 rifle are compatible with both LCMs and smaller-capacity magazines. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 56, which shall have the effect of a denial.

57. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 57, which shall have the effect of a denial.

58. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 58, which shall have the effect of a denial.

59. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in the first and third sentences of Paragraph 59, which shall have the effect of a denial. The second sentence of Paragraph 59 consists of legal conclusions and argument to which no response is required, but to the extent a response is required, the Alliance denies the same.

**STATEMENT OF FACTS RELATING TO RAINIER ARMS, LLC**

60. The Alliance incorporates its responses as set forth above.

INTERVENOR ALLIANCE FOR GUN RESPONSIBILITY'S
ANSWER TO FIRST AMENDED COMPLAINT - 13
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

61. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 61, which shall have the effect of a denial.

62. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 62, which shall have the effect of a denial.

63. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 63, which shall have the effect of a denial.

64. Paragraph 64 contains characterizations of this action and legal conclusions and argument to which no response is required. To the extent a response is required, the Alliance denies the same. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 64, which shall have the effect of a denial.

## STATEMENT OF FACTS RELATING TO PLAINTIF DANIEL MARTIN

65. The Alliance incorporates its responses as set forth above.

66. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 66, which shall have the effect of a denial.

67. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 67, which shall have the effect of a denial.

68. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 68, which shall have the effect of a denial.

69. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 69, which shall have the effect of a denial.

70. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 70, which shall have the effect of a denial.

INTERVENOR ALLIANCE FOR GUN RESPONSIBILITY'S
ANSWER TO FIRST AMENDED COMPLAINT - 14
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

71. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 71, which shall have the effect of a denial.

72. The first sentence of Paragraph 72 contains legal conclusions and argument to which no response is required. To the extent a response is required, the Alliance denies the same. The Alliance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 72, which shall have the effect of a denial.

## COUNT ONE

73. The Alliance incorporates its responses as set forth above.

74. Admitted.

75. The allegations in Paragraph 75 constitute legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

76. The allegations in Paragraph 76 constitute legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

77. The allegations in Paragraph 77 constitute legal conclusions or argument to which no response is required. To the extent a response is required, the Alliance denies the same.

78. Denied.

79. Denied.

80. Denied.

## PRAYER FOR RELIEF

The Prayer for Relief portion of the Amended Complaint makes no allegation to which an answer is required. To the extent a response is required, the Alliance denies that Plaintiffs are entitled to the requested relief or any other relief.

INTERVENOR ALLIANCE FOR GUN RESPONSIBILITY'S
ANSWER TO FIRST AMENDED COMPLAINT - 15
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

## OMNIBUS DENIAL

Unless otherwise specifically admitted above, the Alliance denies each and every remaining allegation in the Amended Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

The Alliance asserts the following defenses:

1. Plaintiffs fail to state a claim upon which relief can be granted.

The Alliance incorporates by reference and adopts as its own any defense asserted by any other Defendant, and reserves the right to amend this Answer to assert additional defenses and affirmative defenses as additional facts are obtained through investigation and discovery.

## ALLIANCE'S PRAYER FOR RELIEF

WHEREFORE, having fully answered the Amended Complaint and having asserted defenses and affirmative defenses, the Alliance respectfully requests the following relief:

1. That the Amended Complaint be dismissed with prejudice and that no relief be granted to Plaintiffs;

2. That the Court enter final judgment in the Alliance's favor;

3. That the Court award the Alliance its reasonable expenses, costs, and attorney fees incurred in defending this action as authorized by law or equity; and

4. All other relief as the Court deems just and equitable.

DATED this 14th day of July, 2022.

PACIFICA LAW GROUP LLP

*s/ Kai A. Smith*
Zachary J. Pekelis, WSBA #44557
Kai A. Smith, WSBA #54749

Attorneys for Intervenor-Defendant
Alliance for Gun Responsibility

INTERVENOR ALLIANCE FOR GUN RESPONSIBILITY'S
ANSWER TO FIRST AMENDED COMPLAINT - 16
Case No. 3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750