THE HONORABLE JUDGE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIELLA SULLIVAN, et al.,<br><br>Plaintiffs,<br><br>-vs-<br><br>BOB FERGUSON, in his official capacity as Washington State Attorney General, et al.,<br><br>Defendants. | NO. 3:22-cv-05403 DGE<br><br>DEFENDANTS ENRIGHT AND GESE'S ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

COMES NOW the Defendants, JOHN GESE and CHAD ENRIGHT (hereinafter "Defendants") by and through their attorneys, IONE S. GEORGE, Chief Deputy Prosecuting Attorney, and CHRISTINE M. PALMER, Senior Deputy Prosecuting Attorney, and by way of answer to Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief (hereinafter "Complaint") filed herein, admit, deny, and allege as follows:

**I.      Introduction**

1.      Paragraph 1 contains only opinion and conclusory statements to which no response is required. To the extent a response is required, Defendants deny the entirety of Paragraph 1.

2.      Deny.

DEFENDANTS ENRIGHT AND GESE'S ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (3:22-cv-05403 DGE) – Page 1

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

3. Deny that Defendants will commit constitutional violations. The remaining allegations of Paragraph 3 contains only opinion and conclusory statements to which no response is required. To the extent a response is required, Defendants deny the entirety of Paragraph 3.

4. Defendants agree that constitutional rights should be protected and not violated. The remaining allegations of Paragraph 4 contains only opinion and conclusory statements to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of Paragraph 4.

5. Paragraph 5 contains only opinion statements and legal conclusion to which no response is required. Furthermore, the case law cited in this paragraph speaks for itself and likewise requires no response. To the extent a response is required, Defendants deny the entirety of Paragraph 5.

6. Paragraph 6 contains only opinion statements and legal conclusion to which no response is required. Furthermore, the case law cited in this paragraph speaks for itself and likewise requires no response. To the extent a response is required, Defendants deny the entirety of Paragraph 6.

7. Defendants deny that they threaten to infringe the rights of the Plaintiffs. The remaining allegation of Paragraph 7 state only opinion statements and legal conclusion to which no response is required, to the extent a response is required, Defendants deny.

## JURISDICTION AND VENUE

8. Admit that this Court has subject matter jurisdiction pursuant to 42 U.S.C. §1331. Deny that this Court has subject matter jurisdiction pursuant to 42 U.S.C. §1343 because this lawsuit does not allege a 42 U.S.C. §1985 claim.

DEFENDANTS ENRIGHT AND GESE'S ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (3:22-cv-05403 DGE) – Page 2

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

9. Paragraph 9 states opinion and conclusory statements and does not require a response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 9.

10. Admit that venue is proper.

## PARTIES

11. Defendants deny that they have caused any harm to Plaintiff Gabriel Sullivan. Defendants also deny that they have taken any steps to cause Plaintiff Gabriel Sullivan to fear prosecution. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 11 and, therefore, deny the same.

12. Defendants deny that they have caused any harm to Plaintiff Daniel Martin. Defendants also deny that they have taken any steps to cause Plaintiff Daniel Martin to fear prosecution. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 12 and, therefore, deny the same.

13. Defendants deny that they have caused any harm to Plaintiff Rainier Arms. Defendants also deny that they have taken any steps to cause Plaintiff Rainier Arms to fear prosecution. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 13 and, therefore, deny the same.

14. Defendants deny that they have caused any harm to Plaintiff Second Amendment Foundation ("SAF"). Defendants also deny that they have taken any steps to prosecute Plaintiff SAF or taken any steps to cause Plaintiff SAF to fear prosecution. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and, therefore, deny the same.

DEFENDANTS ENRIGHT AND GESE'S ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (3:22-cv-05403 DGE) – Page 3

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

15.     Defendants deny that they have caused any harm to Plaintiff Firearms Policy Coalition, Inc. ("FPC"). Defendants also deny that they have taken any steps to prosecute Plaintiff FPC or taken any steps to cause Plaintiff FPC to fear prosecution. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and, therefore, deny the same.

16.     Defendants admit that the Complaint names Bob Ferguson, in his official capacity as Washington State Attorney General, as a Defendant. With regard to the remaining allegations of Paragraph 16, these allegations are directed at another defendant and Defendants are unable to respond on behalf of this defendant.

