The Honorable Judge David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIELLA SULLIVAN; RAINIER ARMS, LLC; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BOB FERGUSON, in his official capacity as Washington State Attorney General; JOHN R. BATISTE, in his official capacity as Chief of the Washington State Patrol; PATTI COLE-TINDALL, in her official capacity as Interim Sheriff for King County, Washington; JOHN GESE, in his official capacity as Sheriff for Kitsap County, Washington; RICK SCOTT, in his official capacity as Sheriff for Grays Harbor County, Washington; LEESA MANION, in her official capacity as County Prosecutor for King County, Washington; CHAD M. ENRIGHT, in his official capacity as County Prosecutor for Kitsap County, Washington; and NORMA TILLOTSON, in her official capacity as County Prosecutor for Grays Harbor County, Washington, <br><br> Defendants. | No. 3:22-cv-5403-DGE <br><br> KING COUNTY DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE |

    Defendants Leesa Manion, King County Prosecutor, and Patti Cole-Tindall, King County Sheriff, who are both sued in their official capacities,[1] express no formal position on the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), which automatically substitutes a successor public officer when a public officer sued in their official capacity ceases to hold office, Prosecutor Leesa Manion has been substituted in the caption for former Prosecutor Dan

KING COUNTY DEFENDANTS' RESPONSE TO ORDER
TO SHOW CAUSE [No. 3:22-cv-5403-DGE] - 1

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
516 Third Ave., #W554
Seattle, Washington 98101
(206) 477-1120  Fax (206) 296-8819

possibility of the Court appointing its own expert in this matter. However, the King County Defendants are concerned that there are practical difficulties with appointing a neutral historical expert, especially in this developing and controversial area of law. In such a situation, the model of parties retaining experts, conducting discovery and presenting testimony through direct and cross examination may provide a superior approach.

The Supreme Court has cited a number of experts in recent Second Amendment cases. In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Court cited scholarship by Eugene Volokh, Randy Barnett, Clayton Cramer, Joseph Olson, Joyce Lee Malcolm, Don Kates, Jr. and Robert Churchill. In *Caetano v. Massachusetts*, 577 U.S. 411 (2016), the Court again cited Eugene Volokh. In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 213 L.Ed.2d 387 (2022), the Court cited David Kopel, Joseph Greenlee and Lois Schwoerer. However, a review of these scholars' work shows that there is often disagreement among them.

For example, Professor Churchill noted prior to *Heller* that scholars had identified four or five different interpretations of the Second Amendment, with the bulk of scholarly writings being divided into two general competing frameworks that had produced an "intractable debate" between the collective right advocates and the individual right advocates. Robert H. Churchill, *Gun Regulation, the Police Power, and the Right to Keep Arms in Early America: The Legal Context of the Second Amendment*, 25 Law & Hist. Rev. 139, 140 (2007). Don Kates, Jr. termed it "The Great American Gun War" and noted the bitterness of the debate, which was "sharply polarized" between the individual rights proponents and the collective rights proponents. He also noted that the individual rights framework, which the Court ultimately

---

Satterberg. Prosecutor Manion succeeded Mr. Satterberg as King County Prosecutor in January 2023 following Mr. Satterberg's retirement and an election of the voters.

KING COUNTY DEFENDANTS' RESPONSE TO ORDER
TO SHOW CAUSE [No. 3:22-cv-5403-DGE] - 2

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
516 Third Ave., #W554
Seattle, Washington 98101
(206) 477-1120  Fax (206) 296-8819

adopted in *Heller* (decades after Kates wrote his article), was "endorsed by only a minority of legal scholars."  Don B. Kates, Jr, *Handgun Prohibition and the Original Meaning of the Second Amendment*, 82 Mich. L. Rev. 204, 206 (1983).  On the other hand, Professor Saul Cornell has expressed his view that "ideologically driven gun rights advocacy, masquerading as serious scholarship" was presented in many of the amicus briefs filed in *Bruen*.[2]

