The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIELLA SULLIVAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BOB FERGUSON, in his official capacity as Washington State Attorney General, et al., <br><br> Defendants, <br><br> ALLIANCE FOR GUN RESPONSIBILITY, <br><br> Intervenor-Defendant. | NO. 3:22-cv-05403-DGE <br><br> DECLARATION OF ADRIAN DIAZ IN SUPPORT OF STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT <br><br> NOTE ON MOTION CALENDAR: October 16, 2023 |

I, Adrian Diaz, declare under penalty of perjury under the laws of the United States that the information in this declaration is true:

1. I am the Chief of the Seattle Police Department. I am over the age of 18, competent to testify as to the matters in my declaration, and make this declaration based on my personal knowledge.

2. I have been a member of the Seattle Police Department (SPD) for more than two decades. I began my career at SPD in Patrol, the Mountain Bike Unit, and the Anti-Crime Team and later joined the Investigations Bureau. I currently serve as the Chief of Police. Immediately prior to that role, I served as the Deputy Chief of Operations for SPD and the Interim Chief of Police.

DECLARATION OF ADRIAN DIAZ IN SUPPORT OF STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
NO. 3:22-cv-05403-DGE

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

3. In addition to serving as Chief of Police, I also serve as a Master Defensive Tactics instructor at the Washington State Criminal Justice Training Commission.

4. I have received extensive training on firearms throughout my career in law enforcement and have trained others on the use of firearms and ammunition. As a longtime member of SPD and as Chief of Police, I am well-versed in the features and capabilities of firearms used for law enforcement and civilian self-defense. I am also a longtime gun owner and have owned a personal firearm for 25 years.

5. With some exceptions, including exceptions for law enforcement, Washington's large-capacity magazine law makes it illegal to manufacture, import, distribute, sell, or offer for sale any large-capacity magazine. Large-capacity magazines are defined under that law as magazines than can hold more than 10 rounds of ammunition, or the components that can be used to create such devices. Tubular magazines contained in a lever-action firearm as well as .22 caliber tube ammunition feeding devices are not large capacity magazines under the law.

6. I am a strong supporter of Washington State's large-capacity magazine law because I have seen the carnage large-capacity magazines can inflict. I believe that, over time, the large-capacity magazine law will help reduce the availability of these magazines to criminals, thereby making Washington safer.

7. While carrying large-capacity magazines can be important for law enforcement officers, they are not appropriate or necessary for civilian use. Every round a civilian fires has the potential to inflict lethal harm, and when more shots are available, more shots are fired, resulting in the possibility of greater number of injuries and deaths.

8. When large-capacity magazines are involved in a crime, a staggering number of rounds are fired. I have responded to incidents in which almost 70 rounds were fired. Such incidents pose an acute threat to the public.

9. Large-capacity magazines increase the potential lethality of active shooter events. Opportunities for bystanders to disarm active shooters are most likely to arise when the shooter

DECLARATION OF ADRIAN DIAZ IN SUPPORT OF STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
NO. 3:22-cv-05403-DGE

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia. WA 98504-0111
(360) 709-6470

pauses to reload. When a gunman has a large-capacity magazine, such an opportunity presents itself less frequently and may not present itself at all.

10. Large-capacity magazines are uniquely suited to the law enforcement setting, where they are used for highly specialized law enforcement purposes by qualified officers who have been trained to safely handle them.

11. Law enforcement uses of large-capacity magazines are wholly inapplicable to private citizens. Unlike private citizens, who must only protect themselves, law enforcement officers are tasked with affirmatively protecting the community at large. To that end, they must engage in law enforcement functions such as apprehending suspects, interacting with high-risk barricaded suspects, protecting hostages, or taking control of territory occupied by armed criminals. Large-capacity magazines are uniquely suited to these specialized, law enforcement functions.

12. For example, officers may be better equipped to respond to such incidents when they are carrying a firearm that is accurate at long distances (such as an assault rifle) and/or capable of firing multiple rounds in succession. Large-capacity magazines are beneficial in these situations because changing magazines takes precious time and requires officers to divert their attention from the scene. Pausing to change magazines is particularly problematic when an officer needs to move swiftly to respond to a threat without endangering innocent civilians in the surrounding area.

13. Even though law enforcement officers are tasked with functions in which large-capacity magazines can be helpful, it is still extremely rare for an officer to fire more than 10 rounds in a single incident. In fact, I cannot recall an incident in recent years in which a single SPD officer fired more than 10 rounds.

14. Nevertheless, SPD patrol officers routinely carry 17-round magazines because they need to be prepared for every scenario they might encounter. While a standard magazine is

DECLARATION OF ADRIAN DIAZ IN SUPPORT OF STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
NO. 3:22-cv-05403-DGE

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

sometimes sufficient, certain law enforcement functions, such as those described above, may be more effective when the officer has a large-capacity magazine.

15. In stark contrast, there is no place for large-capacity magazines in civilian self-defense. When a civilian is engaging in genuine self-defense, the sole objective is to drive away an aggressor. In such cases, it only takes a few rounds to cause an aggressor to flee or to otherwise end the encounter. A civilian who continues to shoot after the threat has been neutralized may not be perceived by law enforcement as acting in self-defense.

16. In fact, with the exception of a recent incident in which a jury found that a participant in a gunfight between rival gang members was acting in self-defense, I cannot recall a single instance of self-defense in which more than three rounds were fired in my 25 year career in law enforcement.

17. Thus, I would be surprised and concerned to see a victim reloading or firing more than a few rounds in self-defense, and I would question whether the civilian was truly acting in self-defense.

18. In fact, firing more than a handful of rounds in self-defense may be dangerous because it increases the odds of a bystander being hit by a stray bullet and because an officer responding to such an incident may perceive the victim as the suspect.

19. Another distinguishing factor between law enforcement and civilian use of large-capacity magazines is training. Sworn officers must meet rigorous qualifications and complete exhaustive training before they are allowed to carry firearms, including large-capacity magazines, in the line of duty. This includes 80 hours of initial training and an annual recertification requirement.

20. Officers are trained in the safe handling and use of large-capacity magazines, including methods to safely fire multiple rounds in succession. Training covers a wide range of potential scenarios to ensure that officers are prepared to use large-capacity magazines safely in a variety of different law-enforcement contexts. Without this training (or comparably rigorous

DECLARATION OF ADRIAN DIAZ IN SUPPORT OF STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
NO. 3:22-cv-05403-DGE

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia. WA 98504-0111
(360) 709-6470

1  training), civilians cannot be expected to use large-capacity magazines without posing a risk to
2  innocent bystanders.

3      21.    Like all sworn officers at SPD, I carry a weapon with a large-capacity magazine
4  when I am on duty. However, I firmly believe that private citizens have no need for large-
5  capacity magazines.

6      I declare under penalty of perjury under the laws of the State of Washington and the
7  United States that the foregoing is true and correct.

8      DATED this 22ⁿᵈ day of August 2023 at Seattle, King County.

_____
ADRIAN DIAZ
Chief of Police
Seattle Police Department

DECLARATION OF ADRIAN DIAZ IN SUPPORT OF STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
NO. 3:22-cv-05403-DGE

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

# DECLARATION OF SERVICE

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will send notification of such filing to all counsel of record.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 1st day of September 2023, at Seattle, Washington.

*/s/ Andrew R.W. Hughes*
ANDREW R.W. HUGHES, WSBA #49515
Assistant Attorney General

DECLARATION OF ADRIAN DIAZ IN SUPPORT OF STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT NO. 3:22-cv-05403-DGE

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia. WA 98504-0111
(360) 709-6470