HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIELLA SULLIVAN; RAINIER ARMS, LLC; DANIEL MARTIN, SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC.,<br><br>                      Plaintiffs,<br><br>    v.<br><br>BOB FERGUSON, in his official capacity as Washington State Attorney General; JOHN R. BATISTE, in his official capacity as Chief of the Washington State Patrol; PATTI COLE-TINDALL, in her official capacity as Interim Sheriff for King County, Washington; JOHN GESE, in his official capacity as Sheriff for Kitsap County, Washington; RICK SCOTT, in his official capacity as Sheriff for Grays Harbor County, Washington; DAN SATTERBERG, in his official capacity as County Prosecutor for King County, Washington; CHAD M. ENRIGHT, in his official capacity as County Prosecutor for Kitsap County, Washington; and NORMA TILLOTSON, in her official capacity as County Prosecutor for Grays Harbor County, Washington,<br><br>                      Defendants. | Case No. 3:22-cv-05403-DGE<br><br>**DEFENDANTS RICK SCOTT AND NORMA TILLOTSON'S MOTION FOR SUMMARY JUDGMENT**<br><br>NOTE ON MOTION CALENDAR:<br>October 16, 2023 |

DEFENDANTS RICK SCOTT AND NORMA TILLOTSON'S MOTION FOR SUMMARY JUDGMENT - 1
CASE NO. 3:22-cv-05403-DGE
106610.0010/9493073.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## I. MOTION

Defendants Rick Scott and Norma Tillotson (collectively, "Grays Harbor County Defendants" or "Defendants") move for summary judgment on Plaintiff's 42 U.S.C. § 1983 claim against them because they are not liable to Plaintiffs in their official capacity or personal capacity as a matter of law.

## II. FACTS

Plaintiffs are two private citizens, a commercial business and two nonprofit foundations that seek to challenge the constitutionality of Washington's newly-enacted ban on the manufacture, import, distribution and sale of large capacity magazines. ECF No. 42, First Amended Complaint, ¶ 11-15. That ban, codified as RCW 9.41.370, became effective July 1, 2022, and makes violation of the ban a gross misdemeanor. RCW 9.41.370(3). The Grays Harbor County Defendants do not take a position on whether Plaintiffs are entitled to relief with respect to their declaratory, injunctive, equitable or alternative legal remedy requests related to the constitutionality of Engrossed Substitute Senate Bill 5078. ECF No. 63 at 3. Plaintiffs, however, also seek damages, costs and attorney fees against Grays Harbor County Defendants, in their "official capacity," pursuant to 42 U.S.C. § 1983 and 1988 for violations of the Second Amendment to the United States Constitution, which Defendants deny. ECF No. 42 ¶¶ 20, 23; at 17-18; ECF No. 63 at 3. Plaintiffs did not move for judgment on their § 1983 claim against Gray Harbor County Defendants. ECF No. 101.

## III. LEGAL STANDARD

Summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

DEFENDANTS RICK SCOTT AND NORMA
TILLOTSON'S MOTION FOR SUMMARY
JUDGMENT - 2
CASE NO. 3:22-cv-05403-DGE
106610.0010/9493073.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

On an issue as to which the nonmoving party will have the burden of proof, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. *See id*. If the moving party meets its initial burden, the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## IV. ARGUMENT

The Court should grant Grays Harbor County Defendants' motion for summary judgment because Plaintiffs' 42 U.S.C. § 1983 cause of action fails as a matter of law, whether it is construed as an official-capacity action or a personal-capacity action.

A Section 1983 "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). "[W]hile an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Id.* at 166.

Plaintiffs sued Grays Harbor County Defendants only in their "official capacity" as Sheriff and County Prosecutor, respectively, for Grays Harbor. ECF No. 42 ¶¶ 20, 23. Yet they seek to recover from Grays Harbor County Defendants "any and all damages to which they are entitled, including but not limited to actual, compensatory, punitive, and/or nominal damages." *Id.* at 17-18.

Plaintiffs' Section 1983 claim suffers from at least two fatal flaws. First, Plaintiffs seek damages from the individual Sheriff and County Prosecutor for Grays Harbor even though Plaintiffs do not allege a personal-capacity claim against them. ECF No. 42 at 17-18. Even if Plaintiffs' complaint could be construed as a personal-capacity suit, it fails because the complaint does not allege any action by Grays Harbor County Defendants that caused the deprivation of a federal right. *Kentucky*, 473 U.S. at 166 ("[T]o establish personal liability in a § 1983 action,"

DEFENDANTS RICK SCOTT AND NORMA
TILLOTSON'S MOTION FOR SUMMARY
JUDGMENT - 3
CASE NO. 3:22-cv-05403-DGE
106610.0010/9493073.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

plaintiff must "show that the official, acting under color of state law, caused the deprivation of a federal right."). In fact, Plaintiffs do not allege that Grays Harbor County Defendants engaged in any individual action at all. *See generally* ECF No. 42.

Second, Plaintiffs' claim fares no better even if the Court construed it as an official capacity claim against the State of Washington. Known as a "*Monell* claim," an individual may prevail in a § 1983 action against "municipalities, including counties and their sheriff's departments," if the "unconstitutional action 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)) *Monell* liability attaches under Section 1983 generally only when the municipality has an unconstitutional policy or custom. *See Hopper v. City of Pasco*, 241 F.3d 1067, 1082 (9th Cir. 2001). Here, Plaintiffs do not allege that Grays Harbor County Defendants have an official policy or have a long-standing custom of enforcing the newly-enacted RCW 9.41.370.

Finally, the Grays Harbor County Defendants' motion is consistent with the law of the case. The Court has already recognized the multiple deficiencies in Plaintiffs' Section 1983 claim in granting the King County and Kitsap County Defendants' motions to dismiss that claim. ECF No. 76 at 15-16. The same deficiencies exist in Plaintiffs' Section 1983 against the Grays Harbor County Defendants, so the Court should reach the same result.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

DEFENDANTS RICK SCOTT AND NORMA TILLOTSON'S MOTION FOR SUMMARY JUDGMENT - 4
CASE NO. 3:22-cv-05403-DGE
106610.0010/9493073.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## V. CONCLUSION

For these reasons, the Court should grant summary judgment to Grays Harbor County Defendants.

*I certify that this motion contains 1000 words, in compliance with the Local Civil Rules.*

DATED: September 1, 2023

           LANE POWELL PC


           By: *s/Callie A. Castillo*
              Callie A. Castillo, WSBA No. 38214
              1420 Fifth Avenue, Suite 4200
              P.O. Box 91302
              Seattle, Washington 98111-9402
              Telephone: 206.223.7000
              castilloc@lanepowell.com

*Attorneys for Defendants Rick Scott and Norma Tillotson*

DEFENDANTS RICK SCOTT AND NORMA TILLOTSON'S MOTION FOR SUMMARY JUDGMENT - 5
CASE NO. 3:22-cv-05403-DGE
106610.0010/9493073.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

By *s/Callie A. Castillo*
Callie A. Castillo, WSBA No. 38214

DEFENDANTS RICK SCOTT AND NORMA TILLOTSON'S MOTION FOR SUMMARY JUDGMENT - 6
CASE NO. 3:22-cv-05403-DGE
106610.0010/9493073.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107