The Honorable Judge David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GABRIELLA SULLIVAN; *et al*.,

*Plaintiffs*,

v.

BOB FERGUSON, in his official capacity as Washington State Attorney General; *et al*.,

*Defendants*,

ALLIANCE FOR GUN RESPONSIBILITY,

*Intervenor-Defendant*,

No. 3:22-cv-5403-DGE

DEFENDANTS PATTI COLE-TINDALL AND LEESA MANION'S REPLY IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT

Noted for October 16, 2023

## I. ARGUMENT IN REPLY

### A. As to King County Defendants, Plaintiffs Have Failed to Establish Redressability.

In order to establish the redressability requirement of Article III as to King County Defendants, Plaintiffs must establish that a favorable decision enjoining King County Defendants will redress the alleged injury of at least one of the plaintiffs. *Reniger v. Hyundai Motor Am.*, 122 F.Supp.3d 888, 895 (N.D. Cal. 2015). They have failed to do so. Enjoining only King County Defendants from enforcing Wash. Rev. Code § 9.41.370 will not leave them free to buy or sell large capacity magazines.

Plaintiffs argue that *Haaland v. Brackeen*, 599 U.S. 255, 143 S.Ct. 1609 (2023), is inapposite because the federal officials named as defendants in *Haaland* did not administer the

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-8819

challenged law. Dkt. 133, at 2. That is not entirely correct. Notably, the Fifth Circuit in *Haaland* held that Article III's redressability requirement *had* been met because the alleged injury was "fairly traceable to the actions of at least some of the Federal Defendants, who bear some responsibility for the regulatory burdens imposed by ICWA and the Final Rule." *Brackeen v. Haaland*, 994 F.3d 249, 294 (5th Cir. 2021), aff'd in part, vacated in part, rev'd in part, 599 U.S. 255 (2023). But the Supreme Court reversed this holding, and concluded that some responsibility was insufficient. *Haaland,* 143 S.Ct. at 1639. An injunction against only the federal officials would not have given the plaintiffs in *Haaland* legally enforceable protection from their alleged harm, as it would not affect the state officials who applied the challenged Act. *Id.*

In this case, as in *Haaland*, the alleged injury of the plaintiffs—a Kitsap County resident and a business located in Auburn, Washington[1]—is not fairly traceable to King County Defendants, who have no jurisdiction in Kitsap County and who do not generally investigate or prosecute misdemeanors committed in incorporated cities in King County. As in *Haaland*, the constitutional issue will not be settled between the plaintiffs and the officials "who matter"—those primarily tasked with enforcing the law in this case. *Id.* Plaintiffs have failed to show an injunction or declaratory relief against King County would give Rainier Arms or Sullivan "legally enforceable protection from the allegedly imminent harm." *Id.*

**B. Plaintiffs Have Failed to Show That Large Capacity Magazines Are Arms.**

The Second Amendment does not guarantee the right to possess all weapons. The Second Amendment protects an individual's right to possess weapons that are in common use for central purpose of the Second Amendment: self-defense. *New York State Rifle & Pistol Assoc. v. Bruen,*

[1] Plaintiff Martin was a Grays Harbor County resident, but has moved out of Washington and thus he lacks standing. Dkt. 101, Plaintiffs' Motion for Summary Judgment, at 4 n.1. Plaintiffs have argued that his claim is now "moot." *Id.*

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-8819

597 U.S. __, 142 S.Ct. 2111, 2134 (2022) (concluding that handguns are covered by the plain text of the Second Amendment because they are "'in common use' today for self-defense")(quoting *District of Columbia v. Heller*, 554 U.S. 570, 27 (2008)). *See also U.S. v. Alaniz*, 69 F.4th 1124, 1128 (9th Cir. 2023) (explaining that the Second Amendment textual analysis involves an inquiry as to whether the weapon at issue is in common use today for self-defense). Large capacity magazines do not fit this definition.

