The Honorable David G. Estudillo

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

9    GABRIELLA SULLIVAN, et al.,

10                    Plaintiffs,

11        v.

12   BOB FERGUSON, in his official capacity as
     Washington State Attorney General, et al.,
13
                      Defendants,
14
     ALLIANCE FOR GUN RESPONSIBILITY,
15
                Intervenor-Defendant.
16

NO. 3:22-cv-05403-DGE

MOTION TO STAY

NOTE ON MOTION CALENDAR:
October 27, 2023

17                    **I.    INTRODUCTION**

18        Defendants Bob Ferguson, John Batiste, Patti Cole-Tindall, Leesa Manion, and

19   Intervenor-Defendant Alliance for Gun Responsibility (Moving Defendants) move to stay this

20   proceeding pending the *en banc* court's resolution of *Duncan v. Bonta*, Case No. 23-55805

21   (9th Cir.). No party opposes a stay except for Plaintiffs.

22        *Duncan*, like this case, concerns the constitutionality of a state law restricting

23   large-capacity magazines (LCMs).[1] In 2019, a federal district court struck down California's

24   LCM restriction, but the *en banc* Ninth Circuit reversed, upholding California's law against a

25   _____
26        [1] California Penal Code section 32310 is more restrictive than Washington's SB 5078 because California's
     law bans the purchase and possession of LCMs, in addition to the manufacture, import, and sale prohibited by
     Washington's law.

1

ATTORNEY GENERAL OF WASHINGTON
COMPLEX Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

Second Amendment challenge. *Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021) (*en banc*). As Plaintiffs acknowledged in their Complaint in this matter, that ruling effectively disposed of this suit. Dkt. # 1 ¶ 5. However, in 2022, the Supreme Court vacated the *Duncan en banc* ruling and remanded for further proceedings in light of *New York State Rifle and Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *Duncan v. Bonta*, 142 S. Ct. 2895 (2022); *Duncan v. Bonta*, 49 F.4th 1228 (9th Cir. 2022) (remanding to the district court for further proceedings).

On remand, the same district court once again struck down California's law and issued a permanent injunction against its enforcement. *Duncan v. Bonta*, No. 17-cv-1017-BEN, 2023 WL 6180472 (S.D. Cal. Sept. 22, 2023). Plaintiffs relied heavily on this ruling in their opposition to the Defendants' motions for summary judgment. Dkt. # 133 at 4, 9, 16. But on September 28, the original *en banc* court[2] issued an order "elect[ing] to accept [*Duncan*] as a comeback [case]," pursuant to Ninth Cir. Gen. Order 3.6(b), and on October 10, the *en banc* court stayed the California district court's order pending appeal, concluding that California was likely to succeed on the merits. *Duncan v. Bonta*, No. 23-55805, Order (Dkt. # 3) (9th Cir. Sept. 28, 2023); *Duncan v. Bonta*, --- F. 4th ---, 2023 WL 6588623 (9th Cir. Oct. 10, 2023).

The forthcoming *en banc* opinion will almost certainly bear directly on this case. The Moving Defendants therefore believe a stay is appropriate pending a ruling by the *en banc* Court of Appeals.

## II.    ARGUMENT

### A.    Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In exercising its discretion to enter a stay, a court should balance the competing interests of the parties, including

---

[2] One of the judges on the original *en banc* panel has since resigned, and a new judge was drawn to replace him. Dkt. # 3 at 1 n.1, *Duncan v. Bonta*, Case No, 23-55805

MOTION
TO STAY
NO. 3:22-cv-05403-DGE

2

ATTORNEY GENERAL OF WASHINGTON
COMPLEX Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1   "[(1)] the possible damage which may result from the granting of a stay, [(2)] the hardship or

2   inequity which a party may suffer in being required to go forward, and [(3)] the orderly course

3   of justice measured in terms of the simplifying or complicating of issues, proof, and questions

