HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIELLA SULLIVAN, et al.,<br><br>   *Plaintiffs,*<br> v.<br><br>BOB FERGUSON, et al.,<br><br>   *Defendants,*<br><br> and<br><br>ALLIANCE FOR GUN RESPONSIBILITY,<br><br>   *Intervenor-Defendant.* | No. 3:22-cv-05403-DGE<br><br>ALLIANCE FOR GUN RESPONSIBILITY'S REPLY IN SUPPORT OF RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>NOTE ON MOTION CALENDAR: October 16, 2023<br>ORAL ARGUMENT REQUESTED |

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF CROSS-MOTION
FOR SUMMARY JUDGMENT
3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1
II.  ARGUMENT ...................................................................................................................... 1
    A.   Plaintiffs Have Built No Record to Support Their Arguments .................................. 1
    B.   Plaintiffs Do Not Address the Post-*Bruen* Decisions Upholding LCM Regulations .. 3
    C.   Plaintiffs Misapply the "In Common Use for Self-Defense" Standard ....................... 3
    D.   Plaintiffs' "Popularity as Common Use" Standard Makes No Sense ......................... 5
    E.   Plaintiffs Conflate Claim Preclusion and Issue Preclusion ......................................... 6
III. CONCLUSION ................................................................................................................... 7
CERTIFICATE OF COMPLIANCE ............................................................................................. 8

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF CROSS-MOTION
FOR SUMMARY JUDGMENT - i
3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# TABLE OF AUTHORITIES

**Federal Cases**

*Brumback v. Ferguson*,
  No. 1:22-CV-03093-MKD, 2023 WL 6221425 (E.D. Wash. Sept. 25, 2023) .......................... 2

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ................................................................................................................ 1

*District of Columbia v. Heller*,
  554 U.S. 570 (2008) ................................................................................................................ 4

*Duncan v. Bonta*,
  --- F.4th ----, 2023 WL 6588623 (9th Cir. Oct. 10, 2023) ...................................................... 3

*Exch. Comm'n v. Stein*,
  906 F.3d 823 (9th Cir. 2018) .................................................................................................. 6

*Gospel Missions of America v. City of Los Angeles*,
  328 F.3d 548 (9th Cir. 2003) .................................................................................................. 7

*Grant v. Lamont*,
  No. 3:22-CV-01223 (JBA), 2023 WL 5533522 (D. Conn. Aug. 28, 2023) ............................ 5

*In re Ilko*,
  651 F.3d 1049 (9th Cir. 2011) ................................................................................................ 1

*Lemoge v. United States*,
  587 F.3d 1188 (9th Cir. 2009) ................................................................................................ 5

*N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*,
  142 S. Ct. 2111 (2022) ........................................................................................................ 1, 4

*Oregon Firearms Fed'n v. Kotek* (*OFF*),
   --- F. Supp. 3d. ----, No. 2:22-CV-01815-IM,
  2023 WL 4541027 (D. Or. July 14, 2023) ................................................................. 2, 3, 4, 5

*Smith v. United States*,
  508 U.S. 223 (1993) ................................................................................................................ 5

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*,
  322 F.3d 1064 (9th Cir. 2003) ................................................................................................ 7

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF CROSS-MOTION
FOR SUMMARY JUDGMENT - ii
3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Teter v. Lopez*,
   76 F.4th 938 (9th Cir. 2023) .................................................................................................. 3, 4

*United States v. Alaniz*,
   69 F.4th 1124 (9th Cir. 2023) ..................................................................................................... 4

*White v. City of Pasadena*,
   671 F.3d 918 (9th Cir. 2012) ...................................................................................................... 6

**Federal Rules**

Fed. R. Civ. P. 56(c) ........................................................................................................................ 1

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF CROSS-MOTION
FOR SUMMARY JUDGMENT - iii
3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## I.   INTRODUCTION

In setting forth a new standard, *Bruen* instructed lower courts to rely on "evidentiary principles and default rules to resolve uncertainties," as well as "our adversarial system of adjudication['s] . . . principle of party presentation." *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2129 n.5 (2022). Despite this, Plaintiffs submit no evidence and ask this Court to rule in their favor based on little more than their own say-so. Their treatment of the relevant legal standards is similarly cavalier—they ignore *Bruen*'s multi-step analysis and allocations of burdens and insist all that matters is how many LCMs have ever been sold in the United States. That is not how our adversarial system works. This Court should grant summary judgment to Defendants.

