THE HONORABLE DAVID G. ESTUDILLO

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GABRIELLA SULLIVAN; RAINIER ARMS, LLC; SECOND AMENDMENT FOUNDATION; and FIREARMS POLICY COALITION, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> BOB FERGUSON, in his official capacity as Washington State Attorney General; JOHN R. BATISTE, in his official capacity as Chief of the Washington State Patrol; PATTI COLE-TINDALL, in her official capacity as Interim Sheriff for King County, Washington; JOHN GESE, in his official capacity as Sheriff for Kitsap County, Washington; RICK SCOTT, in his official capacity as Sheriff for Grays Harbor County, Washington; DAN SATTERBERG, in his official capacity as County Prosecutor for King County, Washington; CHAD M. ENRIGHT, in his official capacity as County Prosecutor for Kitsap County, Washington; and KATIE SVOBODA, in her official capacity as County Prosecutor for Grays Harbor County, Washington, <br><br> *Defendants*. | No. 3:22-cv-05403-DGE <br><br> OPPOSITION TO MOTION TO STAY |

OPPOSITION TO MOTION TO STAY - i
*SULLIVAN V. FERGUSON*, NO. 3:22-cv-05403-DGE

ARD LAW GROUP PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

# I. ARGUMENT.

The State has moved to stay this case pending the *en banc* Ninth Circuit's resolution of *Duncan v. Bonta*, No. 23-55805 (9th Cir. Sept. 22, 2023). *See* Mot. to Stay, Doc. 138 (Oct. 16, 2023) ("Mot."). Before entering a stay, this Court must consider the interests of the parties, specifically "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quotations omitted). The State devotes almost the entirety of its submission to arguing that *Duncan* is likely to substantially simplify (if not completely resolve) the legal questions at the center of this case. Plaintiffs do not dispute the point. However, in this case, the other factors weigh strongly against a stay and so it should be denied.

First, while the legal issues in this case overlap with those in *Duncan*, a stay is not automatic in these circumstances. Even where courts have found a stay appropriate on these grounds, they have not treated overlapping legal issues as dispositive but have only entered a stay where, in addition, the balance of hardships favored one. *See, e.g.*, *Rittman v. Amazon* No. 16-cv-1554, 2017 WL 1079926, at *2 (W.D. Wash. March 22, 2017).

Second, this case involves the ability of Plaintiffs to purchase and use commonly owned firearm magazines. As Plaintiffs have explained at length in their summary judgment briefs in this case, the Washington laws at issue infringe the fundamental right to keep and bear arms. *See generally*, Pls.' Mot. for Summ. J., Doc. 101 (Aug. 7, 2023) ("Pls.' Summ. J."); *see also Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.' " (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). The State attempts to minimize the hardship to Plaintiffs in its motion for a stay—noting that Plaintiff Sullivan already owns certain banned magazines, *see* Mot. at 5—but this *blasé* way of characterizing Sullivan's injury is inappropriate given the Supreme Court's clear instruction that "[i]t is no answer to say" that an individual's Second Amendment rights are not

Opposition to Motion to Stay - 1

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

violated when the government leaves what it deems to be sufficient avenues open for exercising them. *District of Columbia v. Heller*, 554 U.S. at 570, 629 (2008). This argument also ignores the ongoing financial harm incurred by Rainier Arms, which is losing profits as it abides by the Magazine Ban. Pls.' Summ. J. at 4. And the State's insinuation that these harms should not be recognized because Plaintiffs made the strategic decision not to seek a preliminary injunction in this case should be disregarded. *See* Mot. at 5. It is one thing to have to wait until this Court has had a chance to resolve the issues to get relief, but it is another to have to wait, at this point, for the *en banc* Ninth Circuit to resolve them.

