The Honorable David G. Estudillo

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| GABRIELLA SULLIVAN, et al., | NO. 3:22-cv-05403-DGE |
| Plaintiffs, | REPLY IN SUPPORT OF MOTION TO STAY |
| v. | |
| BOB FERGUSON, in his official capacity as Washington State Attorney General, et al., | NOTE ON MOTION CALENDAR: November 17, 2023 at 11:00 a.m. |
| Defendants, | |
| ALLIANCE FOR GUN RESPONSIBILITY, | |
| Intervenor-Defendant. | |

Plaintiffs concede that the 9th Circuit forthcoming *en banc* decision in *Duncan v. Bonta* "is likely to substantially simplify (if not completely resolve) the legal questions at the center of this case." Dkt. # 141 at p. 2. Plaintiffs nonetheless oppose a stay on the ground that it will supposedly prejudice them. None of their arguments should prevent this Court from reaching the common-sense conclusion that a stay is appropriate here.

Plaintiffs argue first that a stay is inappropriate because Washington's law supposedly infringes their "fundamental right" to purchase more deadly LCMs, and so any delay prejudices them. *Id.* But this argument not only fails on the merits (*see generally* Dkts. ## 110, 125, 131-1, 136, 137, 138), it is fundamentally undermined by the *en banc* court's decision to stay the district court's ruling in *Duncan*. *Duncan v. Bonta*, 83 F.4th 803, 806 (9th Cir. 2023). If a stay is

REPLY IN SUPPORT OF MOTION TO STAY
NO. 3:22-cv-05403-DGE

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

appropriate in that case, following a ruling in plaintiffs' favor, it is *a fortiori* appropriate here, where this Court has yet to consider the merits.

Plaintiffs also assert that "the [Moving Defendants] gain[] *nothing* from a stay" because "*everyone* agrees these issues can be resolved without trial." Dkt. # 141 at p. 3 (emphasis in original). But not *everyone* has agreed: this Court hasn't, and this Court is the one who decides whether a trial is necessary. While trial deadlines have been stayed pending a ruling on the parties' cross-motions for summary judgment, Moving Defendants are continuing to prepare for trial unless and until this Court tells them these preparations are unnecessary.

Moreover, Plaintiffs completely ignore the unnecessary burden to this Court in proceeding without a stay. Absent a stay, this Court will expend its resources analyzing the parties' arguments and reviewing Moving Defendants' expert reports, all without the benefit of the clarity the *en banc* court will soon provide—and with the possibility that this Court will have to re-do some or all of that work after the *en banc* court rules. This expenditure of the Court's resources certainly merits consideration in determining whether a stay is appropriate.[1] *See, e.g.*, *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("[S]ound reasons may exist . . . to stay the action under the [district court's] powers to control its own docket and to provide for the prompt and efficient determination of the cases pending before it."); *Centeno v. Inslee*, 310 F.R.D. 483, 491 (W.D. Wash. 2015) (concluding a stay was appropriate pending a Supreme Court ruling on a critical issue because "judicial economy would be served by avoiding the need to consider [a party's] fact-intensive arguments" and "the reasoning the Supreme Court uses in discussing . . . the central question in this case[ ]is highly likely to influence this Court's understanding of the issue").

Finally, Plaintiffs assert a stay is inappropriate because "this Court's views may be helpful to the Ninth Circuit" in deciding *Duncan*. Dkt. # 141 at p. 3. As the *Duncan* Court noted, however,

---

[1] And as the Moving Defendants already noted, the fact that summary judgment is fully briefed does not mean there is no more work to be done; oral argument, if desired by the Court, will require significant preparation. Dkt. # 138 at p. 5.

REPLY IN SUPPORT OF MOTION TO STAY
NO. 3:22-cv-05403-DGE

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1  "ten other federal district courts have considered a Second Amendment challenge to large-
2  capacity magazine restrictions since *Bruen* was decided." *Duncan*, 83 F.4th at 806. Additionally,
3  both the First and Seventh Circuits have already heard oral argument in post-*Bruen* LCM cases,
4  and are likely to issue opinions shortly. *See Ocean State Tactical, LLC v. State of Rhode Island*,
5  Case No. 23-1072; *Bevis v. City of Naperville*, Case No. 23-1353. With all of this case law
6  already or soon to be at the *Duncan* court's disposal, the resources this Court would spend on
7  this case absent a stay are likely better spent elsewhere.
8       Ultimately, given the similarities between this case and *Duncan*, it is difficult to see what
9  Plaintiffs hope to gain by opposing a stay. *Duncan* is likely to significantly clarify, if not
10 effectively resolve, this case within a few short months. A stay is appropriate here.
11      DATED this 27th day of October 2023.

ROBERT W. FERGUSON  
Attorney General

/s/ Andrew R.W. Hughes  
ANDREW R.W. HUGHES, WSBA #49515  
R. JULY SIMPSON, WSBA #45869  
WILLIAM MCGINTY, WSBA #41868  
BRIAN HUNT ROWE, WSBA #56817  
Assistant Attorneys General  
KRISTIN BENESKI, WSBA #45478  
First Assistant Attorney General  
Andrew.Hughes@atg.wa.gov  
July.Simpson@atg.wa.gov  
William.McGinty@atg.wa.gov  
Brian.Rowe@atg.wa.gov  
Kristin.Beneski@atg.wa.gov  
*Attorneys for Defendants Bob Ferguson and John R. Batiste*

LEESA MANION (she/her)  
King County Prosecuting Attorney

/s/ Ann M. Summers  
ANN M. SUMMERS, WSBA #21509  
Senior Deputy Prosecuting Attorney  
Ann.Summers@kingcounty.gov  
*Attorneys for King County Defendants Leesa Manion and Patti Cole-Tindall*

PACIFICA LAW GROUP LLP

s/ Zachary J. Pekelis  
Zachary J. Pekelis, WSBA #44557  
Kai A. Smith, WSBA #54749  
*Attorneys for Intervenor-Defendant Alliance for Gun Responsibility*

I certify that this memorandum contains 692 words, in compliance with the Local Civil Rules.

REPLY IN SUPPORT OF MOTION TO STAY  
NO. 3:22-cv-05403-DGE

3

ATTORNEY GENERAL OF WASHINGTON  
Complex Litigation Division  
7141 Cleanwater Dr SW  
PO Box 40111  
Olympia, WA 98504-0111  
(360) 709-6470

**DECLARATION OF SERVICE**

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will send notification of such filing to all counsel of record.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 27th day of October 2023 at Seattle, Washington.

*/s/ Andrew R.W. Hughes*
ANDREW R.W. HUGHES, WSBA #49515
Assistant Attorney General

REPLY IN SUPPORT OF MOTION TO STAY
NO. 3:22-cv-05403-DGE

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Dr SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470