17.     Defendants admit that the Complaint names John R. Batiste, in his official capacity as Chief of the Washington State Patrol, as a Defendant. With regard to the remaining allegations of Paragraph 17, these allegations are directed at another defendant and Defendants are unable to respond on behalf of this defendant.

18.     Defendants admit that the Complaint names Patti Cole-Tindall, in her official capacity as Interim Sheriff for King County, Washington, as a Defendant. With regard to the remaining allegations of Paragraph 18, these allegations are directed at another defendant and Defendants are unable to respond on behalf of this defendant.

19.     Defendants admit that the Complaint names John Gese, in his official capacity as Sheriff for Kitsap County, Washington, as a Defendant. Defendants admit that Sheriff Gese has authority under RCW 36.28.010 to arrest and commit persons guilty of public offenses and the precise extent and scope of this authority is determined by case law and statute. The remaining allegations contained in Paragraph 19 set forth a legal conclusion or opinion to which no response is required. To the extent a response is required, Defendants deny.

DEFENDANTS ENRIGHT AND GESE'S ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (3:22-cv-05403 DGE) – Page 4

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

20. Defendants admit that the Complaint names Rick Scott, in his official capacity as Sheriff for Grays Harbor County, Washington, as a Defendant. With regard to the remaining allegations of Paragraph 20, these allegations are directed at another defendant and Defendants are unable to respond on behalf of this defendant.

21. Defendants admit that the Complaint names Dan Satterberg, in his official capacity as County Prosecutor for King County, Washington, as a Defendant. With regard to the remaining allegations of Paragraph 21, these allegations are directed at another defendant and Defendants are unable to respond on behalf of this defendant.

22. Defendants admit that the Complaint names Chad Enright, in his official capacity as County Prosecutor for Kitsap County, Washington, as a Defendant. Defendants admit that under RCW 36.27.020 Chad Enright has authority to prosecute criminal and civil actions in which the state or the county may be a party and the precise extent and scope of this authority is determined by case law and statute. The remaining allegations contained in Paragraph 22 set forth a legal conclusion or opinion to which no response is required. To the extent a response is required, Defendants deny.

23. Defendants admit that the Complaint names Norma Tillotson, in her official capacity as County Prosecutor for Grays Harbor County, Washington, as a Defendant. With regard to the remaining allegations of Paragraph 23, these allegations are directed at another defendant and Defendants are unable to respond on behalf of this defendant.

**FACTUAL ALLEGATIONS**

**I.     Washington's Ban on Standard Capacity Magazines.**

24. Defendants admit that Engrossed Substitute Senate Bill 5078 ("the Act") was signed by Washington Governor Jay Inslee on March 23, 2022. Defendants admit that, in part,

DEFENDANTS ENRIGHT AND GESE'S ANSWER TO AMENDED
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(3:22-cv-05403 DGE) – Page 5

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

Senate Bill 5078 provides as follows: "No person in this state may manufacture, import, distribute, sell, or offer for sale any large capacity magazine, except as authorized in this section." Admit that Senate Bill 5078, defines a large capacity magazine, in part, as "an ammunition feeding device with the capacity to accept more than 10 rounds of ammunition, or any conversion kit, part, or combination of parts, from which such a device can be assembled if those parts are in possession of or under the control of the same person." Defendants deny all remaining allegations contained in Paragraph 24.

25. Admit that the Act exempts from the definition of large capacity magazine the following: "(a) An ammunition feeding device that has been permanently altered so that it cannot accommodate more than 10 rounds of ammunition; (b) A 22 caliber tube ammunition feeding device; or (c) A tubular magazine that is contained in a lever-action firearm "any ammunition feeding device that has been permanently altered so that it cannot accommodate more than 10 rounds of ammunition." The remaining allegations contained in Paragraph 25 are vague with regard to the phrase "commerce in many of the most common magazines in Washington," and therefore, Defendants deny the same. Defendants further deny all allegations that appear to pertain to RCW 9.4.1.010(36)(a)-(c) as this code provision does not exist.