Thus, if this Court chooses only one historical expert to appoint as a court-appointed expert, it can have no assurance that the expert will be presenting a view that is generally accepted among other historical scholars.  Indeed, the varying views of scholars likely requires general reliance on the fact finding mechanisms available to the court following the presentation of evidence.  The dispute between academics is compounded by uncertainties in the applicable *Bruen* analysis itself.  For example, the analysis of the majority opinion does not always mesh well with the concurring opinions, thereby casting doubt on the relevant legal inquiry in this case and others involving firearms where the facts diverge from those considered in *Bruen*.  *See generally* A. Willinger, *Bruen's Concurrences: The Questionable Durability of the Bruen*

---

[2] While Professor Cornell has not been cited by the Supreme Court, he was cited by the Fifth Circuit decision in *Bruen*.  *Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 700 F.3d 185, 200, 2012 WL 5259015 (5th Cir. 2012), *abrogated by New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 213 L. Ed. 2d 387 (2022).  Prof. Cornell has also been cited by other circuits. See *Range v. Attorney Gen. United States*, 53 F.4th 262, 280 (3d Cir. 2022), *reh'g en banc granted, opinion vacated sub nom. Range v. Attorney Gen. United States of Am.*, 56 F.4th 992 (3d Cir. 2023); *Duncan v. Bonta*, 19 F.4th 1087, 1119 (9th Cir. 2021), *vacated and remanded,* 49 F.4th 1228 (9th Cir. 2022); *Kolbe v. Hogan*, 813 F.3d 160, 175 (4th Cir. 2016), *on reh'g en banc,* 849 F.3d 114 (4th Cir. 2017); *Moore v. Madigan*, 702 F.3d 933, 935 (7th Cir. 2012).

KING COUNTY DEFENDANTS' RESPONSE TO ORDER
TO SHOW CAUSE [No. 3:22-cv-5403-DGE] - 3

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
516 Third Ave., #W554
Seattle, Washington 98101
(206) 477-1120  Fax (206) 296-8819

*Majority, and Ruminations on Originalism and the Limits of Historical Inquiry*, Duke Center for Firearms Law (July 6, 2022).[3]

The King County Defendants will defer to the Court's judgment on what may work best for this case, but are currently not perceiving the benefit of a court-appointed expert under the circumstances of this case.

DATED this 6th day of February, 2023.

> LEESA MANION (she/her)
> King County Prosecuting Attorney
>
> By: *s/ David Hackett*
> DAVID J. HACKETT, WSBA #21236
>
> By: *s/ Ann Summers*
> ANN M. SUMMERS, WSBA #21509
>
> Senior Deputy Prosecuting Attorneys
> Attorneys for King County Defendants
> 516 Third Ave., #W554
> Seattle, WA 98104
> Phone: (206) 477-1120/Fax: (206) 296-8819
> david.hackett@kingcounty.gov
> ann.summers@kingcounty.gov

---

[3] https://firearmslaw.duke.edu/2022/07/bruens-concurrences-the-questionable-durability-of-the-bruen-majority-and-ruminations-on-originalism-and-the-limits-of-historical-inquiry/ (last accessed 2/6/2023).

KING COUNTY DEFENDANTS' RESPONSE TO ORDER
TO SHOW CAUSE [No. 3:22-cv-5403-DGE] - 4

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
516 Third Ave., #W554
Seattle, Washington 98101
(206) 477-1120  Fax (206) 296-8819

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on February 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF E-filing system which will send notification of such filing to all counsel of record.

I declare under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

DATED this 6th day of February, 2023.

_____
RAFAEL MUNOZ-CINTRON
Paralegal I – Litigation Section
King County Prosecuting Attorney's Office

KING COUNTY DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE [No. 3:22-cv-5403-DGE] - 5

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
516 Third Ave., #W554
Seattle, Washington 98101
(206) 477-1120  Fax (206) 296-8819