The Washington law at issue bans no firearms at all. Plaintiffs do not dispute that there is *no* firearm that is not fully operational with a magazine of less than 11 rounds. While a ban on all magazines would operate as a weapons ban for the many firearms that cannot be operated without a magazine, Washington has not banned the sale of all magazines. A large capacity magazine is not a necessary component for the normal operation of any firearm. Plaintiffs do not respond to Defendants' and Intervenors' argument that, by Plaintiffs' logic, silencers would also be arms protected by the Second Amendment.

Plaintiffs respond that under the Defendants' reasoning the State could constitutionally prohibit any magazines that hold more than one round of ammunition. This argument is specious. Such a restriction would essentially prohibit all magazines, since the entire purpose of a detachable magazine is to provide more than one round of ammunition. Also, such a hypothetical law would be unlikely to pass any level of constitutional scrutiny.[2]

Plaintiffs' fault King County Defendants for not addressing *Teter v. Lopez*, 76 F.4th 938 (9th Cir. 2023). That case involved a Hawaii law prohibiting sale and possession of all butterfly

---

[2] Firearm regulatory measures prohibiting conduct unprotected by the Second Amendment, such as laws forbidding carrying firearms in sensitive places such as schools, are nonetheless subject to rational basis review. *Gallinger v. Becerra.*, 898 F.3d 1012, 1016 (9th Cir. 2018) (subjecting California's Gun-Free Zone Act to rational basis review under the Equal Protection Clause).

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-8819

knives, which is a type of pocket knife with a handle that is split into two components and can be opened with one hand. *Id.* at 942. *Teter* has limited applicability to the issue at hand. The Ninth Circuit held, unsurprisingly, that portable bladed weapons are encompassed in the meaning of "arms" for purposes of the Second Amendment because that term was historically understood as extending to knives. *Id.* at 949. *Teter* sheds no light on the question of whether a firearm accessory that is not necessary for the operation of any firearm falls with the meaning of arms for purposes of the Second Amendment.

**C. Plaintiffs Fail to Show That Large Capacity Magazines Are Commonly Used For Self-Defense.**

Plaintiffs reduce the *Bruen* standard of "common use for self-defense" to "commonly sold." A weapon does not become protected by the Second Amendment simply because it is aggressively marketed by the gun industry. To hold otherwise would mean that the gun industry could aggressively sell any new weapon, no matter how dangerous, and if enough were sold before legislatures responded the weapon would be constitutionally protected and beyond regulation.

Plaintiffs argue that a firearm is used for self-defense when it is simply carried, regardless of whether it is fired. Dkt. 133 at 7. While this is true, it actually supports Defendants' position and demonstrates further that large capacity magazines are not in themselves arms, and that the challenged law is not a weapon ban. *All firearms* owned and sold by Plaintiffs can be effectively used in a deterrent capacity—by carrying loaded—with a regular capacity magazine. To the extent that simply carrying a loaded firearm is a "common use for self-defense," Wash. Rev. Code § 9.41.370 in no way prohibits the carrying of any loaded firearm.

//

//

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-8819

**D. Plaintiffs Do Not Meaningfully Address the Argument That Wash. Rev. Code § 9.41.370 Is Consistent With the Nation's History of Regulating Particularly Dangerous Uses of Firearms.**

Plaintiffs have not meaningfully addressed King County Defendants' argument that because Washington's restriction on the sale of large capacity magazines does not prohibit the possession of any firearm, it is properly understood and analyzed not as a weapon ban, but as a regulation on how firearms may be used. The Supreme Court generally recognized the constitutionality of such regulations by acknowledging, for example, "longstanding" laws forbidding the carrying of firearm in "sensitive places." *Bruen*, 142 S.Ct. at 2133 (quoting *Heller*, 554 U.S. at 626-27).