4   of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098,

5   1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)); *see also*

6   *Gates v. King Cnty.*, No. C19-1185-JCC-MLP, 2021 WL 6494798, at *1 (W.D. Wash. Dec. 2,

7   2021); *Enriquez v. U.S. Citizenship & Immigration Servs.*, No. 2:23-CV-00097-TL, 2023 WL

8   2873885, at *2 (W.D. Wash. Mar. 15, 2023). Courts in this district routinely grant stays where

9   a decision from a higher court is anticipated to provide guidance on a pending issue. *E.g.*, *Borden*

10  *v. eFinancial, LLC*, No. C19-1430JLR, 2020 WL 7324815, at *2 (W.D. Wash. Oct. 16, 2020);

11  *Rittmann v. Amazon.com Inc.*, No. C16-1554-JCC, 2017 WL 1079926, at *2 (W.D. Wash. Mar.

12  22, 2017); *Centeno v. Inslee*, 310 F.R.D. 483, 491 (W.D. Wash. 2015). Here, because *Duncan* is

13  likely to decisively resolve key issues that bear directly on this suit, the stay factors tip sharply

14  toward staying this case pending the *en banc* court's resolution of *Duncan*.

15  **B.      Only Plaintiffs Oppose a Stay**

16          No party opposes a stay except Plaintiffs.[3] But in rejecting Moving Defendants' offer of

17  a stipulated stay, Plaintiffs declined to provide any rationale for their objection. Hughes Decl.

18  Ex. A.

19  **C.      A Stay Will Promote the Orderly Course of Justice Because *Duncan* Will, at a Minimum, Narrow and Clarify the Issues this Court Needs to Decide**

20          A stay is warranted for straightforward reasons: because the pending *en banc* decision

21  will be binding on this Court, the resources of the Court and parties would not be well spent in

22  continuing to litigate this case without the benefit of the Ninth Circuit's forthcoming decision.

23  *Duncan* raises largely the same issues as this suit (although California's LCM prohibition is

24

25  _____

26          [3] The Grays Harbor Defendants do not oppose a stay on the merits, but do oppose a stay of their motion for summary judgment regarding Plaintiffs' claim for damages under § 1983. Hughes Decl. Ex. A. Because that issue is not likely to be affected by *Duncan*, the Moving Defendants agree that a stay of that issue is unnecessary.

MOTION                                                    3                    ATTORNEY GENERAL OF WASHINGTON
TO STAY                                                                        COMPLEX Litigation Division
NO. 3:22-cv-05403-DGE                                                          7141 Cleanwater Drive SW
                                                                               PO Box 40111
                                                                               Olympia, WA 98504-0111
                                                                               (360) 709-6470

somewhat broader than Washington's insofar as it bans possession of LCMs). The *Duncan en banc* court will be asked to decide whether LCMs are arms or accessories. *See Duncan*, 2023 WL 6180472, at *7. If arms, the *en banc* court will need to decide whether LCMs are otherwise covered by the text of the Second Amendment, including whether they are arms that are commonly used for self-defense and that are not most useful in military service or dangerous and unusual. *See id.* at *10, *16. And if the *en banc* court concludes that the *Duncan* plaintiffs have met their burden under *Bruen's* first step, it will need to conduct the analogical historical analysis called for by *Bruen's* second step. *Id.* at *20. These are, of course, the key questions this Court will need to address as well.

Nested within these tentpole questions are numerous ancillary questions about, for example, who bears the burden to show whether a weapon is "dangerous and unusual," what it means to "use" a weapon in self-defense, and what weight to give to historical analogues post-dating the Fourteenth Amendment. *See id.* at *10, 16, 22. These questions are all before this Court, and *Duncan* will likely decide or give necessary guidance on many, if not all, of them.