## II.   ARGUMENT

### A. Plaintiffs Have Built No Record to Support Their Arguments

Plaintiffs continue to submit no meaningful evidence to support their motion for summary judgment (and to oppose Defendants' motions). Instead, they defy basic summary judgment procedures by repeatedly referring to materials outside the record. *See* Fed. R. Civ. P. 56(c) (describing how factual positions of parties must be supported by materials in the record). "[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *In re Ilko*, 651 F.3d 1049, 1052 (9th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Notably missing from the materials considered in a summary judgment motion are unsworn statements published by advocacy groups with a financial interest in selling LCMs, *see* Dkt. #101 at 18 (citing two reports from the National Shootings Sports Federation), unpublished

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF CROSS-MOTION
FOR SUMMARY JUDGMENT - 1
3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

surveys funded by unknown sources, *see id.* at 18–19 (citing unpublished English Survey), or picture books authored by artists, Dkt. #133 at 10 (citing *Don Troiani's Soldiers of the American Revolution*). Plaintiffs cannot treat unsworn, untested, or unpublished materials as undisputed facts. *See Brumback v. Ferguson*, No. 1:22-CV-03093-MKD, 2023 WL 6221425, at *9 (E.D. Wash. Sept. 25, 2023) (declining to consider unverified internet articles, even under the relaxed evidentiary standards for a preliminary injunction, because "[t]he untested hearsay articles purport to offer historical facts and analysis without any basis for the Court to vet the accuracy of the assertions made within."). Plaintiffs cannot use these outside-the-record materials to rebut the carefully researched sworn testimony of Defendants' experts.

It is not difficult to understand why Plaintiffs do not submit any experts. When Plaintiffs SAF and FPC called a historical "expert" in their previous challenge to an LCM law, the Court determined that she "lack[ed] background and training as a historian," had "professional and personal ties to pro-gun groups and the firearms industry," and had "financial interests in the firearms industry." *Oregon Firearms Fed'n v. Kotek* (*OFF*), --- F. Supp. 3d. ----, No. 2:22-CV-01815-IM, 2023 WL 4541027, at *16 (D. Or. July 14, 2023) (lead case), *appeal docketed*, No. 23-35540 (9th Cir.). The court found the testimony the defendants' historical experts, including Professor DeLay, Professor Sweeney, Dr. Rivas, and Dr. Spitzer—all of whom have submitted declarations in support of Defendants' motions here—"significantly more credible [] and entitled to more weight . . . ." *Id.*

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF CROSS-MOTION
FOR SUMMARY JUDGMENT - 2
3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**B. Plaintiffs Do Not Address the Post-*Bruen* Decisions Upholding LCM Regulations**

Plaintiffs fail to address the many district court decisions rejecting their same arguments in challenges to LCM laws that are similar to Washington's. Instead, they point to *Teter v. Lopez*, 76 F.4th 938 (9th Cir. 2023), and claim that it resolves this entire suit. Dkt. #133 at 12–18. They ignore that *Teter* examined a law banning butterfly knives, "a tool that has been used by Americans since the early 18th century (at the very latest)." 76 F.4th at 942. *Teter*'s holding says nothing about LCMs, magazines generally, firearm accessories, or even firearms.

The Ninth Circuit recently weighed in on the question of LCMs post-*Bruen*. After a district court enjoined California's LCM law, the Ninth Circuit stayed the injunction. *Duncan v. Bonta*, --- F.4th ----, 2023 WL 6588623 (9th Cir. Oct. 10, 2023) (en banc). The same en banc panel that upheld California's LCM law before *Bruen* concluded that California's Attorney General is likely to succeed on the merits of the appeal and "makes strong arguments that [California's LCM law] comports with the Second Amendment under *Bruen*." *Id.* at *1. The Ninth Circuit also noted that the overwhelming majority of district courts addressing the question after *Bruen* have upheld LCM regulations. *Id.* (favorably citing, *inter alia*, *OFF*). The panel majority did not reference *Teter*, and Plaintiffs' almost singular reliance on it is misplaced.