On the other hand, there is *no* harm to the State from resolving this case with alacrity. The parties' competing summary judgment motions are fully briefed, there is no more work to be done except to decide them. In the other cases the State cites where a stay was granted, the courts noted that the moving party had something to gain from a stay because litigation was ongoing. *See, e.g.*, *Borden v. eFinancial, LLC*, No. 19-cv-1430, 2020 WL 7324815, at *2 n.1 (W.D. Wash. Oct. 16, 2020) (noting that discovery was ongoing and class certification was upcoming); *see also* Mot. at 3 (citing same). The State will not have to expend any more time or effort on this case in this Court, so its motion should be denied.

The State raises the concern that, if the Court does not resolve this case on summary judgment "trial will require substantial investments of time and money by the Court and all parties." Mot. at 5. Given that *everyone* agrees these issues can be resolved without trial and this Court has suspended all pretrial deadlines pending resolution of the dispositive motions, *see* Order re Stipulated Mot. Extending Deadlines, Doc. 100 at 2 (July 10, 2023), Plaintiffs view this contingency as highly unlikely, and, if it came to pass, Plaintiffs may be willing to consent to a stay to avoid the expense of a trial while *Duncan* is pending. But it has not come to pass yet, it is conjectural. At this point in time, the State gains *nothing* from a stay, but Plaintiffs experience a continued deprivation of their constitutional rights.

Third, *Duncan* is one of several cases in this Circuit (to say nothing of the federal courts generally) currently raising similar issues to this one. *See, e.g.*, *Fitz v. Rosenbloom*, No. 23-35478

Opposition to Motion to Stay - 2

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

1  (9th Cir. Aug. 17, 2023). Those other cases have not been stayed (and, like this one, should not be
2  stayed). They all involve the application of a Second Amendment standard that was only recently
3  clarified by the Supreme Court. Although Plaintiffs respectfully believe the issues are strongly in
4  their favor and clear, they recognize that their view is not universal and that these cases do raise
5  complex legal issues that have not been settled by the federal courts. In such a circumstance, this
6  Court's views may be helpful to the Ninth Circuit, and it should not withhold providing them on
7  the fully developed record before it.

## II. Conclusion.

9  The Court should deny the request for a stay and resolve the pending, fully briefed, motions
10 for summary judgment.

11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///

Opposition to Motion to Stay - 3

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

October 23, 2023.

| Ard Law Group PLLC | Cooper & Kirk, PLLC |
|---|---|
| By: *[signature]* | /s/ David H. Thompson |
| | David H. Thompson* |
| Joel B. Ard, WSBA # 40104 | dthompson@cooperkirk.com |
| Ard Law Group PLLC | |
| P.O. Box 11633 | /s/ Peter A. Patterson |
| Bainbridge Island, WA 98110 | Peter A. Patterson* |
| 206.701.9243 | ppatterson@cooperkirk.com |
| Joel@Ard.law | |
| Attorneys For Plaintiffs | /s/ William V. Bergstrom |
| | William V. Bergstrom* |
| | wbergstrom@cooperkirk.com |
| | |
| | 1523 New Hampshire Avenue, N.W. |
| | Washington, D.C. 20036 |
| | (202) 220-9600 |
| | (202) 220-9601 (fax) |
| | |
| | Mountain States Legal Foundation |
| | |
| | /s/ Brian A. Abbas |
| | Brian A. Abbas* |
| | 2596 S. Lewis Way |
| | Lakewood, CO 80227 |
| | Phone: (303) 292-2021 |
| | |
| | FPC Action Foundation |
| | |
| | /s/ Cody J. Wisniewski |
| | Cody J. Wisniewski*,† |
| | |
| | 5550 Painted Mirage Road, Suite 320 |
| | Las Vegas, NV 89149 |
| | Phone: (916) 517-1665 |
| | |
| | *Admitted pro hac vice |
| | † Not appearing on behalf of Second Amendment Foundation |

Opposition to Motion to Stay

*Sullivan v. Ferguson*, No. 3:22-cv-05403-DGE

Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243