26. Admit that the Act, in part, exempts the "manufacture, importation, distribution, offer for sale, or sale of a large capacity magazine by a licensed firearms manufacturer for the purposes of sale to any branch of the armed forces of the United States or the state of Washington, or to a law enforcement agency in this state for use by that agency or its employees for law enforcement purposes." The remaining allegations contained in Paragraph 26 are vague with regard to the phrases "so-called" and "law abiding citizens" (which are phrases not found or used in the Act), and therefore, Defendants deny the same.

DEFENDANTS ENRIGHT AND GESE'S ANSWER TO AMENDED
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(3:22-cv-05403 DGE) – Page 6

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

27. The allegations contained in Paragraph 27 are vague with regard to the phrase "standard capacity magazines." Defendants deny Paragraph 27.

28. Admit.

29. Admit.

**II.   Washington Has Criminalized a Common and Important Means of Self-Defense.**

30. Deny.

31. The allegations contained in Paragraph 31 are vague with regard to the phrase "standard capacity magazines." Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 31 and, therefore, deny the same.

32. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 32 and, therefore, deny the same.

33. The allegations contained in Paragraph 33 are vague with regard to the phrase "standard-issue magazines." Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 33 and, therefore, deny the same.

34. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 34 and, therefore, deny the same.

35. The allegations contained in Paragraph 35 are vague with regard to the phrase "standard capacity magazines" and "law-abiding citizens." Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 35 and, therefore, deny the same.

36. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 36 and, therefore, deny the same.

DEFENDANTS ENRIGHT AND GESE'S ANSWER TO AMENDED
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(3:22-cv-05403 DGE) – Page 7

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

37. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 36 and, therefore, deny the same.

38. The allegations contained in Paragraph 35 are vague with regard to the phrase "standard capacity magazines" and "historical tradition." Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 38 and, therefore, deny the same.

39. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 39 and, therefore, deny the same.

40. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 40 and, therefore, deny the same.

41. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 41 and, therefore, deny the same.

42. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 42 and, therefore, deny the same.

43. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 43 and, therefore, deny the same.

44. The allegations in Paragraph 44 consist of legal conclusions or argument or opinion statements to which no response is required. To the extent a response is required, Defendants deny. With regard to any factual statements alleged, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 44 and, therefore, deny the same.

45. The allegations contained in Paragraph 45 are vague with regard to the phrase "standard capacity magazines." Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 45 and, therefore, deny the same.

DEFENDANTS ENRIGHT AND GESE'S ANSWER TO AMENDED
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(3:22-cv-05403 DGE) – Page 8

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

46. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 46 and, therefore, deny the same.

47. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 47 and, therefore, deny the same.

48. Defendants admit that the Act provides exceptions for law enforcement agencies in Washington. The remaining allegations in Paragraph 48 consist of legal conclusions or argument or opinion statements to which no response is required. To the extent a response is required Defendants deny.

49. Paragraph 49 consist of legal conclusions, argument or opinion statements, and speculation, to which no response is required. To the extent a response is required Defendants deny.

50. Deny that Defendants have expressed any intent to enforce Washington's magazine ban. The remaining allegations in Paragraph 50 are asserted against other defendants for whom Defendants have no authority to respond and on whose behalf Defendants cannot answer.

51. Deny that the Act has been in effect only a few days. The remaining allegations contained in Paragraph 51 consist of legal conclusions, argument or opinion statements to which no response is required. To the extent a response is required Defendants deny.

**STATEMENT OF FACTS RELATING TO GABRIELLA SULLIVAN**

52. Defendants fully incorporate their responses as set forth above

53. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 53 and, therefore, deny the same.

54. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 54 and, therefore, deny the same.

DEFENDANTS ENRIGHT AND GESE'S ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (3:22-cv-05403 DGE) – Page 9

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

55. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 55 and, therefore, deny the same.

56. The allegations contained in Paragraph 56 are vague with regard to the phrase "standard capacity magazines." Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 56 and, therefore, deny the same.

57. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 57 and, therefore, deny the same.

58. The allegations contained in Paragraph 58 are vague with regard to the phrase "standard capacity magazines." Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 58 and, therefore, deny the same.

59. The allegations contained in Paragraph 59 are vague with regard to the phrase "standard capacity magazines." The allegations contained in Paragraph 59 consist of legal conclusions, argument or opinion statements to which no response is required. To the extent a response is required Defendants deny. Furthermore, to the extent Paragraph 59 contains factual statements, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 59 and, therefore, deny the same.