Plaintiffs seemingly do not dispute a historical tradition of colonial laws governing when and where firearms could be fired. Dkt. 133, at 20 (referencing "colonial laws restricting *when* and *where* firearms could be fired") (emphasis added). Like those colonial regulations, Wash. Rev. Code § 9.41.370 is a regulation of a particularly dangerous use of firearms. *See* Washington Laws of 2022, ch. 104, § 1 (recognizing "mass shooting events from 2009 to 2018 where the use of large capacity magazines caused twice as many deaths and 14 times as many injuries" and that "mass shooting fatalities declined during the 10-year period when the federal assault weapon and large capacity magazine ban was in effect"). Washington's large capacity magazine restriction governs how firearms may be used by prohibiting a particularly dangerous use, and is thus directly analogous to the historical laws previously discussed in King County's briefing.

## II. CONCLUSION

As noted by the briefing in this case, as well as the recent Ninth Circuit *en banc* decision to stay the injunction of California's restrictions on large capacity magazines pending appeal, nine of the ten federal district courts to consider a Second Amendment challenge to large capacity

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-8819

magazine restrictions post *Bruen* have found the challenge unlikely to succeed. *See Duncan v. Bonta*, No. 23-55805, 2023 WL 6588623, at *1 (9th Cir. Oct. 10, 2023) (citing *Or. Firearms Fed'n v. Kotek*, —— F.Supp.3d ——, 2023 WL 4541027 (D. Or. July 14, 2023) (holding that the state's restriction on large-capacity magazines did not violate the Second Amendment); *Brumback v. Ferguson*, 2023 WL 6221425 (E.D. Wash. Sept. 25, 2023) (denying plaintiffs' motion for a preliminary injunction); *Nat'l Ass'n for Gun Rights v. Lamont*, —— F.Supp.3d ——, 2023 WL 4975979 (D. Conn. Aug. 3, 2023) (same); *Herrera v. Raoul*, —— F.Supp.3d ——, 2023 WL 3074799 (N.D. Ill. Apr. 25, 2023) (same); *Hanson v. Dist. of Columbia*, —— F.Supp.3d ——, 2023 WL 3019777 (D.D.C. Apr. 20, 2023) (same); *Del. State Sportsmen's Ass'n v. Del. Dep't of Safety & Homeland Sec.*, —— F.Supp.3d ——, 2023 WL 2655150 (D. Del. Mar. 27, 2023) (same); *Bevis v. City of Naperville*, Ill., —— F.Supp.3d ——, 2023 WL 2077392 (N.D. Ill. Feb. 17, 2023) (same); *Ocean State Tactical, LLC v. Rhode Island*, 646 F. Supp. 3d 368 (D.R.I. 2022) (same); *Or. Firearms Fed'n, Inc. v. Brown*, 644 F. Supp. 3d 782 (D. Or. 2022) (same)). The *en banc* majority noted that only one federal district court has granted a preliminary injunction, and in that case, the Seventh Circuit stayed the district court's order pending appeal. *See Barnett v. Raoul*, —— F.Supp.3d ——, 2023 WL 3160285 (S.D. Ill. Apr. 28, 2023) (granting plaintiffs' preliminary injunction), *stay pending appeal granted in Herrera v. Raoul*, No. 23-1793 (7th Cir. May 12, 2023) (order). As these other courts have indicated, restrictions on large capacity magazines do not violate the Second Amendment.

*I certify that this Memorandum contains 1,677 words in compliance with Local Civil Rules.*

//

//

//

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-8819

DATED this 16th day of October, 2023.

LEESA MANION (she/her)
King County Prosecuting Attorney

By: *s/ Ann Summers*
ANN M. SUMMERS, WSBA #21509
Senior Deputy Prosecuting Attorney
Attorneys for King County Defendants
701 5th Avenue, Suite 600
Seattle, WA 98104
Phone: (206) 477-1120/Fax: (206) 296-8819
david.hackett@kingcounty.gov
ann.summers@kingcounty.gov

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on October 16, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF E-filing system which will send notification of such filing to all counsel of record.

I declare under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

DATED this 16th day of October, 2023.

RAFAEL MUNOZ-CINTRON
Paralegal I – Litigation Section
King County Prosecuting Attorney's Office

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 5th Avenue, Suite 600
Seattle, Washington 98101
(206) 477-1120 Fax (206) 296-8819