In short, the *Duncan en banc* opinion will address many of the issues this Court is being asked to decide. And although it is possible that differences in the factual records assembled by the parties, or between California's statute and Washington's, will mean that *Duncan* might not directly control, the *en banc* opinion is very likely to at least provide controlling guidance on how this Court should apply *Bruen* to laws regulating LCMs, and how it should evaluate the evidence in this record.[4]

Plaintiffs' own pleadings make clear just how important the resolution of *Duncan* will likely be to deciding this case. Plaintiffs rely heavily on *Duncan* in their opposition to Defendants' motions for summary judgment. Dkt. #133 at 4, 9, 16; *see also id.* at 11 (citing

---

[4] *Duncan* even involves many of the same experts as this suit, although the *Duncan* expert reports might not reflect the most up-to-date research. *Id.* at *4 (citing testimony of Prof. Lou Klarevas); *12 (discussing testimony of Lucy Allen); *18 n.138 (discussing testimony of Profs. Robert Spitzer and Saul Cornell); *34 n.224 (citing testimony of Prof. Dennis Baron).

MOTION
TO STAY
NO. 3:22-cv-05403-DGE

4

ATTORNEY GENERAL OF WASHINGTON
COMPLEX Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    *Duncan v. Bonta*, 970 F.3d 1133, 1142 (9th Cir. 2020), *rev'd on reh'g en banc*, 19 F.4th 1087

2    (2021), *vacated and remanded in light of Bruen*, 142 S. Ct. 2895, 49 F.4th 1228 (2022)). And in

3    their Complaint, "Plaintiffs acknowledge[d]" that the prior *en banc* ruling in *Duncan* "rejected"

4    the very claims they are making in this suit, but nonetheless "believe[d] that case was wrongly

5    decided," and so "institute[d] this litigation to … seek to have *Duncan* overruled by a court

6    competent to do so." Dkt. #1 ¶ 5. Plaintiffs' repeated admissions that *Duncan* impacts—if not

7    outright controls—the outcome here, belies any argument now that a stay is inappropriate.

8    **D.      A Stay Will Benefit the Parties and Will Not Prejudice Any Party**

9             For essentially the same reasons, a stay will benefit the parties. Although summary

10   judgment is now fully briefed, if a stay is not granted, the parties can expect to devote

11   considerable resources to preparing for argument on their cross-motions, should this Court order

12   it. And of course, in the event this Court does not decide the case on summary judgment, trial

13   will require substantial investments of time and money by the Court and all parties. Without the

14   benefit of a stay, the parties will inevitably devote significant time to preparing for issues that

15   will be affected—if not disposed of by *Duncan*. A relatively brief stay pending resolution of

16   *Duncan* will avoid this waste, and enable the parties to focus their energies on the issues that

17   remain in dispute following the *en banc* court's ruling.

18            On the flip side, no prejudice would result from a stay. When Plaintiffs advised

19   Defendants of their opposition to a stay, they did not provide any reason for this, including

20   prejudice. Nevertheless, Plaintiffs may argue that they are prejudiced by any delay in having

21   their claims adjudicated. It is notable, however, that Plaintiffs have never sought preliminary

22   injunctive relief in this matter after initially filing suit well over a year ago. *Cf. Brumback v.*

23   *Ferguson*, 1:22-CV-03093-MKD, 2023 WL 6221425 (E.D. Wash. Sept. 25, 2023) (denying

24   motion for preliminary injunction in a parallel challenge to SB 5078). Indeed, the individual

25   plaintiffs allege that they already own multiple LCMs, *see* Dkt. # 42 (FAC) ¶¶ 11, 12—and SB

26

5

ATTORNEY GENERAL OF WASHINGTON
COMPLEX Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1  5078 does not in any way affect their right to possess and use LCMs acquired prior to the law's

2  effective date. Nor would Plaintiffs be prejudiced by any procedural unfairness, because the

3  Moving Defendants are not seeking a stay of the remainder of the summary judgment briefing

4  schedule; rather, they are filing their final summary judgment reply brief concurrently with this

5  motion in the interest of fairness to Plaintiffs.