**C. Plaintiffs Misapply the "In Common Use for Self-Defense" Standard**

Plaintiffs' reliance on *Teter* is doubly misplaced because they misread the case to conflict with the Supreme Court's rulings in *Heller* and *Bruen*, as well as post-*Bruen* Ninth Circuit case law. Under Plaintiffs' misreading of the cases, "common use" is not related to self-defense but is instead the equivalent of possession. Dkt. #133 at 14. They also insist that common use is not part

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF CROSS-MOTION
FOR SUMMARY JUDGMENT - 3
3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

of the textual analysis, where Plaintiffs have the burden, but instead part of the historical analysis. *Id.* at 12. They are wrong on both counts.

*Heller* held that self-defense was a central component of the Second Amendment right because "[t]he traditional militia was formed from a pool of men bringing arms in common use at the time for lawful purposes like self-defense." *District of Columbia v. Heller*, 554 U.S. 570, 624 (2008) (cleaned up). *Bruen* confirmed that the text of the Second Amendment applies to "weapons 'in common use' today for self-defense." 142 S. Ct. at 2134, 2156 (quoting *Heller*, 554 U.S. at 627). The Ninth Circuit has also confirmed that the relevant question is "whether the weapon at issue is in common use today for self-defense." *United States v. Alaniz*, 69 F.4th 1124, 1128 (9th Cir. 2023) (cleaned up).

Plaintiffs also protest that "there can be no serious argument that 'common use' is part of the 'plain text' analysis." Dkt. #133 at 14. The Ninth Circuit disagrees. In *Alaniz*, the court laid out the *Bruen* standard: "*Bruen* step one . . . requires a textual analysis, determining . . . whether the weapon at issue is 'in common use today for self-defense' . . . ." 69 F.4th at 1128. *Teter* does not hold otherwise. In *Teter*, the court dealt with the question of whether butterfly knives were "dangerous and unusual"—not whether they were commonly used for self-defense. *See* 76 F.4th at 949–50 (discussing historical tradition of prohibiting the carrying of dangerous and unusual weapons).

Plaintiffs compound their error by collapsing the "dangerous and unusual" and "commonly used for self-defense" questions into a single factor. Dkt. #133 at 22. They are separate inquiries. *OFF*, 2023 WL 4541027, at *34 ("As the Supreme Court reiterated in *Bruen*, just as weapons that are commonly used for self-defense are presumptively covered by the Second Amendment,

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF CROSS-MOTION
FOR SUMMARY JUDGMENT - 4
3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

weapons that are "dangerous and unusual" fall outside of the Second Amendment's protections."). By treating them as one factor, Plaintiffs improperly avoid the Supreme Court's instructions. *See Lemoge v. United States*, 587 F.3d 1188, 1193–94 (9th Cir. 2009) (noting that, even in the case of Supreme Court dicta, "when a Supreme Court case identifies explicitly just four factors to be considered in assessing a type of problem, then whatever else is discussed, the analysis of the lower court should normally address the factors that the Supreme Court has identified.")

### D.  Plaintiffs' "Popularity as Common Use" Standard Makes No Sense

In addition to failing to understand the legal standard for common use for self-defense, Plaintiffs fail to offer any relevant evidence to satisfy their burden on this issue. Even if the Court credits Plaintiffs' dubious extra-record sources, they go only to how many LCMs are in circulation. This has no bearing on whether they are commonly *used* for self-defense. *See OFF*, 2023 WL 4541027, at *29 ("[T]he popularity of a firearm or firearm accessory alone cannot be dispositive when considering whether that item is "'in common use today for self-defense.'"); *Grant v. Lamont*, No. 3:22-CV-01223 (JBA), 2023 WL 5533522, at *5 (D. Conn. Aug. 28, 2023) ("[M]ere statistical numerosity is insufficient . . . .'").