**STATEMENT OF FACTS RELATING TO RAINIER ARMS, LLC**

60. Defendants fully incorporate their responses as set forth above.

61. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 61 and, therefore, deny the same.

62. The allegations contained in Paragraph 62 are vague with regard to the phrase "standard capacity magazines." Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 62 and, therefore, deny the same.

DEFENDANTS ENRIGHT AND GESE'S ANSWER TO AMENDED
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(3:22-cv-05403 DGE) – Page 10

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

63.     The allegations contained in Paragraph 63 are vague with regard to the phrase "standard capacity magazines." Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 63 and, therefore, deny the same.

64.     The allegations contained in Paragraph 64 consist of legal conclusions, argument or opinion statements, and speculation to which no response is required. To the extent a response is required Defendants deny. Furthermore, to the extent Paragraph 64 contains factual statements, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 64 and, therefore, deny the same.

**STATEMENT OF FACTS RELATING TO PLAINTIFF DANIEL MARTIN**

65.     Defendants fully incorporate their responses as set forth above.

66.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 66 and, therefore, deny the same.

67.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 67 and, therefore, deny the same.

68.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 68 and, therefore, deny the same.

69.     The allegations contained in Paragraph 69 are vague with regard to the phrase "standard capacity magazines." Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 69 and, therefore, deny the same.

70.     The allegations contained in Paragraph 70 are vague with regard to the phrase "standard capacity magazines." Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 70 and, therefore, deny the same.

DEFENDANTS ENRIGHT AND GESE'S ANSWER TO AMENDED
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(3:22-cv-05403 DGE) – Page 11

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

71. The allegations contained in Paragraph 71 are vague with regard to the phrase "standard capacity magazines." Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 71 and, therefore, deny the same.

72. The allegations contained in Paragraph 72 consist of legal conclusions, argument or opinion statements, and speculation to which no response is required. To the extent a response is required Defendants deny. Furthermore, to the extent Paragraph 72 contains factual statements, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 72 and, therefore, deny the same.

## COUNT ONE

**The Act is Facially Unconstitutional Under the Second and Fourteenth Amendments to the U.S. Constitution**

73. Defendants fully incorporate their responses as set forth above.

74. Admit.

75. Paragraph 75 consists of legal statements and legal conclusion for which no response is required. Statements of law and their application and relevance to this case will ultimately be determined by the Court.

76. Paragraph 76 consists of legal statements and legal conclusion for which no response is required. Statements of law and their application and relevance to this case will ultimately be determined by the Court.

77. Paragraph 77 consists of legal statements and legal conclusion for which no response is required. Statements of law and their application and relevance to this case will ultimately be determined by the Court.

DEFENDANTS ENRIGHT AND GESE'S ANSWER TO AMENDED
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(3:22-cv-05403 DGE) – Page 12

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

78. Paragraph 78 consists of legal statements and legal conclusion for which no response is required. Statements of law and their application and relevance to this case will ultimately be determined by the Court.

79. Paragraph 79 consists of legal statements and legal conclusion for which no response is required. Statements of law and their application and relevance to this case will ultimately be determined by the Court.

80. Paragraph 80 is vague with regard to the phrases "these restrictions," "without a historical analogue," and "must be invalidated." Defendants deny all allegations contained in Paragraph 80.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief requested in their "Prayer for Relief."

Any statement or allegation in Plaintiff's Complaint that is not expressly admitted herein is denied by the Defendants.

## AFFIRMATIVE DEFENSES

FURTHER ANSWERING the Complaint and by way of affirmative defenses, Defendants state and allege as follows:

1. Plaintiffs lack standing to sue individually and/or on behalf of others.

2. Plaintiffs' claims are not ripe and there is no actual case or controversy as neither Defendants have taken any steps to enforce the Act nor have they made any statements indicating that they will enforce the Act against the Plaintiffs.

3. Plaintiffs' claims may be barred pursuant to the principles of issue and claim preclusion or res judicata. The constitutional issues raised in this lawsuit may have been decided

DEFENDANTS ENRIGHT AND GESE'S ANSWER TO AMENDED
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(3:22-cv-05403 DGE) – Page 13

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

by other courts and/or are currently pending before other federal courts. The holdings and decisions rendered by other federal courts on this issue might govern or determine the outcome of this lawsuit.