6        Moreover, because of the all-but-certain impact *Duncan* will have on this case, it is

7  highly unlikely that denial of a stay will actually result in faster resolution. Practically speaking,

8  one of three things can happen in this case absent a stay: (1) the Court will grant summary

9  judgment to Defendants, preserving the status quo, in which case a stay would have had no effect

10  on Plaintiffs; (2) the Court will grant summary judgment to Plaintiffs, in which case Defendants

11  will be seeking this same stay in the Ninth Circuit that the *Duncan* defendants sought—a stay

12  the Ninth Circuit granted; or (3) the Court will deny both sides' motions for summary judgment,

13  in which case the parties will proceed to trial in the shadow of *Duncan*, and devote *significant*

14  resources to trial prep, on a timeline that will likely take longer than an *en banc* ruling. Thus,

15  even in the unlikely event Plaintiffs prevail in this Court, there is simply no realistic path in

16  which they could obtain any meaningful relief before the Ninth Circuit decides *Duncan*.

17                  **III.**    **CONCLUSION**

18        For the foregoing reasons, the Moving Defendants respectfully request that this Court

19  stay these proceedings pending the Ninth Circuit *en banc* court's decision in *Duncan v. Bonta*.

20

21

22

23

24

25

26

MOTION
TO STAY
NO. 3:22-cv-05403-DGE

6

ATTORNEY GENERAL OF WASHINGTON
COMPLEX Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1       DATED this 16th day of October 2023.

2  ROBERT W. FERGUSON          LEESA MANION
   Attorney General               King County Prosecuting Attorney

3

4  */s/ Andrew R.W. Hughes*        */s/ Ann Summers*
   ANDREW R.W. HUGHES, WSBA #49515    ANN M. SUMMERS, WSBA #21509

5  R. JULY SIMPSON, WSBA #45869      Senior Deputy Prosecuting Attorney
   WILLIAM MCGINTY, WSBA #41868     Attorney for King County Defendants

6  BRIAN HUNT ROWE, WSBA #56817     701 5th Avenue, Suite 600
   Assistant Attorneys General          Seattle, WA 98104

7  KRISTIN BENESKI, WSBA #45478      Phone: (206) 477-1120/Fax: (206) 296-8819
   First Assistant Attorney General       ann.summers@kingcounty.gov

8  Andrew.Hughes@atg.wa.gov        *Attorneys for Defendants Leesa Manion and*
   July.Simpson@atg.wa.gov          *Patti Cole-Tindall*

9  William.McGinty@atg.wa.gov
   Brian.Rowe@atg.wa.gov

10  Kristin.Beneski@atg.wa.gov
   *Attorneys for Defendants Bob Ferguson*

11  *and John R. Batiste*

12  I certify that this memorandum contains
         words, in compliance with the Local

13  Civil Rules.

14  PACIFICA LAW GROUP LLP

15

16  *s/ Zachary J. Pekelis*
   Zachary J. Pekelis, WSBA #44557

17  Kai A. Smith, WSBA #54749
   *Attorneys for Intervenor-Defendant*

18  *Alliance for Gun Responsibility*

19

20

21

22

23

24

25

26

MOTION              7         ATTORNEY GENERAL OF WASHINGTON
TO STAY                         COMPLEX Litigation Division
NO. 3:22-cv-05403-DGE             7141 Cleanwater Drive SW
                                   PO Box 40111
                              Olympia, WA 98504-0111
                                (360) 709-6470

1

**DECLARATION OF SERVICE**

2

I hereby declare that on this day I caused the foregoing document to be electronically

3

filed with the Clerk of the Court using the Court's CM/ECF System which will send notification

4

of such filing to all counsel of record.

5

I declare under penalty of perjury under the laws of the State of Washington and the

6

United States of America that the foregoing is true and correct.

7

DATED this 16th day of October 2023 at Seattle, Washington.

8

9

*/s/ Andrew R.W. Hughes*
ANDREW R.W. HUGHES, WSBA #49515
Assistant Attorney General

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION
TO STAY
NO. 3:22-cv-05403-DGE

8

ATTORNEY GENERAL OF WASHINGTON
COMPLEX Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470