This case is not about firearms, or even magazines generally. It is about LCMs. For an LCM to be "used in self-defense," the gun it is attached to must be fired in self-defense more than ten times without reloading. That is the definition, and the distinctive purpose, of an LCM. *See Smith v. United States*, 508 U.S. 223, 242 (1993) ("When someone asks, 'Do you use a cane?,' he is not inquiring whether you have your grandfather's silver-handled walking stick on display in the hall; he wants to know whether you *walk* with a cane. Similarly, to speak of 'using a firearm' is to speak of using it for its distinctive purpose, *i.e.*, as a weapon.") (Scalia, J., dissenting).

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF CROSS-MOTION
FOR SUMMARY JUDGMENT - 5
3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Defendants' unrebutted record shows that LCMs are not commonly, if ever, used for self-defense. *See* Dkt. #123, Ex. 1 at 2–12.

### E. Plaintiffs Conflate Claim Preclusion and Issue Preclusion

Plaintiffs fail to appreciate the difference between claim preclusion and issue preclusion. Indeed, they conflate them in the same sentence, arguing they are not "issue-precluded by [*OFF*] from raising a Second Amendment claim against Washington's law." Dkt. #133 at 25. "Claim preclusion" provides that "a final judgment forecloses successive litigation of *the very same claim*, whether or not relitigation of the claim raises the same issues as the earlier suit." *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (emphasis added) (cleaned up). In contrast, "issue preclusion . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, *even if the issue recurs in the context of a different claim*." *Id.* (emphasis added) (cleaned up). Plaintiffs are barred from relitigating specific issues that were necessarily decided in resolving their challenge to Oregon's LCM law. These underlying issues include: whether LCMS are arms under the Second Amendment (no); whether LCMs are in common use for self-defense (no); whether LCMs represent a dramatic technological change or implicate unprecedented societal concerns (yes to both); and whether there are historical analogs to restrictions on the sale of LCMs (yes).

These issues were necessarily decided in resolving Plaintiffs' challenge to Oregon's law, and they satisfy the four factors to determine whether issue preclusion applies: (1) overlapping evidence and argument, (2) same rule of law, (3) overlap in pretrial preparation, and (4) similarity of claims. *See Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 828–29 (9th Cir. 2018).

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF CROSS-MOTION
FOR SUMMARY JUDGMENT - 6
3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

All four factors counsel in favor of barring Plaintiffs from relitigating these issues. Plaintiffs arguments—indeed, even their complaints—are identical to those they raised in Oregon and they present no new evidence or rules of law. Pretrial preparation for both has dealt with national trends in firearm accessory possession and use, as well as historical regulation of the same. Finally, the cookie-cutter nature of their two complaints and legal arguments undercuts any argument that the claims in *OFF* are unrelated, even if they involved a separate, similar law.

Plaintiffs' arguments regarding privity are also misguided. The discussion of privity and organizational plaintiffs in *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 556–57 (9th Cir. 2003), was not limited to cases where the organizational plaintiffs attempted to use collateral estoppel offensively. The court listed several independent reasons the organization could be in privity with its members, one of which was "[i]n its complaint, [the organization] alleged that all the individual plaintiffs are members of the organization, thus admitting these twenty individual plaintiffs are in privity." *Id.* at 557. This application of issue preclusion prevents organizations from reaping the rewards of associational standing while avoiding the potential costs of collateral estoppel through artful recruiting of various members to different lawsuits. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1082 (9th Cir. 2003) ("[I]f there is no conflict between the organization and its members, and if the organization provides adequate representation on its members' behalf, individual members not named in a lawsuit *may* be bound by the judgment won or lost by their organization.").

### III.   CONCLUSION

The Court should enter summary judgment in Defendants' favor.

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF CROSS-MOTION
FOR SUMMARY JUDGMENT - 7
3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# CERTIFICATE OF COMPLIANCE

I certify that this response complies with the applicable word-count limitation set by Order, Dkt. #100, and contains 2,094 words.

DATED this 16th day of October, 2023.

PACIFICA LAW GROUP LLP

*s/ Zachary J. Pekelis*
Zachary J. Pekelis, WSBA #44557
Kai A. Smith, WSBA #54749

*Attorneys for Intervenor-Defendant*
*Alliance for Gun Responsibility*

ALLIANCE FOR GUN RESPONSIBILITY'S
REPLY IN SUPPORT OF CROSS-MOTION
FOR SUMMARY JUDGMENT - 8
3:22-cv-05403-DGE

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750