4. Plaintiffs are not entitled to any relief under 42 USC §1988 and 42 USC §1983, including any monetary judgment, costs, or attorney fees, because Plaintiffs have failed to state a 42 USC §1983 claim and all such claims have been dismissed by the Court.

5. Plaintiffs have failed to state a claim under 42 USC §1985 or 42 USC §1343 and are not entitled to any remedies authorized by the same.

6. To the extent Plaintiffs are attempting to bring a claim for monetary damages, costs or attorney fees, Defendants may be immune from suit or judgment pursuant to the following doctrines: public duty doctrine, qualified immunity, prosecutorial immunity, and absolute immunity.

Defendants reserve the right to assert additional defenses and affirmative defenses as established by the facts of this case. The Defendants also adopt and incorporate by reference any and all other defenses asserted by any other defendant in this matter to the extent the Defendants may share in such defense.

WHEREFORE, Defendants prays for relief as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby.

2. That Defendants recover their costs and attorneys' fees incurred herein to the maximum extent permitted by law.

3. For other relief as the court deems just and equitable.

DEFENDANTS ENRIGHT AND GESE'S ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (3:22-cv-05403 DGE) – Page 14

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992  Fax (360) 337-7083
www.kitsapgov.com/pros

Respectfully submitted this 17th day of November, 2022.

        CHAD M. ENRIGHT
        Kitsap County Prosecuting Attorney

        */s/ Christine M. Palmer*
        IONE S. GEORGE, WSBA No. 18236
        CHRISTINE M. PALMER, WSBA No. 42560
        Attorneys for Defendants Chad M. Enright and John Gese

DEFENDANTS ENRIGHT AND GESE'S ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(3:22-cv-05403 DGE) – Page 15

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros

# CERTIFICATE OF SERVICE

I certify that on November 17, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Cody J. Wisniewski<br>Erin M. Erhardt<br>Mountain States Legal Foundation<br>2596 S Lewis Way<br>Lakewood, CO 80227 | David H. Thompson<br>Peter A. Patterson<br>William Bergstrom<br>Cooper & Kirk PLLC<br>1523 New Hampshire Ave NW<br>Washington, DC 20036 |
| Joel B. Ard<br>Ard Law Group PLLC<br>PO Box 11633<br>Bainbridge Island, WA 98110 | R. July Simpson<br>William McGinty<br>Attorney General's Office<br>7141 Cleanwater Dr. SW<br>PO Box 40111<br>Olympia, WA 98504-0100 |
| Kristin Beneski<br>Andrew Hughes<br>Brian Hunt Rowe<br>Attorney General's Office<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104-3188 | Jeffrey T. Even<br>Attorney General's Office<br>1125 Washington St. SE<br>PO Box 40100<br>Olympia, WA 98504-0100 |
| David J. Hackett<br>Ann M. Summers<br>King County Prosecutor's Office<br>516 3rd Avenue, #W554<br>Seattle, WA 98104 | Erin M Erhardt<br>Mountain States Legal Foundation<br>2596 S. Lewis Way<br>Lakewood, CO 80227 |
| John E. Justice<br>Law Lyman Daniel Kamerrer & Bogdanovich<br>P.O. Box 11880<br>Olympia, WA 98508 | Kai A. Smith<br>Zachary J. Pekelis<br>Pacifica Law Group LLP<br>1191 Second Avenue, Ste 2000<br>Seattle, WA 98101 |

SIGNED in Port Orchard, Washington this 17th day of November, 2022.

*Batrice Fredsti* (signature)
Batrice Fredsti, Paralegal
Kitsap County Prosecutor's Office
614 Division Street, MS-35A
Port Orchard WA 98366
Phone: 360-337-7032

DEFENDANTS ENRIGHT AND GESE'S ANSWER TO AMENDED
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(3:22-cv-05403 DGE) – Page 16

**CHAD M. ENRIGHT**
Kitsap County Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA 98366-4676
(360) 337-4992   Fax (360) 337-7083
www.kitsapgov.com/pros